WO

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

United States of America
v.

Abdul Malik Abdul Kareem

***ORDER OF DETENTION PENDING TRIAL***

Case Number:  CR-15-00707-PHX-SRB (MHB)

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts are established: *(Check one or both, as applicable.)*

☒ by clear and convincing evidence the defendant is a danger to the community and require the detention of the defendant pending trial in this case.

☒ by a preponderance of the evidence the defendant is a serious flight risk and require the detention of the defendant pending trial in this case.

## PART I -- FINDINGS OF FACT

☐ (1) 18 U.S.C. §3142 (e)(2)(A): The defendant has been convicted of a (federal offense)(state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

  ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).

  ☐ an offense for which the maximum sentence is life imprisonment or death.

  ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____ [1]

  ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.

  ☐ any felony that involves a minor victim or that involves the possession or use of a firearm or destructive device (as those terms are defined in section 921), or any other dangerous weapon, or involves a failure to register under 18 U.S.C. §2250.

☐ (2) 18 U.S.C. §3142(e)(2)(B): The offense described in finding 1 was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) 18 U.S.C. §3142(e)(2)(C): A period of not more than five years has elapsed since the (date of conviction)(release of the defendant from imprisonment) for the offense described in finding 1.

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings

☐ (1) 18 U.S.C. 3142(e)(3): There is probable cause to believe that the defendant has committed an offense

  ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____ [1]

  ☐ under 18 U.S.C. § 924(c), 956(a), or 2332b.

  ☐ under 18 U.S.C. 1581-1594, for which a maximum term of imprisonment of 20 years or more is prescribed.

  ☐ an offense involving a minor victim under section _____ .[2]

☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

---

[1] Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 et seq.); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 et seq.); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

[2] Insert as applicable 18 U.S.C. §§1201, 1591, 2241-42, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252(a)(4), 2260, 2421, 2422, 2423, or 2425.

**Alternative Findings**

☒ (1) There is a serious risk that the defendant will flee; no condition or combination of conditions will reasonably assure the appearance of the defendant as required.

☒ (2) No condition or combination of conditions will reasonably assure the safety of others and the community.

☐ (3) There is a serious risk that the defendant will (obstruct or attempt to obstruct justice) (threaten, injure, or intimidate a prospective witness or juror).

☐ (4) _____

**PART II -- WRITTEN STATEMENT OF REASONS FOR DETENTION**
*(Check one or both, as applicable.)*

☒ (1) I find that the credible testimony and information[3] submitted at the hearing establishes by clear and convincing evidence as to danger that:

The defendant has been indicted on three counts: conspiracy to transport firearms and ammunition in interstate commerce with the intent to commit certain crimes, including murder; transporting firearms and ammunition in interstate commerce with the intent to commit certain crimes, including murder and aggravated assault; and willfully making false statements. The overt acts alleged in the indictment are related to the May 3, 2015 attack on the Muhammad Art Exhibit and Contest in Garland, Texas, in which Elton Simpson and Nadir Soofi fired assault rifles at security personnel and law enforcement, and were shot and killed.  The government asserts that the defendant faces a potentially lengthy prison sentence, if convicted.  One of the three charges has a statutory maximum term of imprisonment of ten years.  In addition, based on the government's guidelines calculation, the defendant could be sentenced to 63 to 78 months of imprisonment.  The Court finds that this exposure to a significant prison sentence provides incentive for the defendant to flee prosecution and that any motivation to flee increased after indictment.

The pretrial services report indicates that the defendant is a United States citizen, he has resided in the Phoenix area for nineteen years, and is self-employed.  The pretrial services report also indicates that the defendant reported he was shot in 2009 and received treatment for post traumatic stress disorder.  He reported past use of marijuana and cocaine, but no current substance abuse issues.  The Court agrees with pretrial services that the defendant's mental health and substance abuse history are concerning.  The Court finds that defendant's ties to the community favor release, but concludes that these factors are outweighed by the evidence, discussed below, that defendant has a history of failing to comply with court orders (probation violations and possessing firearms while being a prohibited possessor), and that he poses a danger to the community based on his conduct (association with weapons that were recovered at Garland, Texas attack, attempts to acquire materials for pipe bombs, silencers, and body armor, and possession of incendiary material advocating attacks on civilians).

His criminal history includes three convictions for DUI, the most recent in 2004, and three occasions on which his probation was violated or reinstated, although this occurred some time ago.  By proffer and the testimony of FBI Special Agent McCarthy, the government offered evidence that the defendant, a prohibited possessor, had two firearms and a bullet proof vest in his possession when he was arrested and he admitted that he owned these weapons and the vest.  One firearm was in his vehicle when he was arrested, the other was in his home, and the bullet proof vest was in his home.  The Court finds that defendant's past conduct (violating

---

[3] The rules concerning admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the [detention] hearing. 18 U.S.C. § 3142(f).  See 18 U.S.C. § 3142(g) for the factors to be taken into account.

probation), and his recent conduct (possessing firearms despite his status as a prohibited possessor as a convicted felon), establishes a pattern of disregarding court orders.  The Court finds that there is a substantial likelihood that the defendant would again disregard court orders and any release conditions the court imposed, such as prohibiting possession of firearms or ammunition, would be disregarded and violated.  Therefore, based on the defendant's motivation to flee, his criminal history, and his recent possession of firearms and a bullet proof vest, the Court concludes that the defendant poses a risk of flight that cannot be reasonably addressed by conditions.

   Through Agent McCarthy's testimony and proffer, the government also offered information from a confidential source (CS) and a confidential witness (CW) that earlier this year (in approximately January and February 2015) the defendant attempted to purchase materials to make pipe bombs, silencers, and body armor from the CS, that the defendant discussed with the CS plans to go to Texas with Simpson and Soofi for the May 3, 2015 attack, that the defendant told the CS that he wanted to join ISIS and had watched ISIS videos with Simpson and Soofi, that the defendant discussed with the CS a possible attack on the 2015 Superbowl in Glendale, Arizona.   The government also presented a partial transcript of a recorded call between the defendant and the CS on May 8, 2015 in which they discuss the purchase of unidentified items for various prices.  The government asserts that this was a coded conversation and that the defendant and the CS were discussing the purchase of pipe bombs.  The defendant argued that the CS was not a reliable source, was paid for information, was facing serious charges, and was a "snitch."  The government also offered information from the CW that he (the CW) had gone to the desert with the defendant, Simpson, and Soofi to shoot rifles as training.  The CW identified three of the rifles recovered from the May 3, 2015 Garland, Texas attack as rifles that he, the defendant, Simpson, and Soofi used for training while shooting in the desert.  The defendant did not make any arguments to attack the CW's credibility or reliability.

   The government also offered information that in 2012 a computer and a flash drive were seized during a search of the defendant's residence, which he shared with two roommates.  The defendant acknowledged that he owned the computer, but he denied that he owned the flash drive. The defendant acknowledged that the flash drive was inserted into the computer at the time the computer was seized.  The documents and videos on the computer and flash drive advocated ideologically motivated violence against civilians.  Based on the information presented about the defendant's conduct and discussions with the CS and CW, and the nature of the information contained on the computer and the flash drive, the Court concludes that the defendant poses a danger to the community that cannot be reasonably addressed by conditions. Defense counsel argued conditions such as location monitoring or placing the defendant in the custody of a third party could address any risks. However, the defendant had not identified a possible third-party custodian and pretrial services had not determined that there is a suitable third-party custodian.  The defendant also did not provide any information to support the feasibility of location monitoring and pretrial services had not conducted an evaluation of the defendant's residence to determine if such monitoring was possible.  Nonetheless, even if an appropriate third-party custodian were identified and willing to serve in that capacity, and even if location monitoring were possible, these conditions would only possibly address the risk of flight and would not address the danger to the community.

   Pretrial services concluded that the defendant poses a risk of flight and danger, but recommended release on conditions.  However, the pretrial services officer acknowledged at the detention hearing that when she was preparing the report she did not have or consider the information the government offered at the detention hearing. The Court finds that the pretrial services recommendation to release on conditions was not based on all of the information that was presented to the Court.  The Court finds that the defendant poses both a

<u>risk of flight and a danger to the community and that there are no conditions that can reasonably address these risks.</u>

☒ (2) I find that a preponderance of the evidence as to risk of flight that:

☐ The defendant has no significant contacts in the District of Arizona.

☐ The defendant has no resources in the United States from which he/she might make a bond reasonably calculated to assure his/her future appearance.

☒ The defendant has a prior criminal history.

☐ There is a record of prior failure to appear in court as ordered.

☐ The defendant attempted to evade law enforcement contact by fleeing from law enforcement.

☐ The defendant is facing a minimum mandatory of _____ incarceration and a maximum of _____.

☐ The defendant does not dispute the information contained in the Pretrial Services Report, except:

☒ In addition:

*See* the written statement of reasons for detention, above, for reasons supporting finding that the defendant poses a risk of flight.

The Court incorporates by reference the findings of the Pretrial Services Agency which were reviewed by the Court at the time of the hearing in this matter.

## PART III -- DIRECTIONS REGARDING DETENTION

The defendant is committed to the custody of the Attorney General or his/her designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

## PART IV -- APPEALS AND THIRD PARTY RELEASE

IT IS ORDERED that should an appeal of this detention order be filed with the District Court, it is counsel's responsibility to deliver a copy of the motion for review/reconsideration to Pretrial Services at least one day prior to the hearing set before the District Court. Pursuant to Rule 59(a), FED.R.CRIM.P., effective December 1, 2009, Defendant shall have fourteen (14) days from the date of service of a copy of this order or after the oral order is stated on the record within which to file specific written objections with the district court. Failure to timely file objections in accordance with Rule 59(a) may waive the right to review. 59(a), FED.R.CRIM.P.

IT IS FURTHER ORDERED that if a release to a third party is to be considered, it is counsel's responsibility to notify Pretrial Services sufficiently in advance of the hearing before the District Court to allow Pretrial Services an opportunity to interview and investigate the potential third party custodian.

DATED this 17th day of June, 2015.

_____
Bridget S. Bade
United States Magistrate Judge