CR15-00707-PHX-SRB    JURY TRIAL-DAY #18    3-16-16

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

_____

United States of America,   )
                            )
          plaintiff.        ) **APPEAL**
                            ) **CR15-00707-PHX-SRB**
     vs.                    ) Phoenix, Arizona
                            ) March 16, 2016
**Abdul Malik Abdul Kareem**,   ) 9:18 a.m.
                            )
          Defendant.        )
                            )
_____)

BEFORE:  THE HONORABLE SUSAN R. BOLTON, JUDGE
    REPORTER'S TRANSCRIPT OF PROCEEDINGS
          JURY TRIAL - DAY 18
    (Pages 2916 through 2929, Inclusive.)

**APPEARANCES:**
**For the Government:**
        U.S. ATTORNEY'S OFFICE
        By: **Kristen Brook, Esq.**
            **Joseph Edward Koehler, Esq**.
        40 North Central Avenue, Suite 1200
        Phoenix, AZ  85004

**For the Defendant Abdul Malik Abdul Kareem:**
        MAYNARD CRONIN ERICKSON CURRAN & REITER PLC
        By: **Daniel D. Maynard, Esq.**
            **Mary Kathleen Plomin, Esq.**
        3200 North Central Avenue, Suite 1800
        Phoenix, AZ  85012

Official Court Reporter:
Elizabeth A. Lemke, RDR, CRR, CPE
Sandra Day O'Connor U.S. Courthouse, Suite 312
401 West Washington Street, SPC 34
Phoenix, Arizona  85003-2150
(602) 322-7247
Proceedings Reported by Stenographic Court Reporter
Transcript Prepared by Computer-Aided Transcription

# INDEX

**SUMMARY OF COURT PROCEEDINGS**                                         **PAGE:**

**DISCUSSIONS RE:  JURY QUESTIONS**                                      Page 2918

**P R O C E E D I N G S**

(Called to the order of court at 9:18 a.m.)

(Open court, no jury present.)

(All counsel appearing telephonically.)

THE CLERK: Court is now in session.

THE COURT: Mr. Koehler?

MR. KOEHLER: Yes.

THE COURT: Ms. Brook?

MS. BROOK: Yes.

THE COURT: Mr. Maynard?

MR. MAYNARD: Yes.

THE COURT: I would have given them the answers to questions 2 and 3 without consulting you, but I needed to consult you about one.

First, with respect to 2, we delivered the cart of exhibits, so that's done.

With respect to question 3, the answer is "same day."

So I assume, without knowing that the FBI only found the envelopes and that they didn't find letters in those two envelopes.

MR. MAYNARD: I think that's inaccurate, Judge. I think there are letters, but I think the government put one of the letters in and I think it was the letter that went not to Saabir Nurse but rather to Simpson.

THE COURT: Well, that's true that there were

1  three -- there were three envelopes, I think.
2         One of them was to Elton Simpson and we admitted the
3  envelope and the information that was in the envelope which
4  was a bunch of referrals to articles and things.
5         But so I don't know, were there letters in the Saabir
6  Nurse envelopes, Mr. Koehler?
7         MR. KOEHLER:  I believe there were, Your Honor, but
8  they were not admitted into evidence.
9         THE COURT:  Okay.  Well, then that's the answer, is
10 that no -- I don't want to give them any information, but I
11 would suggest that I answer number one saying:
12         "No letters to Saabir Nurse were admitted in
13 evidence."
14         Is that agreeable?
15         MR. MAYNARD:  I think that's accurate.
16         THE COURT:  Is that agreeable, Mr. Koehler?
17         MR. KOEHLER:  Yes.  I believe that's an accurate
18 statement and it's a correct way to tell the jury.
19         THE COURT:  Mr. Maynard?
20         MR. MAYNARD:  Yes.  That's fine.
21         THE COURT:  Okay.  I will do that.  Thank you.
22         MR. MAYNARD:  Thank you.
23         MR. KOEHLER:  Thank you.
24         MS. BROOK:  Thank you, Your Honor.
25      (Proceedings recessed at 9:21 a.m.)

1                          * * *
2         (Called to the order of court at 10:09 a.m.)
3         (Open court, no jury present.)
4         (All counsel appearing telephonically.)
5              THE CLERK:  Court is now in session.
6              THE COURT:  Mr. Koehler?
7              MR. KOEHLER:  Yes.
8              THE COURT:  Ms. Brook?
9              MS. BROOK:  Yes.
10             THE COURT:  Mr. Maynard?
11             MR. MAYNARD:  Yes.
12             THE COURT:  Do you have a copy of the question?
13             MR. MAYNARD:  Yes.
14             MR. KOEHLER:  Yes, for the government.
15             MS. BROOK:  Yes.
16             THE COURT:  I think the answer is easy.  The answer
17    is:
18             "The transportation of firearms and ammunition to
19    Garland, Texas, to commit a felony."
20             MR. MAYNARD:  I think that's --
21             MR. KOEHLER:  We agree.
22             MR. MAYNARD:  -- the first part of Count 1, yes.
23             MR. KOEHLER:  Yes.
24             THE COURT:  Okay.  I'll give them that answer.
25             Thank you.

1        MS. BROOK:  Thank you, Your Honor.

2        MR. KOEHLER:  Thank you.

3        MR. MAYNARD:  Thank you, Your Honor.

4    (Proceedings recessed at 10:11 a.m.)

5                        * * *

6    (Called to the order of court at 12:01 p.m.)

7    (Open court, no jury present.)

8    (All counsel appearing telephonically.)

9        THE COURT:  Mr. Koehler?

10       MR. KOEHLER:  Yes.

11       THE COURT:  Ms. Brook?

12       MS. BROOK:  Yes.

13       THE COURT:  Mr. Maynard?

14       MR. MAYNARD:  Yes.

15       THE COURT:  Have you all had a chance to read the

16   latest question concerning if Mr. Kareem provides weapons

17   before the conspiracy?

18       MR. KOEHLER:  For the government, yes.

19       MR. MAYNARD:  Yes, Your Honor.

20       THE COURT:  I think the answer to this question is

21   one word and that is "no."

22       MR. KOEHLER:  From the government's perspective, I

23   think the answer is to instruct them to rely on the

24   instructions they have already been given because it's more

25   than just "no" from my perspective.

1     THE COURT:  Well, "rely on the instructions that you
2  have been given" is not helpful.
3     Mr. Maynard?
4     MR. MAYNARD:  I agree with the Court.  I think the
5  answer is "no."
6     THE COURT:  I'm going to answer the question "no."
7     Thank you.
8     MR. MAYNARD:  All right.  Good bye.
9     MR. KOEHLER:  Thank you, Your Honor.
10    MS. BROOK:  Bye.
11   (Proceedings recessed at 12:02 p.m.)
12                        * * *
13   (Called to the order of court at 3:25 p.m.)
14   (Open court, jury only present.)
15    THE COURT:  Good afternoon, ladies and gentlemen.
16 Please sit down.  The record will show the presence of the
17 jury.  Counsel and the defendant are not present.
18    Juror No. 15, I understand that the jury has not yet
19 completed its deliberations and that you wish to adjourn for
20 the day; is that correct.
21    JUROR NO. 15:  Yes, Your Honor.
22    THE COURT:  And are you coming back tomorrow morning
23 at 9:00?
24    JUROR NO. 15:  Yes, Your Honor.
25    THE COURT:  Ladies and gentlemen, I want to remind

1   you, again, of the admonition that you are still not to
2   discuss the case with anyone else.  You may only discuss the
3   case with your fellow jurors and so long as all 12 of you are
4   present in the jury room.
5           I want to also remind you not to do any independent
6   research about the case, look up any words or phrases.  You
7   have been very good about sending me questions.
8           And I will have the answers to the last two questions
9   for you when you return tomorrow morning at nine o'clock.
10          Please remember not to advise anyone concerning the
11  status of your deliberations.
12          We will see you tomorrow morning at 9:00 a.m.  Thank
13  you very much.
14          Court is in recess.
15      (Proceedings recessed at 3:29 p.m.)
16                          * * *
17      (Called to the order of court at 3:34 p.m.)
18      (Open court, no jury present.)
19      (Counsel Mr. Koehler and Mr. Maynard appearing
20  telephonically.)
21              THE CLERK:  Court is now in session.
22              THE COURT:  Mr. Koehler?
23              MR. KOEHLER:  Yes.
24              THE COURT:  Mr. Maynard?
25              MR. MAYNARD:  Yes.

1        THE COURT:  The jury has left for the day and they
2  are coming back at nine o'clock tomorrow morning.  I told them
3  that I would have answers to both of their questions for them
4  when they return tomorrow morning at 9:00.
5        Do you both have the two questions that were just
6  submitted?
7        MR. KOEHLER:  Yes.
8        MR. MAYNARD:  Yes.
9        THE COURT:  I want to address the question:
10       "If we cannot come to a unanimous decision on a
11  count, how should we proceed/document it on the verdict
12  sheet?"
13       My suggested answer is:
14       "After you come to unanimous agreement on a count,
15  the presiding juror should complete and sign that verdict
16  form.  If you cannot come to unanimous agreement on a count,
17  that verdict form should be left blank and unsigned."
18       Mr. Koehler?
19       MR. KOEHLER:  I think that's a correct statement.
20       At what point would you entertain the giving of an
21  *Allen* charge in that event?
22       THE COURT:  Only if they told me they cannot come to
23  a unanimous decision on a count.
24       MR. KOEHLER:  Okay.
25       THE COURT:  This is an "if we can't," not that "we

1    can't."
2            MR. KOEHLER:  Right.  Right.
3            THE COURT:  And I don't want to leave any suggestion
4    at this point of that, so that's why -- I don't think it's the
5    moment to call them back into the courtroom and tell them
6    anything about the importance of trying to reach a unanimous
7    verdict.
8            So are you agreeable with the answer that I read?
9            Do you want me to read it again?
10           MR. KOEHLER:  Yes, for the government; no, I don't.
11           THE COURT:  How about you, Mr. Maynard?
12           MR. MAYNARD:  Yeah.  That's fine with me.
13           THE COURT:  Okay.  That's how we will handle that
14   one.
15           So I have been working on an answer to the other
16   question.  So the other question:
17           "Is discussing a criminal act that subsequently comes
18   to pass considered active participation?"
19           What I have written so far is as follows:
20           "I assume the reference to 'active participation' is
21   from page 20 of the instructions which is the second page of
22   the instruction on Count 2.  The last paragraph on page 20 is
23   a further explanation of what is meant by 'acting with the
24   intent to facilitate a crime,' the third element of Count 2.
25   You must find all four elements listed on page 19 beyond a

1  reasonable doubt before you could find the defendant guilty of
2  Count 2."
3          That's all I've got so far.  I realize it's not a
4  direct answer to the question, but I am concerned and the
5  reason I drafted this answer as I did is that I'm concerned
6  that a specific answer to this question might focus them on
7  'active participation' and they'll lose focus on the other
8  three elements.
9          MR. KOEHLER:  Your Honor, on behalf of the
10 government, I'm in agreement.  And the reason why, it is
11 because a simple yes-or-no answer to that question, again,
12 would distract them from the other elements.
13         And the true answer to that question is "it depends."
14         THE COURT:  I know.  The true answer requires much
15 further analysis that might go beyond what we really should be
16 giving in a jury instruction.
17         So that's why I want them really to focus back on
18 page 19 and the four elements of the aiding and abetting
19 count.
20         Mr. Maynard?
21         MR. MAYNARD:  Yeah, I agree, Judge.  I agree with
22 what you've put down so far.
23         THE COURT:  Well, so far?  Are you thinking there
24 should be more?
25         MR. MAYNARD:  No.  I mean, I'm looking at page 19 and

1  20 and I think you made a correct statement.
2          THE COURT:  Do you want me to read it again?
3          MR. MAYNARD:  Please.
4          THE COURT:  "I assume the reference to 'active
5  participation' is from page 20 of the instructions which is
6  the second page of the instruction on Count 2.  The last
7  paragraph on page 20 is a further explanation of what is meant
8  by 'acting with the intent to facilitate a crime,' the third
9  element of Count 2.  You must find all four elements listed on
10 page 19 beyond a reasonable doubt before you could find the
11 defendant guilty of Count 2."
12         MR. MAYNARD:  Yeah.  That would be fine with the
13 defense.
14         THE COURT:  Agreeable, Mr. Koehler?
15         MR. KOEHLER:  It is, Your Honor.
16         THE COURT:  Okay.  These answers will be waiting for
17 them tomorrow.
18         And I think we could be pretty confident that they're
19 going to conclude tomorrow.
20         MR. KOEHLER:  It sounds like it.
21         THE COURT:  Yeah.  I think so, so make sure you're
22 available.
23         Thank you.
24         MR. MAYNARD:  Thanks, Judge.
25         MR. KOEHLER:  Thank you, Your Honor.

1           MR. MAYNARD:  Bye-bye.
2      (Proceedings adjourned at 3:41 p.m.)
3                     * * *

C E R T I F I C A T E

    I, ELIZABETH A. LEMKE, do hereby certify that I am duly appointed and qualified to act as Official Court Reporter for the United States District Court for the District of Arizona.

    I FURTHER CERTIFY that the foregoing pages constitute a full, true, and accurate transcript of all of that portion of the proceedings contained herein, had in the above-entitled cause on the date specified therein, and that said transcript was prepared under my direction and control.

    DATED at Phoenix, Arizona, this 1st day of August, 2016.


s/Elizabeth A. Lemke
ELIZABETH A. LEMKE, RDR, CRR, CPE