Daniel D. Maynard, No. 009211
dmaynard@mmcec.com
Mary K. Plomin, 032368
msplomin@gmail.com
**MAYNARD CRONIN ERICKSON CURRAN & REITER, P.L.C.**
3200 North Central Avenue, Suite 1800
Phoenix, Arizona 85012
(602) 279-8500

Attorneys for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Abdul Malik Abdul Kareem,<br><br>　　　　　Defendant. | No. CR 15-00707-PHX-SRB<br><br>**REPLY TO DRAFT PRESENTENCE INVESTIGATIVE REPORT** |

　　　Defendant, Abdul Malik Abdul Kareem ("Abdul Kareem"), through his undersigned counsel, files this Reply to the Draft Presentence Investigative Report ("DPSR").

I.　**Factual Background**

　　　The Government does not oppose several of the factual objections made by Abdul Kareem and argues that the factual objections do not affect the guideline calculations. However, it appears that the presentence report writer did not do his own factual investigating but rather adopted one that was provided by the Government without verifying its accuracy. For example, the Government admits that the presentence report writer was inaccurate in stating Abdul Kareem's computer seized in 2012 contained documents and videos advocating ideological violence against civilians (Doc. No. 382 at 3) but then tries to argue concerning other aspects of computer evidence. However, how would the presentence report writer have known this unless he had been mislead by the Government.

1    Next, the presentence reporter writer stated Abdul Kareem believed Simpson found
2 "religious justification for the Garland attack from a Jamaican-based cleric," when Special
3 Agent Wilson testified that Abdul Kareem told him that Simpson and Soofi may be influenced
4 by a radical salafi Jamaican-based scholar named Faisal.  Stating that Simpson found religious
5 justification for the Garland attack implies that Abdul Kareem knew it was going to happen;
6 something Abdul Kareem has always denied; however, he knew Simpson was in contact with
7 a Jamaican-based cleric through someone in Scottsdale.
8    Concerning going shoot with Simpson and Soofi, Abdul Kareem admitted that he went
9 shooting with them on one occasion and that Martinez was there.  Martinez testified that they
10 all did their own thing and that he did not see Abdul Kareem giving anyone instructions on how
11 to shoot.  The Government argues that Martinez expressed concern whereas what he actually
12 said was that he was laughing because Simpson and Soofi were so inept and he testified that
13 Abdul Kareem was not instructing Simpson and Soofi.  (RT 2/23/16, p. 945-946)
14   The presentence reporter writer and the Government jump to conclusions and speculate
15 that the jury had to believe the two juveniles witnesses who testified that Abdul Kareem
16 discussed the Garland contest months before it was ever announced.  All we know is that the
17 jury found that Abdul Kareem made two false statements to the FBI: 1) that he did not know
18 in advance that Simpson and Soofi planned to conduct an attack in Garland, Texas; and 2) that
19 he did not know about an event, that is, the Muhammad Art Exhibit and Contest that was to
20 take place in Garland, Texas, on or about May 3, 2015, until after Simpson and Soofi were
21 killed while attempting to conduct an attack on the contest.  (Doc. No. 285)  The jury was not
22 required to make specific findings and it did not so it is not clear what testimony it believed.
23 **II.    Argument**
24     **A.    Downward Adjustment for Acceptance of Responsibility**
25   Abdul Kareem testified at trial that he had prior felony convictions for aggravated DUIs
26 and that he possessed two weapons at the time of his arrest.  Even when interviewed at the time

of his arrest, he admitted he had weapons. Thus, he accepted responsibilities for his actions in having the two weapons.

**B.    Base Offense Level**

USSG § 2M5.3(c)(1) provides that:

> [i]f the offense resulted in death, apply § 2A1.1 (First Degree Murder) if the death was caused *intentionally or knowingly*, or § 2A1.1 (Second Degree Murder) otherwise, if the resulting offense level is greater than determined above. (Emphasis added)

There is nothing that indicates that the death of one of the perpetrators was caused intentionally or knowingly. Also, the Government argues that Abdul Kareem was convicted of "conspiring to transport firearms in interstate commerce with the intent to commit the felonies of murder and aggravated assault (as well as the substantive count charging the same), . . ." In Count I, Abdul Kareem was found guilty of "Conspiracy to Transport Firearms and Ammunition in Interstate Commerce with the Intent to Commit a Felony." In Count 2, Abdul Kareem was found guilty of "Aiding and Abetting the Transportation of Firearms and Ammunition in Interstate Commerce with the Intent to Commit a Felony, . . ." In neither count was there a finding that Abdul Kareem either conspired or aided and abetted to commit murder. To sentence Abdul Kareem pursuant to 18 U.S.C. § 1111 would deny him his Sixth Amendment rights to due process.

18 U.S.C. § 1111 defines murder as the killing of one human being by another with malice aforethought. There are three (3) categories of murder in the first degree: (1) any kind of willful, deliberate, malicious and premeditated killing; (2) any killing committed while committing or attempting to commit one of several enumerated felonies; or (3) a killing of a third person where the premeditation was to kill another human being. If murder occurs in any fashion other than the three described, the act is at best second degree murder. The felony the jury found Abdul Kareem guilty of is not defined so we cannot be sure of whether the jury found Abdul Kareem guilty of one of the enumerated felonies in 18 U.S.C. § 1111(a) since he

was not charged with one.

The Government relies on the holding in the 5th Circuit in *United States v. El-Zoubi*, 993 F.2d 442 (5th Cir. 1993) to support its conclusion that felony murder applies when a perpetrator dies in the commission of a felony.  However, in *El-Zoubi*, arson, one of the enumerated felonies was charged and the defendant was found guilty of arson by the jury.  However, the Government cites to no cases in the 9th Circuit where the Court has upheld a conviction for felony murder where the person who died was one of the perpetrators to the underlying crime.  In the present case, Abdul Kareem was not found guilty of any of the felonies enumerated in 18 U.S.C. §1111(a).  The jury found him guilty of a felony in count five (5) of Conspiracy to Provide Material Support or Resources to a Designated Foreign Terrorist Organization which is not one of the felonies enumerated in 18 U.S.C. § 1111(a).

The other cases cited by the Government to support a finding of felony murder from the Ninth Circuit are distinguishable since neither case involves a charge based on the death of one of the alleged perpetrators.  In *United States v. Miguel*, 338 F.3d 995 (9th Cir. 2003), the court reversed the convictions of two of the Defendants for felony murder since the Defendants were not able to put on their defense that they were not the shooter.  The remaining discussion concerning lesser included offenses was *dicta*.  In *United States v. Hicks*, 103 F.3d 837 (9th Cir. 1996), the person murdered was one of the victims of the felony of carjacking pursuant to 18 U.S.C. § 2119.  Thus, neither of these cases support a finding that felony murder applies when one of the perpetrators of the felony is killed during its commission.

As argued in the Objection to Presentence Investigative Report, the murder statute does not apply here.

C. **Selecting a Victim Because of Actual or Perceived Religion**

§3A1.1

(a) If the *finder of fact at trial* or, in the case of a plea of guilty or *nolo contendere*, the court at sentencing determines beyond a reasonable doubt that the defendant intentionally selected any

- 4 -

> victim or any property as the object of the offense of conviction because of the actual or perceived race, color, religion, national origin, ethnicity, gender, gender identity, disability, or sexual orientation of any person, increase by 3 levels.

The jury made no such finding as required by U.S.S.G. § 3A1.1, nor was it asked to. The Government makes multiple arguments as to why this enhancement should apply but it does not address the issue that this enhancement requires a finding by the finder of fact at trial. Nor does it address the presentence report writer's recognition that there were no victims. Also, the Government's reliance on the statements that witnesses testified they heard Abdul Kareem use the phrase "Allaha Akbar" does not support its position. Allaha Akbar means "God is Great."

### D.    Federal Crime of Terrorism

The Government acknowledges that if Abdul Kareem's sentencing guidelines calculation remains within U.S.S.G. § 2M5.3 that applying the adjustment set forth in U.S.S.G. § 3A1.4(a) would amount to double counting. For all the reasons argued previously, the reference to U.S.S.G. § 2A1.1 does not apply and the cross reference U.S.S.G. § 3A1.4(a) does amount to double counting.

### E.    Wearing of Body Armor

U.S.S.G. § 3B1.5(1) and (2)(A) provide that if the Defendant is convicted of a "crime of violence," and the offense involved the use of body armor, the offense level should be increased by 2 levels. This enhancement does not apply in this case. The United States Supreme Court in *Johnson v. United States*, 135 S. Ct. 2551 (2015), held that the residual clause in the definition of "violent felony" in the Armed Career Criminal Act was unconstitutionally vague and violated due process. Thus, the use of "crime of violence" in U.S.S.G. § 3B1.5(1) implicates many of the same concerns cited by the Supreme Court in *Johnson* and as a matter of policy and due process the clause should be stricken and/or not applied in this case since Abdul Kareem was found guilty of conspiracy and aiding and abetting

the Transportation of Firearms in Interstate Commerce with the Intent to Commit a Felony but it is not clear the felony was a "crime of violence."

### F. Criminal History

U.S.S.G. 3A1.4(a) provides that if the offense "is a felony that involved, or was intended to promote, a federal crime of terrorism, increase by 12 levels . . . and (b) in such case the Defendant's criminal history category . . . shall be Category VI. The term "federal crime of terrorism" means an offense that (A) is calculated to influence or affect the conduct of government by intimation or coercion, or to retaliate against government conduct; and is a violation of one of numerous enumerated acts. There was never any argument made nor was there evidence presented at trial that the incident at Garland was calculated to influence or affect the conduct of government by intimidation or coercion, or to retaliate against government conduct. In fact the government did not have anything to do with the contest in Garland. It was a private event. Nor was there any threat made to the government prior to the incident in Garland concerning the drawing contest. Thus, these enhancements do not apply. To apply them would be in violation of the rights guaranteed by the Sixth Amendment to due process.

### G. Variance or Downward Departure Warranted

Abdul Kareem continues to deny any knowing involvement in the Garland incident even though he was found guilty. He did not go to Garland, Texas and take part in the incident. There is no written document, e-mail, text, or recording that supports the Government's case that he participated in the planning, finding or carrying out of the incident at Garland. For these reasons, a downward departure or variance is warranted and it will be more fully explained in Abdul Kareem's sentencing memorandum.

## III. Conclusion

For all of the above stated reasons and for those that will be found in Abdul Kareem's Sentencing Memorandum, this Court should grant Abdul Kareem's objections to the draft presentence report and sentence him to a term of years between 87-108 months as explained

in Defendant's Motion in Opposition to Presentence Investigative Report.

RESPECTFULLY SUBMITTED this 15th day of August, 2016.

**MAYNARD CRONIN ERICKSON CURRAN & REITER, P.L.C.**

By /s/Daniel D. Maynard
Daniel D. Maynard
3200 North Central Avenue, Suite 1800
Phoenix, Arizona 85012
Attorney for Defendant

**ORIGINAL** of the foregoing e-filed this 15th day of August, 2016 via ECF with:

Clerk of the Court
United States District Court
401 W. Washington
Phoenix, AZ 85003

**COPY** of the foregoing electronically delivered this 15th day of August, 2016 via ECF to:

Kristen Brook
Joseph E. Koehler
U.S. Attorneys' Office
2 Renaissance Square
40 N. Central Ave., Ste. 1200
Phoenix, AZ 85004-4408
Attorneys for Plaintiff

By   /s/G. Sipe