DANIEL R DRAKE
DRAKE LAW, PLC
4340 East Indian School Road
Suite 21-113
Phoenix, Arizona 85018
drakelawplc@gmail.com
Arizona State Bar No. 003781
Telephone (602) 881-5341
Attorney for Defendant

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Abdul Malik Abdul Kareem,<br><br>Defendant. | 2:15-cr-00707-SRB<br><br>**Motion to Preclude Government *Ex Parte* Submission Under CIPA Absent Defense Participation** |

Defendant Abdul Malik Abdul Kareem moves the Court to preclude the government from making an ex parte submission under the Classified Information Procedures Act, 18 U.S.C. § App. 3, ("CIPA") unless the Court also permits the defense to participate in the Court's evaluation whether the information should be produced, and the nature and extent of any redactions permitted.

Excludable delay under 18 U.S.C. § 3161(h) will not occur as a result of this notice or an order based thereon.

Respectfully Submitted this 15th day of January 2019.

                        DRAKE LAW, PLC

                        *s/Daniel R. Drake*
                        DANIEL R. DRAKE

MEMORANDUM

Twice the government has made use of CIPA procedures to disclose to the Court in *ex parte* fashion information that it does not wish to disclose to the defense. Docs. 193 and 405. The first such disclosure was prior to trial, the second in connection with a defense motion for new trial in which additional disclosures were made.

Now, a supplemental motion for new trial is pending based upon comments of government counsel, testimony of government witnesses, and government disclosures in connection with the trial of Erick Jamal Hendricks in the Northern District of Ohio, Case. 1:16-cr-00255-JRA, concluded in March 2018. The FBI undercover agent who was communicating with Kareem's co-defendant, Elton Simpson, was communicating with Hendricks as well, and testified at Hendricks trial. His testimony and government counsel comments prompted the filing of the supplemental motion for new trial. (Doc. 505.)

After the defense filed its June 11, 2018, supplemental motion for new trial the prosecution disclosed about 30 pages of materials apparently related to the undercover agent's communications with other FBI agents in the run-up to the May 3, 2015 shooting, as well as an internal review of the shooting in Garland, Texas, conducted by the FBI after the fact.

Defense counsel requested in a September 6, 2018 letter that the government provide additional information based upon those disclosures. The government indicated January 11, 2019, that it might make a response to the disclosure request this week. Defense counsel anticipates the government may wish to make an *ex parte* submission to the Court, as it has in the past, to justify withholding certain information on the ground it is not relevant and material to the defense.

The defense hereby lodges its objection to such a procedure and moves the

Court to permit it to participate in sharing information with the Court. The defense believes it is in the best position to articulate aspects of the defense that might lead the Court to conclude some or all of the information is both relevant and material to the defense, such that it should be disclosed.

The Supreme Court has recognized that "[f]airness can rarely be obtained by secret, one-sided determination of facts decisive of rights." *United States v. James Daniel Good Real Prop.,* 510 U.S. 43, 55 (1993) (citation omitted). And, it has warned that "[i]n our adversary system, it is enough for judges to judge. The determination of what may be useful to the defense can properly and effectively be made only by an advocate." *Dennis v. United States,* 384 U.S. 855, 875 (1966). The Court took a similar position in *Jencks v. United States*, 353 U.S. 657, 668 (1957), holding "[t]he practice of producing government documents to the trial judge for his determination of relevancy and materiality, without hearing the accused, is disapproved." *Id*. It was that case, of course, which led to the passage of the "Jencks Act, 18 U.S.C. § 3500." It is rarely justifiable for the prosecution to have exclusive access to a storehouse of relevant facts, Dennis, 384 U.S. at 873, but the procedures of making an ex parte submission to the district court, without any defense input, creates precisely that situation.

The defense proposes a solution along the lines followed by the district court in *United States v. Libby*, 429 F. Supp. 2d 18, 26. (DC D.C. 2006), amended 429 F. Supp. 46, 48 (DC D.C. 2006). There, the district court permitted the defense to submit *ex parte* information to aid the court's determination of the appropriateness of non-disclosure or redaction. The defense would request that, rather than a written submission, it be permitted to make an *ex parte* oral presentation *in camera* to the Court regarding its need for the requested information.

Counsel recognizes this motion might be premature as the government has

not given notice that it intends to submit materials *ex parte*. However, better to be premature in this instance than tardy. Should the government make no such submission this motion will be moot.

## CONCLUSION

For the foregoing reasons, this Court should preclude the government from making an ex parte submission under the Classified Information Procedures Act unless it also grants the defense an opportunity to make an ex parte submission to aid the Court in determining the appropriateness of nondisclosure or redaction of information.

Respectfully Submitted,

| MAYNARD CRONIN ERICKSON | DRAKE LAW, PLC |
| CURAN & REITER, P.L.C. | |
| s/Daniel D. Maynard | s/Daniel R. Drake |
| DANIEL D. MAYNARD | DANIEL R. DRAKE |

Certificate of Service

I hereby certify that on January 15, 2019, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to CM/ECF registrants:

AUSA Joseph E. Koehler
AUSA Kristen Brook

1 | s/Daniel R. Drake