DANIEL R DRAKE
DRAKE LAW, PLC
4340 East Indian School Road
Suite 21-113
Phoenix, Arizona 85018
drakelawplc@gmail.com
Arizona State Bar No. 003781
Telephone (602) 881-5341
Attorney for Defendant

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| United States of America, | 2:15-cr-00707-SRB |
|---|---|
| Plaintiff, | |
| v. | **Attorney Response to Motion to Dismiss Counsel (Doc. 523)** |
| Abdul Malik Abdul Kareem, | |
| Defendant. | |

    Attorneys Daniel D. Maynard and Daniel R. Drake respond to defendant Abdul Malik Abdul Kareem's pro se Motion to Dismiss Counsel (Doc. 523). In a phone conversation with attorney Drake on February 7, 2019, Mr. Abdul Kareem stated he does not wish to withdraw his motion until after he has had a chance to meet with both counsel, face-to-face, as planned on February 19, 2019, as shown by the attached declaration.

    Both defense attorneys are scheduled to meet February 19, 2019, with Mr. Abdul Kareem at the institution in Florence, Colorado. T

he attorneys respectfully request this Court to accept this response but defer ruling on the motion until after the February 19, 2019 meeting between counsel and Mr. Abdul Kareem.

/////

////

////

The response is supported by the attached declaration of counsel.

Respectfully Submitted this 8th day of February 2019.

/

| MAYNARD CRONIN ERICKSON CURAN & REITER, P.L.C. | DRAKE LAW, PLC |
|---|---|
| *s/Daniel D. Maynard* | *s/Daniel R. Drake* |
| DANIEL D. MAYNARD | DANIEL R. DRAKE |

# DECLARATION

Daniel R. Drake hereby states that:

1. Mr. Abdul Kareem's Motion to Dismiss Counsel is not well taken for the following reasons, dealing with the issues in the order he raised them:
    a. Counsel has kept Mr. Abdul Kareem informed about the status of his case. In the 16 months Counsel has been representing Mr. Abdul Kareem counsel undersigned has sent no less than 30 letters to Mr. Abdul Kareem advising him of the status of proceedings and has responded to many more phone calls from him regarding his case;
    b. Counsel has not prevented Mr. Maynard from participating in the case and has no authority to do so as he was appointed by the Court to represent Mr. Abdul Kareem;
    c. Defense counsel have not sealed documents and kept them from Mr. Abdul Kareem. Documents are ordered sealed by the Court, not counsel, and once placed under seal must remain so;
    d. Counsel undersigned properly allowed Mr. Maynard to participate in the briefing. Counsel benefitted from Mr. Maynard's knowledge of the factual and legal issues in the case. As an attorney of record, he was entitled, even required to participate actively in the handling of the case;
    e. Mr. Abdul Kareem's assertion that counsel is refusing to introduce evidence is mistaken. Counsel sought to expand the record on appeal, and is seeking additional information from the government to use in the third motion for new trial or on appeal, subject to court approval;
    f. The assertion that Counsel is allowing the government to give redacted discovery is wrong. The defense has challenged the government's redactions, sought additional information, and asked the

1         Court to allow it to be heard in Classified Information Procedures Act matters;

    g. Mr. Abdul Kareem's assertion that counsel allowed his legal paperwork to be confiscated or withheld from his is inaccurate. The Bureau of Prisons has the authority to manage the prison for the safety of the public, staff, and inmates. Apparently, Mr. Abdul Kareem still has access to the information, although not as freely as he might like. He has been advised of his right to file administrative challenges to BOP actions, which are a precursor to any court involvement in the matter;

    h. As noted above in paragraph a, Counsel has not ignored Mr. Abdul Kareem's request for information;

    i. Mr. Abdul Kareem's concern about the use of Ali Soofi's conflicting statements, statements that initially were benign but became increasingly accusatory over time, is more properly presented in a forum other than direct appeal.

2. On January 15, 2019, Counsel sent Mr. Abdul Kareem a letter responding to his motion.

3. On January 22, 2019, while contacting FCI Florence to arrange a legal visit, Mr. Abdul Kareem's counselor initiated a legal call between Mr. Abdul Kareem and me, during which he indicated he was willing to work with the attorneys and would meet with both attorneys as was being proposed.

4. On January 24, 2019, I sent Mr. Abdul Kareem a copy of the Motion to Compel (Doc. 525).

5. On January 25, 2019, Mr. Abdul Kareem called me.

6. On January 28, 2019, I sent Mr. Adbul Kareem a copy of the government response to the September 6, 2019, request for additional disclosures.

7. On February 5, 2019, Mr. Abdul Kareem called me. I advised him of this Court's February 1, 2019, order for a response to his motion. He said he did not want to change counsel at this point, and he was looking forward to the proposed visit on February 19, 2019.

8. On February 7, 2019, Mr. Abdul Kareem called me and stated that he wanted to meet with both counsel as proposed on February 19, 2019, before making a final decision whether to pursue or withdraw the motion.

Dated this 8th day of February 2019.

                                                     s/Daniel R. Drake
                                                     DANIEL R. DRAKE

Certificate of Service

I hereby certify that on February 8, 2019, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to CM/ECF registrants:

AUSA Joseph E. Koehler
AUSA Kristen Brook

Additionally, a copy was served upon Mr. Abdul Kareem by first class letter, postage prepaid, at:

    Adbul Malik Abdul Kareem  #44126-408
    FCI Florence
    Federal Correctional Institution
    PO Box 6000
    Florence, CO  81226

s/Daniel R. Drake