FILED ___ LODGED
___ RECEIVED ___ COPY

MAR 2 5 2018

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ Z DEPUTY

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

v.                                Case No. 2:15-CR-0070-PHX-SRB

Abdul Malik Abdul Kareem,         CR-15-00707-PHX-SRB by DXD

    Defendant/Movant.

_____/

NOW COMES THE DEFENDANT PRO SE PURSUANT TO RULE 44(A)
MOTION TO APPOINT COUNSEL

---

THE MOVANT SEEKS COURT'S RELIEF PURSUANT TO RULE 44
AND APPOINTMENT OF SUBSTITUTE COUNSEL

---

## STATEMENT OF FACTS

February 19th, Attorney Daniel Maynard and Daniel Drake came to consult and visit with their client Mr. Abdul Malik. Per discussions the attorneys and client addressed some of Mr. Abdul Malik's concerns. The concerns were how the case was proceeding and any new developments. During the visit the issue of retainment was stressed by Mr. Malik, vague assurances and promises of a proactive stance in the future were found questionable by Mr. Malik. During the discussion, Attorney Maynard preceded to prepare a hand written (Affidavit), which set out in detail his performance, strategies as counsel and signed it and left it in Mr. Malik's possession and would state he'd send a formal copy of the handwritten omissions. Subsequently a motion came after the visit (motion to compel) and no signed order by presiding judge appeared on the document causing concern. At the same time, a motion to stay on Mr. Malik's case was pre-visit and did not mirror the true relations between counsel and their client. Repeated instances of miscommunications, vocal dissatisfaction were bypassed in favor of an already delicate relationship. Following a visit, a motion filed Feb. 26 was sent re-amending the unsigned motion causing confusion really akin to misleading Mr. Malik. The motion herein seeks to address issues and show the true differences between counsel and Mr. Malik.

Rule 44:

Fed.R.Crim.P. 44(A) ("A defendant is unable to obtain counsel is entitled to have counsel appointed to represent the defendant at every stage of the proceeding from initial appearance through appeal.")

### A. APPLICABLE LEGAL STANDARD

Right to retained counsel the 6th Amendment provides that, "In all criminal proceedings the accused shall enjoy the right... to have assistance of counsel for his defense." Powell v. Alabama 53 S.Ct., 55, 77 L.Ed. 158 (1932) Plainly stated even the inability of the "Intelligent and educated layman" to properly

represent himself, concluding that there is a need for "The guiding hand of counsel at every step of the proceedings." The six Amendment requires federal courts to provide indigent defendants with appointed counsel in all felony cases addressing the general need for representation by counsel. See Gideon v. Wainwright 372 U.S. 335, 83, S.Ct. 792, 9 L.Ed. 2d 799 (1963) "Gideon views six amendment rights of defendant's interest in obtaining a fair trial just as it required to provide counsel at all critical stages of the proceedings.

### B. MEETING THE STRICKLAND STANDARD

In Stickland v. Washinton, 466 US 688 (1984), The Supreme Court established a two prong test to govern ineffective assistance of counsel claims. To seek relief, defendant must show : (1) counsel's performance was deficient, and (2) that there is a reasonable probability that, but for counsel's objectively unreasonable performance, the result of the proceeding would have been different. Id. 466 US at 688-89. The court clarified that his reference to "highly deferential scrunity referred only (fn. 1) to the first or performance prong of the test and meant that, "... the defendant must overcome the presumption that, under the circumstances, the challanged action might be considered sound trial strategy."

### C. COUNSEL CONTROL OVER DEFENSE STRATEGY

Counsel admissions for making unilateral decisions applies heavily a measure of deference to counsel's judgment. As show in counsel's own words certain decisions, however they have a strategic element some are so "personal" that counsel should and must consult and abide by his client's wishes. These include decisions that involve actions by the defendant and basic issues as to structure of proceeding.

### D. COUNSEL'S FELL BELOW AN OBJECTIVE STANDARD OF REASONABLENESS

---

Fn. 1: The court stated that "Factors which may actually have entered into counsel's selection of strategies and... may thus affect the proformance inquiry... are irrelevant to the prejudice inquiry." Strickland, 466 at 695.

A defendant alleging violative rights of his six amendment right to effective assistance of counsel must show (1) that counsel's performance was deficient, and (2) that his prejudiced his defense, i.e.: that counsel errors were so serious as to deprive the defendant of effective, reasonable assistance. Strickland v. Washington, 466 U.S. 668, 687 80 L.Ed. 2d 674, 104 S.Ct. 2052 (1984) There is a strong presumption that counsel's conduct falls within the wide range of professional assistance on what might be considered sound strategy. "Reasonableness is judged as of the time of counsel's conduct, not in hindsight." Id. at 689-90 The petitioner must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The February 19th written omissions of counsel's judgment, (professional) and strategies acknowledged (See Attachment A) support this further (See Attachment B) in which the motion to compel sent to defendant invalidated due to no true signed order of the judge supports claim of misleading the defendant. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. See Strickland Id. at 690. The attachments furnished herein supports defendant's claims. Decisions that an attorney must make in the course of representation, is a matter of professional judgment. Defendant has show counsel's decisions were outside the wide range of reasonable professional judgment. See Lockhard, 113 S.Ct. at 851 N.7 (1993)("An attorney who makes one error of Strickland proportions is unlikely to have turned in a performance adequate in all other respects.")(Stevens, J, dissenting). The focus here is to establish prejudice, and an below standard of reasonableness, are the two errors alleged (See attachment A and B). Counsel's handwritten affidavit is in all respects a prejudicial piece of evidence.

### E. STRICKLAND PRONGS SATISFIED ESTABLISHING DEFENDANT'S CLAIMS

If viewed in a favorable light concerning the defendant's claims clearly

he has been prejudiced and the reasonableness was below prevailing professional norms. Inaccurate information, misleading the defendant as well as handwritten affidavit highlights counsel's deficiencies. See Murry v. Carrier, 477 US 478, 496 (1986) ("The right to effective assistance of counsel... may in a particular case be violated by even an isolated error of counsel if that error is sufficiently egregious and prejudcial.") The omissions (See Attachment A) itself cites counsel's overall performance, counsel's failures are prejudicial to the defendant again falling below the Strickland objective standard of reasonableness. See Strickland, 466 US at 691. Moreover, where the defendant opposes representation by counsel, to force a lawyer on a defendant can only lead him to believe that the law contrives against him. Counsel's ineffective advocacy on defendant's behalf to remain with the consequences of counsel's strategies apparently adopted without consultation without client is a vital concern. See Taylor v. illinois 484 US 400, 108 S.Ct. 646, 98 L.Ed. 798 (1988) 386, 469 "Defendant remaining placed with the consequences of counsels strategy." A defendant is not entitled to appointed counsel of choice. See Brown v. Craven, 424 F.2d 1166, 1170 (9th Cir. 1970) However, a court's refusal to allow substitution of appointed counsel can result in the denial of effective assistance of counsel if the defendant and his attorney(s) are embroiled in an "irreconciable conflict" resulting in a total lack of communication preventing an adequate defense. See United States v. Balough 820 F.2d 1485, 1487 (9th Cir. 1987) "The task of safeguarding the rights of criminal defendant's ultimately rests with experienced men and women who preside in our district courts."

CONCLUSION

The claims stated herein are thoroughly detailed and warrant inquiry and the errors not mildly errant warrant relief to be found in new appointed counsel.

Respectfully submitted,

/s/ *Abdul Malik Abdul Kareem*
Abdul Malik Abdul Kareem
Reg. No. 44126-408
FCI Florence
P.O. Box 6000
Florence, CO 81226

This 21 day of March, 2019.

CERTIFICATE OF SERVICE

This certifies that a true and complete copy was mailed to the United States District Court, District of Arizona.

Executed this \_\_\_\_ day of _____, 20\_\_\_.

/s/_____

# Attachment A

When I represented Abdul Kareem I told him not to plead guilty to all of the charges in the second superseding indictment and I advised him to go to trial as soon as possible. There were numerous decisions I made in defending the case that I will set forth in a letter to Abdul Kareem in the next week that he may want to use if he loses his appeal in a habeas corpus petition.

Dan Maynard
2-19-19

# Attachment B

## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br>　　　　Plaintiff,<br>v.<br>Abdul Malik Abdul Kareem,<br>　　　　Defendant. | 2:15-cr-00707-SRB<br><br>**ORDER** |

　　　Upon motion of defendant Abdul Malik Abdul Kareem to compel government disclosure (Doc. 525) and good cause appearing,

　　　**IT IS ORDERED** granting the motion.

　　　**IT IS FURTHER ORDERED** that the government should produce under seal the information requested by the defense no later than February 24, 2019.

ABDUL MALIK ABDUL KAREEM
Reg. No. 44126-408
FCI Florence
P.O. Box 6000
Florence, CO 81226

LEGAL MAIL

To: Clerk of the Court
UNITED STATES DISTRICT COURT
DISTRICT COURT OF ARIZONA
401 W. Washington
Phoenix, AZ 85003

RECEIVED
MAR 25 2019
CLERK OF THE COURT
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

RECEIVED
MAR 25 2019
CLERK OF THE COURT
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

