Daniel D. Maynard, No. 009211
**MAYNARD CRONIN ERICKSON**
**CURRAN & REITER, P.L.C.**
3200 North Central Avenue, Suite 1800
Phoenix, Arizona 85012
(602) 279-8500
dmaynard@mmcec.com

Attorneys for Defendant

### UNITED STATES DISTRICT COURT

### DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>Abdul Malik Abdul Kareem,<br><br>　　　　　Defendant. | 2:15-cr-00707-SRB<br><br>**RESPONSE TO DEFENDANT'S MOTION TO DISMISS COUNSEL** |

Defendant/Appellant, Abdul Malik Abdul Kareem ("Abdul Kareem") filed a Motion to Dismiss his appellate attorneys, Daniel Drake ("Drake") and Daniel Maynard ("Maynard") on January 3, 2019 and March 11, 2019 in the United States Court of Appeals for the Ninth Circuit and a Motion to Dismiss Counsel on January 2, 2019 in the United States District Court for the District of Arizona and a Motion to Appoint Counsel on March 25, 2019 in the United States District Court for the District of Arizona. On March 20, 2019, the Ninth Circuit Court of Appeals ordered that counsel shall confer with Abdul Kareem and file a response to the January 3 and March 11, 2019 pro se motions by April 10, 2019. On April 2, 2019, the District Court ordered that counsel file the same response to Abdul Kareem's March 11, 2019 Motion to Appoint Counsel that they file with the Ninth Circuit Court of Appeals. Drake and

Maynard file this Response to Abdul Kareem's Motions pursuant to the Courts' Orders, which is supported by the attached Memorandum of Points and Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

### A. Background

On June 3, 2015, Elton Simpson ("Simpson") and Nadir Soofi ("Soofi") stopped their car outside of the Curtis Culwell Center in Garland, Texas, where a Draw Mohammed contest was being held and began shooting with assault rifles. Both were killed. ("Garland attack")

On June 10, 2015, a federal grand jury returned an indictment charging Abdul Kareem in three counts that arose out of the Garland attack alleging he was a co-conspirator with Simpson and Soofi. (CR 1, 4 ER 518)[1] Maynard was appointed to represent Abdul Kareem. A superceding indictment adding a Felon in Possession of Firearm was retuned on September 1, 2015 (CR 57, 4 ER 510) and on December 22, 2015, the grand jury returned a second-superceding indictment adding Count 5 charging Conspiracy to Provide Material Support to a Foreign Terrorist Organization. Twice before the trial started, Abdul Kareem sought new trial counsel but each time he withdrew his motion to dismiss.

A jury trial began on February 16, 2016 (CR 209, 6 ER 789) and concluded with guilty verdicts on March 17, 2016 (CR 276, 6 ER 795). Maynard represented him in

---

1  The abbreviation "CR" refers to the Clerk's Record and will be followed by the pertinent document number. The abbreviation "RT" refers to the Reporter's Transcript, and will be preceded by the date of the proceeding and followed by the pertinent page(s). The abbreviation "ER" refers to the Excerpts of Record, which is in multiple volumes, and will be preceded by the volume number and followed by the relevant page number and was filed with Defendant/Appellant's Opening Brief.

the trial.

On March 31, 2016, Abdul Kareem, through Maynard, filed a motion for a new trial based on prosecutorial misconduct for failure to timely disclose information, filing late exhibits in violation of the Court's Scheduling Order and *Brady* violations. (CR 303, 2 ER 129)  On July 22, 2016, the Government revealed it would be disclosing additional information and the District Court took the motion under advisement pending further notice from the parties.  (7/22/16 RT 8-9, 5 ER 769-70)

On November 9, 2016, Abdul Kareem filed a supplement to the motion for a new trial including material disclosed by the Government after the trial was over (CR 432, 2 ER 43) and a Supplemental Reply Brief on December 16, 2016 with new disclosure that the Government made on November 17, 2016.  (CR 452, 2 ER 27)

On January 11, 2017, the District Court denied Abdul Kareem's motion for judgment of acquittal and his motion for a new trial and amended that order on January 23, 2017 (CR 469, 1 ER 13)  Abdul Kareem was sentenced on February 8, 2017 (2/8/17 RT 49-50, 5 ER 73-74) and an amended judgment was entered on February 17, 2017. On February 22, 2017, Abdul Kareem filed his notice of appeal from the amended judgment (CR 491, 1 ER 1)  Maynard was appointed to handle the appeal and he requested Drake, a retired assistant U.S. Attorney, who now specializes in criminal appeals in federal cases to join him as co-counsel to add a new set of eyes and prospective to the appeal.

Abdul Kareem's Opening Brief was filed on December 20, 2017.  The Government filed a cross-appeal and it filed its Principal and Response Brief on March

19, 2018. In the meantime, a case involving the attack in Garland, Texas was brought by the Government in the United States District Court in Ohio ("the Ohio case") and an FBI agent who was a witness to the Garland attack testified in the Ohio case. This FBI agent had not been disclosed by the Government to Abdul Kareem's counsel until after the conclusion of Abdul Kareem's District Court trial even though he had been an eye-witness to the Garland attack.

Abdul Kareem, through Drake and Maynard, filed a motion for a new trial on June 13, 2018 in the District Court based upon newly discovered evidence that they received from the Ohio case. On June 14, 2018, Abdul Kareem, through Drake and Maynard, filed a motion to stay the appellate proceedings. (CA Doc. 55)

On June 21, 2018, the Appellate Court granted the motion and entered a stay of appellate proceedings until September 17, 2018. (CA Doc. 56) The stay was extended until December 17, 2018 (CA Doc. 58) and Abdul Kareem filed a third motion to extend the stay (CA Doc. 59) which was granted on March 20, 2019 (CA Doc. 66).

On January 2, 2019, Abdul Kareem filed a motion to dismiss counsel in the District Court (CA Doc. 60) and the same motion to dismiss was filed in the Ninth Circuit Court of Appeals on January 3, 2019. Counsel met with Abdul Kareem on February 19, 2019 at FCI Florence in Florence, Colorado. Counsel attempted to answer all of Abdul Kareem's questions and alleviate his concerns. At the end of the meeting, Abdul Kareem adopted and signed a statement that he wished to withdraw his motion to dismiss counsel which was filed in the District Court (DC Doc. 532) and on February 25, 2019, the District Court ordered the motion to dismiss counsel withdrawn. (DC

Doc. 533)  On March 2, 2019, Abdul Kareem, through undersigned counsel, filed his Fourth Motion to Extend Stay of Briefing.  On March 11, 2019, Abdul Kareem filed a new motion to dismiss his counsel before the Ninth Court of Appeals (CA Doc. 63) and on March 25, 2019, Abdul Kareem filed a Motion to Appoint Counsel in the District Court (DC Doc. 538).

Abdul Kareem's Fourth Motion to Extend Stay of Briefing accurately and efficiently sets out the reasons for a stay.  On March 27, 2019, the District Court denied Abdul Kareem's Motion to Compel Disclosures of Information from the Government.

By letter of March 15, 2019, the Government, for the first time, disclosed information that it had in its possession before Abdul Kareem's trial, including videos from a pole camera focused on Simpson and Soofi's apartment, the two individuals who conducted the Garland attack.  That camera was put in place and activated before the Garland attack.  That fact was never disclosed nor were any of the videos it captured.  Nor was information in the Government's possession regarding a potential witness, Sabir Nurse's ("Nurse").  At trial, it was disclosed that Simpson gave Nurse his car to pay him back for money Nurse gave to Simpson which counsel argued at trial was money to fund the Garland attack.  Nurse's cellphone was copied by the Government in September 2015 and this was not disclosed to Abdul Kareem's counsel until 2019.  The new discovery contains text communications between Nurse and Simpson in the days leading up to the Garland attack.  No communications with Abdul Kareem were documented during that time, although in the flurry of activities after the attack was foiled and the attackers identified, Nurse was in communication with Simpson's father

5

(starting May 4, 2015) and Simpson's brother, Dunston; a person known as Yayah, a potential witness included in the pre-appeal motion for new trial (on May 5, 2015); Khalid Bell, another potential witness included in the pre-appeal new trial motion (on May 4, 2015); but not Abdul Kareem. Nurse was the individual that Abdul Kareem's counsel argued at trial had funded the Garland attack, rather than Abdul Kareem, as argued by the Government. Drake and Maynard are in the process of reviewing the newly disclosed material and will seek additional information that the Government must have that has not been disclosed based upon these new disclosures. For example, there must be reports by the FBI that were prepared before authorizing the pole camera outside of Simpson and Soofi's apartment and there must be reports done by the FBI after it was taken down along with footage after May 3, 2015.

Additionally, there must be reports that authorized the Government to download Nurse's cellphone that included his address book, history of phone calls and copies of his text messages and the investigation the FBI did after the download. At trial, FBI Case Agent Whitson testified that he was not aware of any further investigations done of Nurse other than those that had been disclosed and that is now shown to be inaccurate. The Government should have turned over this material before Abdul Kareem's trial so that his counsel could have used it in planning Abdul Kareem's defenses. It certainly shows that Nurse had contacts with Bell and Yayah after the attack but not Abdul Kareem thus demonstrating that Abdul Kareem was not associated with Nurse. This information shows the greater importance of Nurse's, Bell's, and Yayah's testimony.

6

### B. Right to Counsel

The Sixth Amendment provides the right to counsel in all federal criminal prosecutions in which the defendant is accused of a felony. *Johnson v. Zerbst*, 304 U.S. 458, 467 (1938). An indigent defendant has an absolutely right to counsel appointed by the court. *Johnson*, 304 U.S. at 463 and the right to counsel appointed on appeal if the appeal is granted as of right. *Evitts v. Lucey*, 469 U.S. 387, 396 (1985).

A court may restrict the defendant's right to counsel under certain situations. A lawyer wants his/her client to have confidence in him or her and there needs to be open and candid communications. In this case, Abdul Kareem is obviously frustrated by the process and by the fact that over two years after his trial is completed, his attorneys are learning for the first time about information in the possession of the Government that has not been disclosed, *i.e.*, footage from a pole camera outside of Simpson's residence and information from Nurse's cellphone concerning communications with Simpson, Soofi and other potential witnesses prior to and right after the Garland attack. Certainly, there are FBI reports that explain the placement of the pole camera and the search of Nurse's phone that have not been disclosed.

Undersigned counsel want to have the confidence of Abdul Kareem in the work they are doing, and they have attempted to keep him informed of what they are doing on his behalf. There is a great deal of additional work that needs to be done both before the District Court to pursue a new trial and if that is denied then to appeal Abdul Kareem's conviction.

Undersigned counsel does not want to add to Abdul Kareem's frustration but they do not wish to be removed from the case either. They believe it is in Abdul Kareem's best interest for them to stay involved in the District Court matter and on the appeal. They are both conversant with the trial record and the record on appeal. It would be highly inefficient for new counsel to undertake representation of Abdul Kareem at this point and redo all the work that has been done by undersigned counsel. *See*, *e.g.*, *U.S. v. Mota-Santana*, 391 F.3d 42, 48 (1st Cir. 2004) (right to counsel not violated by denial of Defendant's request for substitution because work of counsel was "practically at an end."); *U.S. v. Robinson*, 662 F.3d 1028, 1032 (8th Cir. 2011)(right to counsel not violated by denial of Defendant's motion for continuance to replace counsel because of delay and inefficiency concerns). Undersigned counsel believes it would take new counsel at least a year or 18 months, putting other matters aside, to come up to speed on the current record in this matter.

Several circuits have relied on three factors when deciding a motion to substitute counsel: (1) the timeliness of the motions; (2) the adequacy of the trial court's inquiry into the defendant's complaint; and (3) the extent of the conflict between the defendant and counsel. *U.S. v. Shea*, 493 F.3d 1110, 1119 (9th Cir. 2007)(court properly denied motion to substitute counsel because motion made midtrial and defendant had communicated with attorney).

In the present case, the relationship between Abdul Kareem and his lawyers is not good. Undersigned counsel both spoke to Abdul Kareem in Florence, Colorado on February 19, 2019 and believed they had answered all of his questions and concerns

and he agreed to withdraw his motions to dismiss counsel. However, he refiled them within a few weeks. Undersigned counsel both spoke to Abdul Kareem in a conference call on April 3, 2019 and Abdul Kareem claimed he had lost confidence in his lawyers and wants new counsel even if it means his current motions and appeals would be put off for a year or more. That said, the district court is in the best position to deal with this issue, including hearing personally from Abdul Kareem and his lawyers. The former could be done by video or conference call, should the District Court wish to make that inquiry.

**C.     Conclusion**

For all of the above stated reasons, the Courts should deny Abdul Kareem's motion to dismiss counsel and permit undersigned counsel to finish the work they have started by seeing through to completion the motion for a new trial they have filed and if necessary to finish the pending appeal.

RESPECTFULLY SUBMITTED this 10th day of April, 2019.

**MAYNARD CRONIN ERICKSON CURRAN & REITER, P.L.C.**

By /s/Daniel D. Maynard
    Daniel D. Maynard
    3200 North Central Avenue, Ste. 1800
    Phoenix, Arizona 85012
    Attorneys for Defendant/Appellant

**DRAKE LAW, PLC**

By  /s/Daniel R. Drake
    Daniel R. Drake
    4340 East Indian School Road
    Suite 21-113
    Phoenix, Arizona 85018
    Attorney for Defendant/Appellant

## CERTIFICATE OF SERVICE

I hereby certify that on April 10, 2019, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to CM/ECF registrants:

AUSA Joseph E. Koehler

AUSA Kristen Brook

Additionally, a copy was served upon Mr. Abdul Kareem by first class letter, postage prepaid, at:

    Abdul Malik Abdul Kareem  #44126-408
    FCI Florence
    Federal Correctional Institution
    PO Box 6000
    Florence, CO  81226

      /s/Stacey McClellan
      Stacey McClellan