Daniel D. Maynard, No. 009211
**MAYNARD CRONIN ERICKSON**
**CURRAN & REITER, P.L.C.**
3200 North Central Avenue, Suite 1800
Phoenix, Arizona 85012
(602) 279-8500
dmaynard@mmcec.com

Daniel R. Drake, No.003781
**DRAKE LAW, PLC**
4340 East Indian School Road, Suite 21-113
Phoenix, Arizona 85018
(602) 881-5341
drakelawplc@gmail.com

Attorneys for Defendant

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>                              Plaintiff/Respondent,<br><br>          v.<br><br>Abdul Malik Abdul Kareem,<br><br>                              Defendant/Movant. | 2:15-cr-00707-SRB<br><br>**ABDUL MALIK ABDUL KAREEM'S MOTION FOR EVIDENTIARY HEARING**<br><br>**(Oral Argument Requested)** |

Defendant Abdul Malik Abdul Kareem moves the Court to hold an evidentiary hearing regarding the actions of the government, and specifically the actions of the Federal Bureau of Investigation, in discharging its obligation to provide documents and objects within its possession that are material to the defendant preparing his defense in this case, as required by Fed. R. Crim. P. 16(a)(1)(E)(i), and to prevent a violation of his Constitutional rights to due process and the assistance of counsel.

This motion is supported and explained by the following memorandum.

1

Excludable delay under 18 U.S.C. § 3161(h) will not occur as a result of this notice or an order based thereon.

RESPECTFULLY SUBMITTED this 4th day of June, 2019.

**MAYNARD CRONIN ERICKSON**             **DRAKE LAW, PLC**
**CURRAN & REITER, P.L.C.**

/s/Daniel D. Maynard                            /s/Daniel R. Drake
DANIEL D. MAYNARD                          DANIEL R. DRAKE

## **MEMORANDUM**

Here we are three years after the trial and the FBI has produced to government counsel a host of items it had its possession at the time in of trial but never disclosed to government counsel, who, of course, could not disclose the unknown information to defense counsel.  Given these circumstances, the Court can have little confidence that the government's disclosure obligations were carried out, or that the defendant received a fair trial without an evidentiary hearing and further inquiry.  The record from the evidentiary hearing may inform the Court's decision on what sanctions are appropriate.

Here, the prosecution asserts that at the time of trial in February and March 2016 it was unaware of:

1.  the existence of the May 2015 pole camera;

2.  the fact that Nurse's cell phone was imaged in September 2015;

3.  the contents of Nurse's passport, capture in September 2015;

4.  the existence of the Tactical Intel Report created in March 2015;

5.  the fact the Tactical Intel Report was sent to FBI Dallas in 2015;

6.  the fact an undercover agent was in electronic communication with Simpson;

7. the fact the UCA responded to one of Simpson's communications with "tear up Texas;" and,

8. the fact the UCA was driving around the Culwell Center in Garland and happened to be behind Simpson and Soofi when they began their attack.

These are no small items, and each item above can be unpeeled like an onion to reveal further information favorable to the defense and material to innocence or punishment.

An evidentiary hearing is called for in these circumstances; it is within the Court's discretion.  How else can the Court understand how it was possible that certain information, like the existence of a pole camera capturing videos of the attackers' apartment prior to the attack or the fact that Saabir Nurse's cell phone had been imaged in September 2015, had not been shared with the prosecutor's trying the case. Presumably, neither of these facts nor their import was referenced in the government's first CIPA submission on February 8, 2016, shortly before trial.  Docs. 193 and 194.

The Court also needs to understand how some "puppeteer" decided which of three related cases (Kareem, Hendricks, and Wahid) and one investigation (Nurse) would go first and what evidence would be available for use at each trial.  It was not the attorney presenting the government's cases in the District of Arizona, if he is to be believed in his claims that he did not know about the above evidence.  The fact he turned over such information shortly after learning of it suggests he is not the puppeteer and has acted properly upon learning of the items listed above.[1]   Who, then, is

---

[1]   Government trial counsel even made a second CIPA submission to ensure he was acting properly in withholding the true name and other information about FBI Undercover Agent "Stephen Jane.' Docs. 405 and 406.

discharging the government's obligations under Amendments V and VI, cases such as *Brady v. Maryland*, and the requirements of the Federal Rules of Criminal Procedure?

**Legal Discussion**

The district court has broad powers to regulate discovery.  Fed. R. Crim. P. 16(d) provides in pertinent part:  "At any time to court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief."  Pending is a motion for new trial under Fed. R. Crim. P. 33.  That rule provides in part "Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires."  Rule 33(a).  The matters mentioned above occurred off record.  "Evidentiary hearings are particularly appropriate when "claims raise facts which occurred out of the courtroom and off the record."  *United States v. Chacon-Palomares*, 208 F.3d 1157, 1159 (9th Cir. 2000)

In short, the Court has sufficient authority to conduct an evidentiary hearing about the discovery practices in this case.  The circumstances of the case in which information is apparently withheld from or revealed to the prosecuting attorney is troublesome at best.  This process impacted the defendant's right to due process and a fair trial under the Fifth Amendment and his right to the effective assistance of counsel, they should be explored.

Additionally, the defense would like the opportunity to submit the newly provided evidence so that is a part of the record and can be reviewed by the appellate court, if needed.

**Conclusion**

For the foregoing reasons, this Court should hold an evidentiary hearing to explore the discovery practices in this case.  Failure to conduct such an evidentiary hearing will leave the record concerning discovery in this case an unfathomable mess. It will leave appeal judges scratching their heads about how all this could have happened in what we have come to believe is an orderly system of criminal justice.

RESPECTFULLY SUBMITTED this 4th day of June, 2019.

**MAYNARD CRONIN ERICKSON**
**CURRAN & REITER, P.L.C.**

By   /s/Daniel D. Maynard
   Daniel D. Maynard
   3200 North Central Avenue, Ste. 1800
   Phoenix, Arizona 85012
   Attorneys for Defendant/Appellant

**DRAKE LAW, PLC**

By   /s/Daniel R. Drake
   Daniel R. Drake
   4340 East Indian School Road
   Suite 21-113
   Phoenix, Arizona 85018
   Attorney for Defendant/Appellant

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 4, 2019, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to CM/ECF registrants:   AUSA Joseph E. Koehler and AUSA Kristen Brook.   Additionally, a copy was served upon Mr. Abdul Kareem by first class letter, postage prepaid, at:

   Abdul Malik Abdul Kareem #44126-408
   FCI Florence

1  Federal Correctional Institution
   PO Box 6000
2  Florence, CO  81226

3

4                                          /s/Stacey McClellan
                                           Stacey McClellan
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28