MICHAEL BAILEY
United States Attorney
District of Arizona

KRISTEN BROOK
Arizona State Bar No. 023121
JOSEPH E. KOEHLER
Arizona State Bar No. 013288
Assistant U.S. Attorneys
Two Renaissance Square
40 N. Central Ave., Suite 1200
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: kristen.brook@usdoj.gov
Email: joe.koehler@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>             Plaintiff,<br><br>    v.<br><br>Abdul Malik Abdul Kareem,<br><br>             Defendant. | No. CR-15-00707-01-PHX-SRB<br><br>**MOTION FOR LEAVE TO FILE SUR-REPLY** |

The United States, through undersigned counsel, respectfully request the Court grant it leave to file a sur-reply to address new arguments and allegations in defendant Kareem's Reply to Government's Response to Defendant's Supplemental Motion for New Trial (CR 559) and Declaration of Daniel D. Maynard (CR 559-1.). In his reply, Kareem asserted new arguments that were not part of his original Supplemental Motion (CR 505) or his Addendum to the motion (CR 543) and attached a new, 19-page declaration from counsel, Daniel D. Maynard. The Maynard Declaration contains counsel's interpretations of various pieces of evidence and testimony not previously addressed in the Supplemental Motion or Addendum. The declaration contains self-serving interpretations and argument that add to the content of the Reply without causing it to further exceed the page limit. The

inclusion of new arguments and factual allegations has deprived the government an opportunity to respond to those matters. Therefore, the government respectfully requests leave to file a sur-reply to address the new arguments and allegations. *Cf. United States v. Graves*, 925 F.3d 1036, 1039 n.2 (9th Cir. 2019) (considering new argument when issue fully developed after supplemental briefing); *Eberle v. City of Anaheim*, 901 F.2d 814, 818 (9th Cir. 1990) ("[A]ppellants cannot raise a new issue for the first time in their reply briefs.").

Specifically, Kareem advances the following new arguments and allegations in the Reply that were not set forth in the Supplemental Motion or the Addendum:

1. The government used Saabir Nurse's phone records during the trial against Abdul Khabir Wahid; therefore, the information from the phone would have been relevant to Kareem's defense in his trial. (CR 559 at 7.)

2. The government called Mustafa Hassan during Kareem's trial to testify about Kareem's having been with Simpson and Soofi on April 30, 2015, in order to create the implication "that they were together planning the attack." (CR 559 at 4.)

3. The content from Nurse's phone showed that Nurse visited Wahid's apartment on May 6, 2015, at 2:27 a.m. Further, the content "confirms that Kareem did not communicate much with Nurse and it further shows the relationship between Nurse and Wahid." (CR 559 at 7.)

4. Nurse's travel out of the country from May 28, 2015, until September 26, 2015, "was material to bolster the argument . . . that he did not need a job and one could infer that he left the country due to his concern about the Garland attack until he learned that Kareem had been arrested." (CR 559 at 7-8.)

5. Special Agent Whitson testified during the Kareem trial that FBI agents again interviewed Nurse following a meeting Whitson held with those agents after the discovery of the letter from Simpson to Nurse. No documentation of those interviews has been produced. (CR 559 at 9; 559-1 at 6.)

6.      Special Agent Kim Jensen testified during the Wahid trial about the importance of the FBI's having learned that Wahid gave Nurse a key and an envelope believed to contain the title to Simpson's car and a letter from Simpson to Nurse. "Based on SA Jensen's testimony, it is only logical that the FBI conducted further investigation in to Nurse before Kareem's trial or it should have to explain why not. . . . [I]t appears the FBI purposely may have waited until after Kareem's trial to conduct its investigation of Nurse." (CR 559 at 9-10.)

7.      The defense received no explanation on why the tactical intel report (previously described as a "lookout") was created in March 2015. If Simpson was under surveillance in March 2015 it would "show little connection between Simpson and Kareem and put the lie to much of [A.S.'s] testimony." (CR 559 at 10-11.)

8.      "The testimony of [A.S.] in *Wahid* is inconsistent with his testimony in Kareem's case . . . ." (CR 559 at 13; 559-1 at 16.)

9.      The prosecutor's opening statement in the Hendricks trial is a party admission, and "logic suggests that having made a statement to one effect on a given issue should estop that party from later asserting a contrary position." (CR 559 at 14 n.2.)

The government respectfully disagrees with the foregoing new arguments and allegations. Further none of the issues presented falls within the scope of the government's discovery obligations under Rule 16, *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), or any other doctrine.

//

//

//

//

//

//

Given the inaccuracies of the new arguments set forth in the reply, the government respectfully requests leave to file a sur-reply addressing those arguments. Undersigned counsel have contacted Daniel Drake, counsel for the defendant, who stated the defense does not object to this motion.

Respectfully submitted this 12th day of July, 2019.

MICHAEL BAILEY
United States Attorney
District of Arizona

*s/ Kristen Brook*
*s/ Joseph E. Koehler*
KRISTEN BROOK
JOSEPH E. KOEHLER
Assistant U.S. Attorneys

CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of July, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, and that true and accurate copies have been transmitted electronically to counsel for the defendant via the ECF system.

Daniel Drake & Daniel Maynard, Attorneys for Defendant

By: */s Joseph E. Koehler*