MICHAEL BAILEY
United States Attorney
District of Arizona

KRISTEN BROOK
Arizona State Bar No. 023121
JOSEPH E. KOEHLER
Arizona State Bar No. 013288
Assistant U.S. Attorneys
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: kristen.brook@usdoj.gov
Email: joe.koehler@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-15-00707-01-PHX-SRB |
| Plaintiff, | |
| v. | **ADDENDUM TO GOVERNMENT'S RESPONSE TO SUPPLEMENTAL MOTION FOR NEW TRIAL** |
| Abdul Malik Abdul Kareem, | |
| Defendant. | |

The United States, through undersigned Counsel, respectfully submits the following information and argument as an addendum to its response to Kareem's Supplemental Motion for New Trial.

**Timeliness of Kareem's Addendum**

While preparing the response to Kareem's Motion to Dismiss, undersigned counsel reviewed the various filings in this case and realized Kareem's Addendum to his Supplemental Motion for New Trial, which raised the issues of post-trial disclosure of pole camera footage, the extraction of Saabir Nurse's cell phone, and Nurse's passport and travel records, was filed more than three years after the verdict in this case. Federal Rule of Criminal Procedure 33 requires a motion for new trial

to be filed within three years of the date of the return of the guilty verdict in a criminal case. The jury returned its verdict in this case on March 17, 2016. Kareem filed his Addendum in support of his Supplemental Motion for New Trial on April 26, 2019, more than one month past the three-year deadline from the date of the jury's verdict.

Rule 33 sets forth a "rigid," "inflexible," "claim-processing rule"[1] that must be followed if properly asserted before a court reaches the merits of a motion for new trial. *Eberhart v. United States*, 546 U.S. 12, 13, 19 (2005) (discussing previous Supreme Court and circuit court decisions referring to time limits in criminal and civil rules as both "jurisdictional" and "claim-processing" rules, and concluding Rule 33 sets forth a "claim-processing" rule). In *Eberhart*, the government responded on the merits to an untimely supplemental memorandum in support a motion for new trial. *Id*. at 13-14. The district court subsequently granted the motion.

The government appealed, asserting untimeliness, and the court of appeals reversed. The court of appeals relied on language in prior Supreme Court cases[2] in finding Fed. R. Crim. P. 33 and 45(b) set forth jurisdictional time limits that could be raised for the first time on appeal. *Id.* at 14. The Supreme Court reversed, finding that although its prior decisions used the word "jurisdictional," the central point of the prior decisions was that "when the Government objected to a filing untimely under Rule 37, the court's duty to dismiss was mandatory." *Id*. at 18. The Court noted the net effect of its prior opinion in an intervening case was "to admonish the Government that failure to object to untimely submissions entails forfeiture of the objection, and to admonish defendants that timeliness is of the essence . . . ." *Id*.

---

[1] The government incorrectly relied on earlier cases that referred to Rule 33 as jurisdictional in its response to Kareem's Motion to Dismiss. Undersigned counsel are contemporaneously filing a notice of errata with respect that assertion.

[2] *United States v. Robinson*, 361 U.S. 220 (1960), and *United States v. Smith*, 331 U.S. 469 (1947).

The Court went on to note that "Rule 33 . . . is a claim-processing rule – one that is admittedly inflexible because of Rule 45(b)'s insistent demand for a definite end to proceedings. These claim-processing rules thus assure relief to a party properly raising them, but do not compel the same result if the party forfeits them." *Id*. at 19. Although the Court in *Eberhart* addressed the time limit for new trial motions based on reasons other than newly-discovered evidence in Rule 33(b)(2), its analysis applies with equal force to newly-discovered evidence claims under Rule 33(b)(1). *See United States v. Berry*, 624 F.3d 1031, 1038-39 (9th Cir. 2010) (citing *Eberhart*, construing claims raised in § 2255 motion based only on newly-discovered evidence as motion for new trial under Rule 33 and finding them untimely under Rule 33(b)(1)).

In this case, Kareem filed his Addendum to his Supplemental Motion for New Trial on April 26, 2019. (CR 541.) Because the Addendum raised new claims in support of the Supplemental Motion for New Trial more than three years after the jury's March 17, 2016, verdict, the Addendum is untimely. Kareem may point to the fact that the items raised in the Addendum (the pole camera video and extraction of Saabir Nurse's cell phone) were disclosed on March 15, 2019, as the reason for the late filing. However, the government informed Kareem more than a month earlier that those items existed. (*See* CR 534 at 2-3 (Reply in support of Kareem's Amended Motion to Compel Disclosure filed 2/26/19 and referring to having received notice of the pole camera and cell phone extraction two weeks earlier).) Kareem could have timely filed an addendum raising the existence of those items prior the three-year deadline and then soon thereafter submitted a more fulsome analysis of those items. Importantly, a mechanism remains available to Kareem to raise those his constitutional claims about the pole camera footage and the cell phone extraction under 28 U.S.C. § 2255.

The government respectfully submits it has objected to the filing's untimeliness prior to the Court's having reached the merits of the Supplemental

Motion for New Trial, and therefore the Court should reject the Addendum as untimely.

### Pretrial Notice to the Defense Regarding Simpson-UCE Communications

In preparation for the evidentiary hearing set for October 15, 2019, undersigned counsel reviewed search warrant applications and affidavits that agents submitted to the Court in the immediate aftermath of the Garland attack. In reviewing the affidavits, undersigned counsel discovered the following paragraphs in the search warrant affidavit for Simpson's Surespot, Whatsapp, and Google+ accounts:

> 29. Based on my training and experience, terrorists use social media sites and messaging applications such as Surespot, WhatsApp, and Google+, to exchange terrorist training videos, share manuals and doctrine, provide bomb making instructions and promulgate support for extreme violent ideology. Terrorists also often use such sites and/or applications to communicate to one another regarding plans for attacks. It is reasonable to believe that Simpson and Soofi communicated, conspired, shared or received ideas through their various social media sites to coordinate and execute the attack on May 3, 2015 in Garland, Texas.
> 30. On or about April 23, 2015, Simpson, utilizing Surespot Account Juba1911, conversed with an FBI Undercover Employee (UCE).

(Attachment 1, Search Warrant No. 15-7328MB at 19.)

The government disclosed search warrants, applications, and results, on Bates # 436, a 1TB hard drive, on October 13, 2015. In addition, the attached search warrant was unsealed by the Court and became a public record of the Court on May 26, 2015. Thus, it was available to the defense independently from the inception of this case on June 10, 2015.

Kareem has argued, in his Supplemental Motion for New Trial and elsewhere, that knowledge of Simpson's communications with Erick Jamal Hendricks and the FBI undercover employee would have enabled him to point at other possible conspirators as motivators and bankrollers of Simpson's and Soofi's attack plans. The information about which Kareem complains he lacked notice was available as a

| | |
|---|---|
| 1 | public record of the Court since before Kareem's arrest on June 10, 2015, and was |
| 2 | provided to the defense in discovery on October 13, 2015. |

Kareem received disclosure of information that the FBI had reason to believe Simpson and Soofi "communicated, conspired, shared or received ideas through their various social media sites," and that Simpson communicated with an FBI undercover employee on or about April 23, 2015 (although Kareem did not have access to the communications themselves). Therefore, the government did not "suppress" the information revealed in the search warrant affidavit. *See United States v. Agurs*, 427 U.S. 97, 103 (1976) (*Brady* applies to information unknown to the defense); *Diep v. Cate*, 749 Fed. Appx. 534, 536 (9th Cir. 2018) (citing *United States v. Aichelle*, 941 F.2d 761, 764 (9th Cir. 1991) (no suppression when "defendant has enough information to be able to ascertain the supposed *Brady* material on his own")); *United States v. Bond*, 552 F.3d 1092, 1095 (9th Cir. 2009) (same).

**Conclusion**

Based on the foregoing, the United States respectfully requests the Court reject Kareem's Addendum in support of his Supplemental Motion for New Trial and the related arguments in Kareem's Reply as untimely. The government further requests the Court find that Kareem possessed the information contained in Search Warrant No. 15-7328MB, as part of its analysis of Kareem's claims in his Supplemental Motion for New Trial.

Respectfully submitted this 13th day of September, 2019.

MICHAEL BAILEY
United States Attorney
District of Arizona

*s/ Kristen Brook*
*s/ Joseph E. Koehler*
KRISTEN BROOK
JOSEPH E. KOEHLER
Assistant U.S. Attorneys

CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of September, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, and that true and accurate copies have been transmitted electronically to counsel for the defendant via the ECF system.

Daniel Drake & Daniel Maynard, Attorneys for Defendant

By: */s Joseph E. Koehler*