United States v. Abdul Malik Abdul Kareem
CR 15-0707-SRB

# EXHIBIT 1

FILED IN OPEN COURT

12/20/2017

CLERK, U. S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                                        CASE NO. 3:17-cr-249-J-39MCR

JOSHUA RYNE GOLDBERG

## PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by

W. Stephen Muldrow, Acting United States Attorney for the Middle District

of Florida, and the defendant, JOSHUA RYNE GOLDBERG, and the

attorney for the defendant, Paul Shorstein, Esq., mutually agree as follows:

## A.     Particularized Terms

1.      Count(s) Pleading To

The defendant shall enter a plea of guilty to Count One of the

Information.  Count One charges the defendant with attempted malicious

damage and destruction by an explosive of a building, in violation of

18 U.S.C. § 844(i).

2.      Minimum and Maximum Penalties

Count One is punishable by a mandatory minimum term of

imprisonment of five (5) years and up to twenty (20) years, up to a fine of

$250,000, or both a term of imprisonment and a fine, a term of supervised

Defendant's Initials JRG          AF Approval BJ

release of up to life, and a special assessment of $100. With respect to certain offenses, the Court shall order the defendant to make restitution to any victim of the offense(s), and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offense(s), or to the community.

3. Elements of the Offense(s)

The defendant acknowledges understanding the nature and elements of the offense(s) with which defendant has been charged and to which defendant is pleading guilty. The elements of Count One are:

First: That the Defendant knowingly intended to commit the crime of malicious damage or destruction by an explosive of a building used in or affecting interstate or foreign commerce; and

Second: The Defendant's intent was strongly corroborated by his taking a substantial step toward committing the crime.

4. Indictment Waiver

Defendant will waive the right to be charged by way of Indictment before a federal grand jury.

5. Term of Incarceration -- Joint Recommendation

Pursuant to the Fed. R. Crim. P. 11(c)(1)(B), the United States and the defendant agree to jointly recommend to the Court that the defendant be sentenced to a period of eight (8) years of incarceration. The parties

Defendant's Initials JRG          2

understand that such a joint recommendation is not binding on the Court and that, if it is not accepted by this Court, neither the United States nor the defendant will be allowed to withdraw from the plea agreement, and the defendant will not be allowed to withdraw from the plea of guilty.

6.      Incarceration Location -- Joint Recommendation

The United States and the defendant agree to jointly recommend that the Court recommend to the Bureau of Prisons that any period of incarceration imposed upon the defendant in this case be served at a Federal Medical Center, preferably the Federal Medical Center in Butner, North Carolina.  The parties understand that such a joint recommendation is not binding on the Court and that, if it is not accepted by this Court, neither the United States nor the defendant will be allowed to withdraw from the plea agreement, and the defendant will not be allowed to withdraw from the plea of guilty.  The parties further understand that any recommendation by the Court is not binding upon the Bureau of Prisons, and that, if such recommendation is not accepted by the Bureau of Prisons, the defendant will not be allowed to withdraw from the plea of guilty.

Defendant's Initials JRG                    3

7.    Supervised Release -- Joint Recommendation

The United States and the defendant agree to jointly recommend to the Court that the defendant receive a term of life time supervised release. The parties understand that such a joint recommendation is not binding on the Court and that, if it is not accepted by this Court, neither the United States nor the defendant will be allowed to withdraw from the plea agreement, and the defendant will not be allowed to withdraw from the plea of guilty.

8.    Terrorism Enhancement

The United States and the defendant agree that pursuant to USSG § 3A1.4, the offense is a felony that involved, or was intended to promote, a federal crime of terrorism and the base offense level shall be increased by 12 levels.  Additionally, the defendant's criminal history shall be increased to Category VI.

9.    Acceptance of Responsibility - Three Levels

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG §3E1.1(a).  The defendant understands that this recommendation or

Defendant's Initials JRG                    4

request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG §3E1.1(b) and all terms of this Plea Agreement, including but not limited to, the timely submission of the financial affidavit referenced in Paragraph B.5., the United States agrees to file a motion pursuant to USSG §3E1.1(b) for a downward adjustment of one additional level. The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

10.   Forfeiture of Assets

The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 18 U.S.C. §§ 981(a)(1)(G) and 28 U.S.C. § 2461(c), whether in the possession or control of the United States, the defendant or

Defendant's Initials JRG                    5

defendant's nominees.  The assets to be forfeited specifically include, but are not limited to, the following:

a.      a Nokia Lumia 521 phone w/cord,
        IMEI # 355913057737970;

b.      an Apple Ipad Mini w/case, serial number
        F79MQUTSF196;

c.      a Lenovo Y70-70 Touch model 80DU laptop computer,
        serial number MP06SDR9, w/power cord; and

d.      a Hewlett-Packard model G7-2270us laptop computer,
        serial number 5CD3105Q2D,

which assets were used to facilitate the violation charged in Count One.

The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil judicial or administrative forfeiture action.  The defendant also agrees to waive all constitutional, statutory and procedural challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture described herein constitutes an excessive fine, was not properly noticed in the charging instrument, addressed by the Court at the time of the guilty plea, announced at sentencing, or incorporated into the judgment.

The defendant admits and agrees that the conduct described in the Factual Basis below provides a sufficient factual and statutory basis for the

Defendant's Initials _JRG_                    6

forfeiture of the property sought by the government. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, the defendant agrees that the preliminary order of forfeiture will satisfy the notice requirement and will be final as to the defendant at the time it is entered. In the event the forfeiture is omitted from the judgment, the defendant agrees that the forfeiture order may be incorporated into the written judgment at any time pursuant to Fed. R. Crim. P. Rule 36.

The defendant agrees to take all steps necessary to identify and locate all property subject to forfeiture and to transfer custody of such property to the United States before the defendant's sentencing. The defendant agrees to be interviewed by the government, prior to and after sentencing, regarding such assets and their connection to criminal conduct. The defendant further agrees to be polygraphed on the issue of assets, if it is deemed necessary by the United States. The defendant agrees that Fed. R. Crim. P. Rule 11 and USSG § 1B1.8 will not protect from forfeiture any assets disclosed by the defendant as part of the defendant's cooperation.

The defendant agrees to take all steps necessary to assist the government in obtaining clear title to the forfeitable assets before the defendant's sentencing. In addition to providing full and complete information about forfeitable assets, these steps include, but are not limited to, the surrender

Defendant's Initials _JRG_                              7

of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers.  To that end, the defendant agrees to make a full and complete disclosure of all assets over which defendant exercises control directly or indirectly, including all assets held by nominees, to execute any documents requested by the United States to obtain from any other parties by lawful means any records of assets owned by the defendant, and to consent to the release of the defendant's tax returns for the previous five years.  The defendant agrees to be interviewed by the government, prior to and after sentencing, regarding such assets and their connection to criminal conduct.

The defendant agrees that the United States is not limited to forfeiture of the property specifically identified for forfeiture in this Plea Agreement.  If the United States determines that property of the defendant identified for forfeiture cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty; then the United States shall, at its option, be entitled to forfeiture of any other property (substitute assets) of the defendant up to the value of any property described above.  The Defendant expressly consents to the forfeiture of any substitute assets sought by the Government.  The defendant agrees that

Defendant's Initials JRG                          8

forfeiture of substitute assets as authorized herein shall not be deemed an alteration of the defendant's sentence.

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

The defendant agrees that, in the event the Court determines that the defendant has breached this section of the Plea Agreement, the defendant may be found ineligible for a reduction in the Guidelines calculation for acceptance of responsibility and substantial assistance, and may be eligible for an obstruction of justice enhancement.

The defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive the defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if the defendant had survived, and that determination shall be binding upon defendant's heirs, successors and assigns until the agreed forfeiture is collected in full.

Defendant's Initials JRG                    9

## B.     Standard Terms and Conditions

### 1.     Restitution, Special Assessment and Fine

The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, shall order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1); and the Court may order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663, including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement. The defendant further understands that compliance with any restitution payment plan imposed by the Court in no way precludes the United States from simultaneously pursuing other statutory remedies for collecting restitution (18 U.S.C. § 3003(b)(2)), including, but not limited to, garnishment and execution, pursuant to the Mandatory Victims Restitution Act, in order to ensure that the defendant's restitution obligation is satisfied.

On each count to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. § 3013. To ensure that this obligation is satisfied, the Defendant agrees to deliver a check or money order

Defendant's Initials JRG            10

to the Clerk of the Court in the amount of $100.00, payable to "Clerk, U.S. District Court" within ten days of the change of plea hearing.

The defendant understands that this agreement imposes no limitation as to fine.

### 2. Supervised Release

The defendant understands that the offense(s) to which the defendant is pleading provide(s) for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

### 3. Immigration Consequences of Pleading Guilty

The defendant has been advised and understands that, upon conviction, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

### 4. Sentencing Information

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities,

Defendant's Initials _JRG_                    11

if any, not limited to the count(s) to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

5.      Financial Disclosures

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United States Attorney's Office within 30 days of execution of this agreement an affidavit reflecting the defendant's financial condition. The defendant promises that his financial statement and disclosures will be complete, accurate and truthful and will include all assets in which he has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, dependent, nominee or other third party. The defendant further agrees to execute any documents requested by the United States needed to obtain from any third parties any records of assets owned by the defendant, directly or through a nominee, and, by the execution of this Plea Agreement, consents to the release of the defendant's tax returns for the previous five years. The defendant similarly agrees and authorizes the United States Attorney's Office to provide to, and obtain from, the United States

Defendant's Initials JRG                    12

Probation Office, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court. The defendant expressly authorizes the United States Attorney's Office to obtain current credit reports in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

6.    Sentencing Recommendations

It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office. Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw

Defendant's Initials ___JRG___                    13

defendant's plea pursuant to this plea agreement.  The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

7.      <u>Defendant's Waiver of Right to Appeal the Sentence</u>

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

Defendant's Initials JRG                    14

8.      <u>Middle District of Florida Agreement</u>

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

9.      <u>Filing of Agreement</u>

This agreement shall be presented to the Court, in open court or <u>in camera</u>, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

10.      <u>Voluntariness</u>

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation

Defendant's Initials JRG            15

and advice received from defendant's undersigned counsel (if any). The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

11.    Factual Basis

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set

Defendant's Initials JRG                     16

forth in the attached "Factual Basis," which is incorporated herein by reference, are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

12.     Entire Agreement

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

13.     Certification

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this ____ day of ~~November,~~ 2017.
December

                                            W. STEPHEN MULDROW
                                            Acting United States Attorney


_JOSHUA RYNE GOLDBERG_                       _KEVIN C. FREIN_
JOSHUA RYNE GOLDBERG                         KEVIN C. FREIN
Defendant                                    Assistant United States Attorney


_PAUL SHORSTEIN, ESQ._                       _FRANK TALBOT_
PAUL SHORSTEIN, ESQ.                         FRANK TALBOT
Attorney for Defendant                       Assistant United States Attorney
                                             Chief, Jacksonville Division


Defendant's Initials _JRG_                   17

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                               CASE NO. 3:17-cr-

JOSHUA RYNE GOLDBERG


PERSONALIZATION OF ELEMENTS


1.     Beginning on an unknown date, but not later than in or about July 2015, and continuing through on or about September 10, 2015, in the Middle District of Florida, and elsewhere, did you attempt to maliciously damage and destroy, by means of an explosive, a building used in or affecting interstate or foreign commerce, to-wit: the Town Pavilion building located at 1120 Walnut Street, Kansas City, Missouri, which is used by multiple tenant businesses which conduct commerce throughout the United States and/or the world?

2.     Beginning on an unknown date, but not later than in or about July 2015, and continuing through on or about September 10, 2015, in the Middle District of Florida, and elsewhere, was your intent to commit the crime of malicious damage and destruction, by means of an explosive, of a building, to-wit: the Town Pavilion building, which was strongly corroborated

Defendant's Initials _JRG_                    18

by you taking the substantial steps of multiple on-line communications with an individual about making an explosive device; sending the same individual five (5) web-site links that contained instructions for the construction of explosive devices including pipe bombs and other incendiary devices; choosing a Kansas City location for the detonation of the explosive device; choosing the 9/11 memorial ceremony being held at the Town Pavilion building as the specific site of the detonation; and providing the same individual with the memorial ceremony web-site address which contained date, time, and street address information?

Defendant's Initials _JRG_       19

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                          CASE NO. 3:17-cr-

JOSHUA RYNE GOLDBERG


### FACTUAL BASIS


In the summer of 2015, the FBI and law enforcement from Australia began investigating the on-line name "AusWitness" and associated on-line names and determined that "AusWitness" was Joshua Ryne Goldberg (Goldberg). Goldberg came to the attention of the FBI and Australian law enforcement due in part to his postings concerning the May 3, 2015, attack by two gunman at the Muhammad Art Exhibit and Contest in Garland, Texas. Prior to the attack, Goldberg posted a map of the location of the contest, urged anyone in the area to attack "with your weapons, bombs, or knives," and posted, "I'M BACK KUFFAR! DIE IN YOUR RAGE!" Goldberg's posting was copied by gunman Elton Simpson, one of the two individuals who was killed during the May 3, 2015, attack. On August 26, 2015, the FBI located an on-line posting wherein Goldberg took responsibility for inspiring the Garland attack as well as two other planned attacks.



Beginning on or about July 26, 2015, an FBI confidential human source (CHS) began exchanging messages with Goldberg as "AusWitness" on social media. Between July 26, 2015 and July 28, 2015, Goldberg stated that he was attempting to get an individual in Melbourne, Australia to carry out a terrorist attack. Goldberg and the CHS continued their communications through the end of July into mid-August. On August 19, 2015, Goldberg began a discussion with the CHS about committing a bombing in the United States. During portions of that conversation Goldberg asked what weapons the CHS had and offered to send bomb-making guides to the CHS. On the same date, Goldberg sent the CHS five web-site links containing instructions for making an explosive device, to include pipe bombs and other incendiary devices.

On August 20, 2015, Goldberg asked the CHS what kind of attack the CHS wanted to carry out, and stated that he (Goldberg) was thinking of pipe bombs at a large public event. Goldberg later said that a pressure cooker bomb may be even better. When Goldberg learned that the CHS was located in the Midwest, Goldberg asked the CHS if he would be able to drive to Kansas City to carry out an attack.

On August 24, 2015, Goldberg told the CHS that he (Goldberg) had found the "perfect place" to target on September 11, 2015, and sent the CHS a link to "kansascitystairclimb.com." The Kansas City Stair Climb is a

Defendant's Initials JRG                                    2

memorial event where firefighters from the Kansas City region and members of the community participate in a stair climb to honor New York City's first responders who were killed in the attacks of September 11, 2001. The event occurs inside the stairwell of a 38-story skyscraper known as the Town Pavilion (Pavilion) building located at 1100 Walnut Street, Kansas City, Missouri. Among other tenants at the Pavilion are Bank Midwest and PriceWaterhouseCooper (PWC). Bank Midwest is a division of National Bank Holdings, which operates 86 banking centers throughout Colorado, Kansas, Missouri and Texas, with branches in Missouri and Kansas. Bank Midwest offers personal and business loans to customers. PWC is a business that operates throughout the world and offers among other services, auditing and tax services to businesses. Midwest Bank and PWC engage in commerce throughout the United States and/or the world and their activities at their branch offices inside the Pavilion affect interstate and foreign commerce.

On August 27, 2015, Goldberg and the CHS continued their discussion regarding the construction of a pressure cooker bomb. During this discussion, Goldberg instructed the CHS to place the bomb near the crowd at the designated memorial event and to ensure it was very well hidden.

On August 28, 2015, Goldberg provided the CHS with a list of items to use in the pressure cooker bomb including shards of metal, nails, and broken

Defendant's Initials _JRG_                     3

glass. Goldberg then instructed the CHS to dip screws and other shrapnel in rat poison before putting them in the pressure cooker bomb in order to inflict more casualties. Goldberg agreed to post a video of the bombing which Goldberg intended would show shrapnel, blood and panicking kuffar (non-believers). Goldberg further stated to the CHS that following the bombing, "[t]he kuffar will speak our names with terror in their voices."

The FBI Laboratory Division, Explosives Unit conducted a technical threat assessment of the content on the five web-sites that Goldberg sent to the CHS. The assessment determined that all of the "sites or a combination of them could be utilized to construct or make explosives, detonators and IEDs [improvised explosive devices]" and that "[t]he guidance offered by the suspect would enable the CHS to gain the knowledge necessary to obtain the materials to manufacture explosives and construct an IED." The assessment stated that "[i]n the immediate vicinity of a properly constructed and initiated IED the resulting effect would cause property damage, personal injury and/or death."

Defendant's Initials JRG          4