Daniel D. Maynard, No. 009211
**MAYNARD CRONIN ERICKSON CURRAN & REITER, P.L.C.**
3200 North Central Avenue, Suite 1800
Phoenix, Arizona 85012
(602) 279-8500
dmaynard@mmcec.com

Daniel R. Drake, No.003781
**DRAKE LAW, PLC**
4340 East Indian School Road, Suite 21-113
Phoenix, Arizona 85018
(602) 881-5341
drakelawplc@gmail.com

Attorneys for Defendant

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>   Plaintiff/Respondent,<br><br>v.<br><br>Abdul Malik Abdul Kareem,<br><br>   Defendant/Movant. | 2:15-cr-00707-SRB<br><br>**ABDUL MALIK ABDUL KAREEM'S MEMORANDUM RE GOVERRNMENT'S TIMELINESS ARGUMENTS** |

**INTRODUCTION**

The Government asserts in two different pleadings that procedural issues bar this Court from addressing the Government's suppression of evidence concerning the existence of the pole camera video and Saabir Nurse's cell phone and travel record until nearly three years following trial. Docs. 582, [Government's] Response to Motion to

1

Dismiss, and 588, [Government's] Addendum to Government's Response to Supplemental Motion for New Trial. It asserts the addition of the pole camera video and Nurse's travel document as a basis for relief is untimely. In short, the Government asks the Court to focus not on its actions in suppressing materials for nearly three years, but rather on Defendant's purported failure to object in a timely fashion to the suppression and failure to timely disclose. The Government has, as shown below, forfeited its right to make that argument, and the claims, if not timely, are worthy of consideration given the excusable neglect of the defense to bring them sooner. This memorandum seeks to review the facts and explain the applicable law.

Before starting that discussion, however, it is important to understand the nature of Defendant's claims, something the Government seems to misapprehend. In timely fashion the defense filed a motion for new trial arguing the Government breached its disclosure obligations. Docs. 404 and 432. There is no dispute about that. As additional information has been belatedly disclosed by the Government, the defense has supplemented its earlier motions incorporating the new disclosures as yet another instance of the breach. Docs. 432, 505, and 547. This is not the sort of "new" claim that frequently runs afoul of the time limitations imposed by Fed. R. Crim. P. 33. Rather, it is a true supplementation and relates back to the original motion.

In *United States v. Villalpando*, 259 F.3d 934, 938 (8th Cir. 2001), the court upheld the addition, out of time and without extension, of a separate instance of alleged

ineffectiveness of counsel to a motion for new trial based upon other instances of ineffective assistance of counsel.

In *United States v. Flynn*, 196 D3d 927, 931-32 (8th Cir. 1999), a case relied upon by the court in *Villalpondo*, the initial motion for new trial timely filed was based on allegations of juror misconduct – the jury foreperson informed the jury clerk of comments made during jury deliberations. After that motion was denied, Flynn filed a second motion characterized as a "renewed motion" relating to the trial judge's failure to notify counsel of the note received from the jury during deliberations. The court of appeals noted that Flynn's second motion involved a distinct, separate event. It was not related to the same underlying circumstances. The first motion alleged prejudice by the jury's conduct, and the second alleged prejudice from the judge's conduct. The court found the "renewed" motion a second, untimely motion, and declined to consider the merits of that motion. *Id.*, 196 F.3d at 932.

In contrast to those situations where supplements were held untimely, the claims here are based on the Government's failure to produce favorable, material information to the defense prior to the conclusion of the trial. Each belated disclosure is one more instance of the Government's continuing violation of its disclosure obligations. Raising information of this sort is not a new motion, but a supplement to one previously raised. Timeliness, therefore, is not an issue as the claims are related and truly supplemental.

**SUPPLEMENTAL MOTION FOR NEW TRIAL**

The Government argues that two bases for relief raised in the Supplemental Motion for New Trial, the pole camera video and the Nurse information, are untimely. Its argument is that the complaint regarding the failure to produce this information was not raised until more than three years following the trial verdicts.

> "The jury returned its verdict in this case on March 17, 2016. Kareem filed his Addendum in support of his Supplemental Motion for New Trial on April 26, 2019, more than one month past the three-year deadline from the date of the jury's verdict." Doc. 588

It points to *Eberhart v. United States*, 546 U.S. 12 (2005) as holding that the three-year limitation on motions for new trial based on newly discovered evidence is an "inflexible claim-processing rule." Doc. 588, p. 2. Thus, its argument goes, this Court has no power to consider or act on the pole camera and Nurse issues.

The disingenuousness of the Government in raising timeliness at this juncture and as to these items is troublesome and unfortunate. The Government withheld this evidence for nearly three full years following the trial and then faults the defense for its "failure" to timely include that evidence in its pleadings. If that logic is extended, it would give the Government the ability to suppress evidence for more than three years with no accountability. The defense simply added the pole camera video and Nurse materials as part of a continuing pattern of breaches of the Government's disclosure obligations.

4

Exhibit 1, Doc. 541.

*Eberhart* is factually and legally distinguishable. Moreover, *Eberhart* notes that the protection of claim-processing rules can be forfeited by addressing the merits and failing to assert protection of the rule. That is the precise situation here.

Eberhart filed a motion for judgment of acquittal or, in the alternative, for a new trial raising a single ground of relief: an alleged flaw in a transcript published to the jury. That motion was filed on the seventh day following trial, as permitted, not as a claim based on newly discovered evidence. Nearly six months later Eberhart added two additional grounds in a "supplemental memorandum." One claimed error by the admission of potentially hearsay evidence, the other the failure to give a jury instruction.

The Government opposed all three claims on the merits and, when unsuccessful, took an appeal.[1] During that appeal the Government raised for the first time that the claims added in the "supplemental memorandum" were untimely. The court of appeals concluded the time limitations were "jurisdictional;" the district court was without jurisdiction to grant the motion considering the supplemental claims and reversed. *Id.*, 546 U.S. at 14

The Supreme Court reversed, explaining that the time limitations of Rule 33 were not jurisdictional, rather they were claim-processing rules, the benefit of which a party

---

[1] The trial court granted the motion for new trial finding that the three claims were sufficient when considered collectively, although none was sufficient individually or with a second claim. Eberhart, 546 U.S. at 19.

5

could forfeit.  In other words, as least as to the sort of claims raised in *Eberhart*, a party could forfeit its right to challenge the claims as untimely by addressing them on the merits.  "These claim-processing rules thus assure relief to a party properly raising them, but do not compel the same result if the party forfeits them."  *Eberhart,* 546 U.S. at 19.  "[W]here the Government failed to raise a defense of untimeliness until after the District Court has reached the merits, it forfeited that defense.  The Court of Appeals should therefore have proceeded to the merits."  *Id*.  The same rationale applies here and Government has forfeited its right to assert untimeliness by its failures to assert that before addressing the merits.

      The pertinent history of this case reflecting the basis for forfeiture since the filing of the Supplemental Motion for New Trial on June 11, 2018, is set forth in brief in attached Exhibit 1.  That history consists of a listing of the documents by number and date filed.  As to each filing listed, a pertinent portion of the document showing the Government addressing the merits or showing its efforts to gather and produce additional information and respond on the merits, has been extracted and set forth.  The exhibit shows that the Government did not assert untimeliness, but responded to the merits of the claims, and even indicated it was continuing to look for additional information.  *See* Exhibit 1, Docs. 514, (stipulation to stay briefing so the defense can decide to file an addendum or seek additional disclosures); 517 (the Government anticipated filing a substantive and complete response to the request to produce additional materials relating

to the supplemental motion for new trial); 527 (Government counsel have sought and are continuing to seek authorization to disclose additional materials).

Assertion that any aspect of the defense argument was untimely first occurs on September 4, 2019, and then only in response to the motion to dismiss. Exhibit 1, Doc. 582, p.1. Ten days later the Government asserts untimeliness as to the supplemental motion for new trial's reference to the pole camera video and Nurse's phone and travel documents. Doc. 588, pp.1-2. The Government responded to the addition of the pole camera video and Nurse materials in Doc. 550, pp.2-3, on May 17, 2019.

The facts and claims in this case are quite different than those in *Eberhart*, or *United States v. Berry*, 624 F.3d 1031 (9th Cir. 2010), a second case relied upon by the Government. In *Berry*, forensic analyses of lead in shotgun pellets were used to demonstrate circumstantially that Berry was involved in a series of bombings where lead pellets were incorporated into the bombs. 624 F.3d at 1035-36. Ten years after his conviction, Berry filed a pro se motion to vacate under 28 U.S.C. § 2255. *Id.*, at 1037. He argued the witness offering the results of the analyses in his case later pled guilty to making a false statement in a *Daubert* hearing regarding an analysis conducted in another case where lead from bullets used in a crime and those found in a defendant's possession were linked. Additionally, he argued, the types of analyses conducted were no longer used because of scientific criticism.

7

The district court treated Berry's motion to vacate as a motion for new trial and rejected his claims on the merits. The Ninth Circuit affirmed the denial of the motion. It noted that Berry's claims were well out of time but held that, because the Government failed to object to the timeliness of Berry's "new trial" claims, the district court properly reached the merits of those claims. 624 F.3d at 1033.

This case is factually distinguishable from the new trial claims arising from alleged trial errors in *Eberhart* and the post-trial discovery of information in the hands of third parties raised in Berry's motion to vacate. The factual inquiry here concerns information known to the FBI prior to Defendant's trial that was not disclosed until years later. The legal issues involve the Government's obligation to disclose information in its possession that is "material to preparing the defense" Fed. R. Crim. P. 16(a)(1)((E)(i), or favorable to the defense because it is either impeaching or exculpatory. *Kyles v. Whitley*, 514 U.S. 419, 432-34 (1995). As to the former, materiality is a low threshold and is satisfied so long as the information would have helped in preparing one defense and rejecting another. *See United States v. Hernandez-Meza*, 720 F.3d 760, 768 (9th Cir. 2013) As to the latter, the Government has an affirmative obligation to look for favorable evidence. *Kyles*, 514 U.S. at 437.

**MOTION TO DISMISS**

The Government attempts to shoehorn the motion to dismiss into the motion for new trial framework so it can argue it is time barred. Doc. 582. It is mistaken.

8

The motion to dismiss is based not on Rule 33, but on the court's inherent power to supervise and control matters before it.[2] Moreover, as the Government's response starts out, this is all old news:

> The instant motion is Kareem's third attempt to make something out of nothing – he raises the same arguments, some of which this Court already rejected, and raises two re-formulated arguments about the same information addressed in his original Motion for New Trial and his supplemental brief in support of that motion, as well as in his Supplemental Motion for New Trial.

Doc. 581, p.1.

**EXCUSABLE NEGLECT**

In determining whether the filing was late due to excusable neglect, courts use the four-factor *Pioneer* test, which considers (1) the danger of prejudice to the party opposing the motion; (2) the length of the delay and the impact on the judicial proceedings; (3) the reason for the delay and the impact on the judicial proceedings; and (4) whether the movant acted in good faith. *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 507 US 380, 395 (1993). When the *Pioneer* test is applied here, it is clear the only prejudice the Government might suffer is the granting of the motion. It has raised its factual and legal responses to the claims, so it is not taken by surprise.

---

[2] The All Writs Act, 28 U.S.C. § 1651 provides in pertinent part:
   (a) The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.

The second factor, delay and impact on the proceedings is minimal, given the related activity with respect to the new trial issues.

The third factor, reason for the delay and impact of the delay, as to the motion for new trial was the defense's inability to access the information and thus evaluate its importance.  The prosecution may have told the defense that pole camera video or Nurse records existed prior to their disclosure, but that overlooks the need to see and evaluate the information.  As it was, while the cover letter regarding the disclosure is dated March 15, 2019, defense counsel could not access the pole camera video until it purchased an accessible hard drive and the Government copied the hard drive it disclosed to the defense hard drive on March 20, 2019, over three years after the conclusion of the trial.

As to the motion to dismiss, as the continuing pattern of belated disclosures continued it became clearer that a customary remedy of a new trial was insufficient to preserve the defendant's Constitutional and statutory rights to timely disclosure of favorable information, and the ability to present a complete defense.  Failure to dismiss would only reward the Government for its conduct and subject the defendant to a lengthy new trial.  Considering dismissal would have little impact on the proceedings as they were, for as the Government suggests, we are going down this path already with the only difference being the remedy chosen by the Court.

The fourth factor, good faith of the movant, has not been challenged.  Nor could it reasonably be challenged at this point given the Government's conduct to which the

defense is responding.

RESPECTFULLY SUBMITTED this 27 day of September 2019.

| **MAYNARD CRONIN ERICKSON CURRAN & REITER, P.L.C.** | **DRAKE LAW, PLC** |
|---|---|
| /s/Daniel D. Maynard<br>DANIEL D. MAYNARD | /s/Daniel R. Drake<br>DANIEL R. DRAKE |

## CERTIFICATE OF SERVICE

I hereby certify that on September 27, 2019, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to CM/ECF registrants: AUSA Joseph E. Koehler and AUSA Kristen Brook. Additionally, a copy was served upon Mr. Abdul Kareem by first class letter, postage prepaid, at:

> Abdul Malik Abdul Kareem #44126-408
> FCI Florence
> Federal Correctional Institution
> PO Box 6000
> Florence, CO  81226

/s/Stacey McClellan
Stacey McClellan