United States v. Abdul Malik Abdul Kareem
CR 15-0707-SRB

# EXHIBIT 1

Forfeiture Timeline

**Doc. 505, 6/11/2018**
**[Defendant's] Supplemental Motion for New Trial – Newly Discovered Evidence –**
**Governmental Misconduct**

**Doc. 507, p.1, 6/25/2018**
**[Government's] Motion for Extension of Time to Respond to Defendant's Motion for New**
**Trial Based on Newly Discovered Evidence**
        "Counsel for the government require additional time to review and research defendant's
claim in his motion in order to prepare a proper response.  Accordingly, the government requests
an extension of time to respond to the motion until July 19, 2018."

**Doc. 509, p.1, 7/19/2018**
**Government's Second Motion for Extension of Time to Respond to Defendant's Motion for**
**A New Trial Based on Newly Discovered Evidence**
        "The government states that additional time is necessary to review and research
defendant's claim in his motion in order to prepare a proper response.  Accordingly, the
government requests an extension of time to respond to the motion until August 2, 2018."

**Doc 514, p.1, 8/1/2018**
**Stipulation to Stay Briefing on Defendant's Motion for A New Trial Based on Newly**
**Discovered Evidence**
        "The United States of America and the defendant, Abdul Malik Abdul Kareem, by and
through undersigned counsel, stipulate and agree to an order staying the briefing schedule for
Kareem's Supplemental Motion for New Trial.  Counsel for the government recently obtained
and disclosed to Kareem Jencks material from the trial of United States v. Erick Jamal Hendricks
in the Northern District of Ohio.  Defense counsel are reviewing the materials to determine
whether the defense wishes to file an addendum to the Supplemental Motion for New Trial or
seek further disclosures.
                                *           *           *
        All counsel agree it would be in the interest of judicial economy to have the defense
motion fully briefed, including any addendum, before requiring the government to respond."

**Doc. 517, pp.2-3, 9/27/2018**
**Unopposed Motion to Extend Stay of Briefing on Supplemental or New Trial (Doc. 505)**
        "The defense filed its supplemental motion for new trial (Doc. 505) on June 11, 2018,
based on newly discovered evidence.  On July 26, 2018, the government disclosed information
shared by government prosecutors during the prosecution of Erick Jamal Hendricks in the
Northern District of Ohio.  As anticipated at the time, some of this information might prove
useful in briefing and presenting the new trial motion, including a defense addendum.  And, as
anticipated and reflected in the party's stipulation (Doc. 514), the defense might wish to seek
further disclosures based on the July disclosures.
        The disclosures in late July consisted of heavily redacted email communications among
the FBI undercover agent referred to as "Stephen Jane" and other FBI employees, including

1

some intelligence analysts, and a heavily redacted FBI internal document entitled "Garland Shooting Incident Review.

On September 6, 2018, following its review of the late July disclosures, the defense requested further disclosures is a six-page letter specifically identifying information requested and the reasoning supporting each request. The parties spoke briefly following the request and, on September 10, 2018, the government sent a written response stating it intended to respond to the request in a substantive and complete fashion and provide additional information where appropriate. It anticipated it might take a few weeks to complete its response.

Earlier this week the government indicated it was still working with the FBI to determine how best to respond to the requests. The defense wishes that process to continue. An extension of the stay for 60 days will allow that."

**Doc. 520, p.1, 11/27/2018**
**Second Unopposed Motion to Extend Stay of Briefing on Supplemental Motion for New Trial (Doc. 505)**

"Defendant Abdul Malik Abdul Kareem moves the Court to extend by 90 days to February 25, 2019, the stipulated stay of briefing on Defendant's supplemental motion for a new trial based on newly discovered evidence (Doc. 505). The stay was entered by this Court on August 3, 2018 (Doc. 516) and stayed briefing to October 1, 2018. It then extended the stay from October 1, 2018, to November 30, 2019. (Doc. 518.) This extension is requested based on the efforts the parties have been making to prepare this matter for full briefing, as detailed below.

This motion and the relief requested have been discussed with Asst. U.S. Attorney Joseph E. Koehler. The government has no objection to the requested extension of the stay."

**Doc. 527, p.6, n4**
**Response to Defendant's Amended Motion to Compel Disclosure**

"To be clear, undersigned counsel have sought and are continuing to seek authorization to disclose certain additional information to the defense; however, that information does not fall within the aforementioned discovery obligations. The additional information would support the government's position with respect to Kareem's supplement to the original motion for new trial as well as his supplemental motion for new trial."

**Doc. 529,**
**Response to Defendant's Motion to Preclude Government *Ex Parte* Submission Under CIPA Absent Defense Participation**

"[S]hould undersigned counsel come to anticipate a new CIPA filing is in this case, undersigned counsel will provide general notice to the defense in advance of such a filing in order to enable the defense to file a renewed motion."

**Doc. 531, p.1, 2/22/2019**
**Order**

"Pursuant to the Third Unopposed Motion to Extend Stay of Briefing of Supplemental Motion for New Trial, and good cause appearing,

IT IS ORDERED granting in part and denying in part Defendant's Motion (Doc. 530).

IT IS FURTHER ORDERED that the supplemental briefing is not stayed.

Defendant's supplemental brief shall be filed no later than April 26, 2019. No further extensions will be granted."

**Doc. 541, p.2, 4/26/2019**
**Abdul Malik Abdul Kareem's Addendum to Supplemental Motion for A New Trial – Newly Disclosed Evidence – Governmental Misconduct**
[Citing six examples of post-trial disclosures, including] ;

4. The March 15, 2019 disclosures of the existence of a pole camera and the video footage it captured between May 1 and May 4, 2015, at the apartment of Simpson and Soofi;
5. The March 15, 2019 disclosures of the contents of Saabir Nurse's ("Nurse") passport and his interactions with government employees at Houston International Airport in May and September 2015;
6. The March 15, 2019 disclosures of the contents of Nurse's iPhone captured by government employees at Houston International Airport in September 2015.

**Doc. 545, p.1, 5/10/2019**
**Motion for Extension of Time to Respond to Defendant's Supplemental Motion for New Trial**

"Now comes the United States of America, by and through its undersigned attorneys, and respectfully requests an extension of time to respond to Defendant's Supplemental Motion for New Trial (CR 505) and Defendant's Addendum to the Supplemental Motion (CR 541).

Counsel for the government require a 5-day extension of time to complete the government's response to Defendant's arguments in his Motion and Addendum, to provide record citations from this case and the Hendricks trial in Ohio, and to accurately cite and mark exhibits to the government's response. Accordingly, the government requests a short extension of time, to May 15, 2019, to respond to the Motion and Addendum."

**Doc. 547, p.1,  5/15/2019**
**Government's Motion to Exceed Page Limitation Pursuant to Local Rule**

"The United States of America, by and through counsel undersigned, moves this court for an order allowing the government to exceed the page limitation .  .  . with respect to Response to Defendant's Supplemental Motion for New Trial.

The Government's Response will exceed the page limitation of 17 pages to fully respond to the Defendant's motion, the addendum to the motion, and the declaration in support of the addendum. Those documents contain a total of 37 pages. For this reason, the government respectfully requests the Court grant permission to exceed the page limitation by approximately 7 pages."

**Doc. 550, pp.2-3, 5/17/2019**
**[Government's] Response to Defendant's Supplemental Motion for New Trial trial.**

"The Hendricks trial, which occurred two years after the 2016 trial in this case, is not *Brady* material.  The prosecutor's opening statement is not evidence, and transcripts of the UCE's testimony add nothing new and do not conflict with the case presented at Kareem's trial. The same is true of the pole camera footage and the information resulting from Saabir Nurse's

out-bound and in-bound Customs inspections in 2015. The information is neither exculpatory nor material to the charges in this case, and it does not conflict with the strong evidence that demonstrated Kareem's participation in the conspiracies. In short, it does not meet the high bar to undermine confidence in the verdict. Thus, Defendant's motion should be denied."

**Doc. 560, pp.1-2, 7/12/2019**
**[Government's] Motion for Leave to File Sur-Reply**
"The United States, through undersigned counsel, respectfully request the Court grant it leave to file a sur-reply to address new arguments and allegations in defendant Kareem's Reply to Government's Response to Defendant's Supplemental Motion for New Trial (CR 559) and Declaration of Daniel D. Maynard (CR 559-1.). In his reply, Kareem asserted new arguments that were not part of his original Supplemental Motion (CR 505) or his Addendum to the motion (CR 543) and attached a new, 19-page declaration from counsel, Daniel D. Maynard.

*    *    *

Specifically, Kareem advances the following new arguments and allegations in the Reply that were not set forth in the Supplemental Motion or the Addendum: [here the government lists nine arguments]."

**Doc. 577, p.1, 8/22/2019**
**Government's Sur-Reply in Opposition to the Supplemental Motion for New Trial**
"Kareem's reply claims suppression of things like pole camera footage that he does not appear in, records related to Saabir Nurse that do not involve him or the Garland attack, and FBI activities that (he alleges) would have embarrassed the FBI about the quality of its investigation. These are not *Brady* or *Giglio* materials. They are neither exculpatory nor material, and in light of the strong evidence of Kareem's guilt, none undermines confidence in the jury's verdict, either individually or collectively."

**Doc. 582, p.1, 9/4/2019**
**[Government's] Response to Motion to Dismiss**
"The United States, through undersigned counsel, respectfully requests the Court deny Kareem's Motion to Dismiss. The motion is untimely and the Court lacks jurisdiction to consider it. Alternatively, the Court should deny the motion because it is without merit."

**Doc. 587, p.2, 9/13/2019**
**[Government's] Notice of Errata re Response to Motion to Dismiss**
"The government [clarifies that the Court has jurisdiction to consider the motion to dismiss, but under claim-processing rules, it] stands by its position that Kareem's Motion to Dismiss is untimely and respectfully requests the Court deny for that reason in addition to its lack of substantive merit."

**Doc. 588, pp.1-2, 9/13/2019**
**[Government's] Addendum to Government's Response to Supplemental Motion for New Trial**
"While preparing the response to Kareem's Motion to Dismiss, undersigned counsel reviewed the various filings in this case and realized Kareem's Addendum to his Supplemental Motion for New Trial, which raised the issues of post-trial disclosure of pole camera footage, the

4

extraction of Saabir Nurse's cell phone, and Nurse's passport and travel records, was filed more than three years after the verdict in this case.  Federal Rule of Criminal Procedure 33 requires a motion for new trial to be filed within three years of the date of the return of the guilty verdict in a criminal case.  The jury returned its verdict in this case on March 17, 2016.  Kareem filed his Addendum in support of his Supplemental Motion for New Trial on April 26, 2019, more than one month past the three-year deadline from the date of the jury's verdict."