Daniel D. Maynard, No. 009211
**MAYNARD CRONIN ERICKSON**
**CURRAN & REITER, P.L.C.**
3200 North Central Avenue, Suite 1800
Phoenix, Arizona 85012
(602) 279-8500
dmaynard@mmcec.com
Attorneys for Defendant

Daniel D. Drake, No. 003781
**DRAKE LAW, PLC**
4340 E. Indian School Road, Ste. 21-113
Phoenix, AZ 85018
602-881-5341
drakelawplc@gmail.com
Attorneys for Defendant

## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR 15-00707-PHX-SRB |
| Plaintiff, | **DEFENDANT'S MOTION TO COMPEL** |
| v. | |
| Abdul Malik Abdul Kareem, | |
| Defendant. | |

Defendant, Abdul Malik Abdul Kareem ("Abdul Kareem") moves for an order compelling the United States of America ("USA" or "Government") to produce certain records and documents that have been requested by Defendant, that are material and that the Government has refused to produce. This Motion is based on the attached Memorandum of Points and Authorities, the files and records in this case, and any other evidence or argument that may be properly presented to the Court.

It is expected that excludable delay under Title 18 U.S.C. §3161(h)(1(A) and (F) will not occur as a result of this motion or from an order based thereon.

**STATEMENT OF FACTS**

On August 9, 2019, this Court scheduled an evidentiary hearing for October 15, 2019 to explore the circumstances surrounding the FBI's authorization for a pole camera in April or May of 2015 to surveil 13850 N. 19th Ave., #219, during the investigation of Elton Simpson and/or Nadir Soofi. The Court stated in pertinent part:

> THE COURT: I scheduled this telephonic conference in order to set an evidentiary hearing. I have reviewed the pending motion and supplemental briefing on the new trial, and I believe that an evidentiary hearing is appropriate, limited to the circumstances surrounding the pole camera footage that was just disclosed fairly recently.
>
> ***
>
> I think that it's important for me to know the facts and circumstances around the authorization for the pole camera, the lack of disclosure of why -- of the pole camera's existence.
>
> ***
>
> Obviously I'm concerned about the lack of disclosure of the pole camera footage, and I need to know and want to know more about that at an evidentiary hearing.

On August 14, 2019, defense counsel sent a letter to the Government's attorneys listing certain persons and documents they would like the Government to produce for the hearing. (Ex. 1) The parties lawyers had a conference call on August 15, 2019 and then met in the office

of the U.S. Attorney for Arizona on August 19, 2019 to discuss the Defendant's requests. The Government refused to turn over any of the requested documents.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Fed.R.Crim.P. 16(a)(1)(E) mandates disclosure of certain evidence which is (1) material to the preparation of the defendant's defense or (2) intended for use by the government as evidence in chief at the trial.

The documents set forth in paragraph B of Defendant's August 14, 2019 letter are material in preparing Abdul Kareem's defense and to answer the Court's inquiry on the pole camera and it is not clear if the Government intends to use any documents or exhibits at the October 15, 2019 hearing. As stated earlier, the purpose of the hearing is to find out the facts and circumstances around the authorization of the pole camera, and the lack of disclosure of the pole camera's existence and why?

None of the documents requested have been produced and requests 1-10 go to answering the Court's inquiry and are material to the Defendant's defense. Defendant believes all of these documents exist.

**Documents Needed Concerning Pole Cameras**

1. FBI Phoenix Field Office Request for electronic monitoring submitted by SA Amy L. Fryberger for approval on 4/9/15 concerning video camera of 13850 N. 19th Avenue #219 in Phoenix, Arizona (referred to as "Request");
2. Document showing the approval of the Request by SSA Glenn S. Milnor on 4/9/15;
3. Documents showing the approval of the Request by ADC Matthew J. Greenberg on 4/9/15;

4. Any and all documents relied upon by SA Amy L. Fryberger to make the Request;
5. Documents stating the policy and procedures that had to be followed by an FBI agent in April 2015 in the FBI Phoenix Field Office to submit a request for electronic monitoring and to approve the request;
6. Any documents or work orders concerning the following
   a. installing the pole camera;
   b. removing the pole camera;
   c. monitoring the video from the pole camera;
7. Any documents concerning whether more than one pole camera was installed to monitor 13850 N. 19th Ave. in April or May 2015;
8. Any documents concerning storing video from pole camera
9. Any documents disclosing when the existence of the pole camera was disclosed to:
   a. SA Whitson
   b. any SA in the Phoenix office of FBI;
   c. anyone from United State's Attorneys' Office;
10. Any documents disclosing how and when the existence of the pole camera was disclosed to AUSA Koehler or AUSA Brook; and
11. Any documents regarding investigation of Elton Simpson, Nadir Soofi, and Abdul Malik Abdul Kareem between December 1, 2014 and May 4, 2015, inclusive.

Federal Rule of Criminal Procedure 16(a)(1)(E)(i) permits disclosure of documents that are material to preparing the defense. The Ninth Circuit has held that materiality is a "low threshold" and that "[i]nformation is material even if it simply causes a defendant to completely abandon a planned defense and take an entirely different path." *United States v. Hernandez-Meza*, 720 F.3d 760, 768 (9th Cir. 2013).

In the present case, all of the documents requested go to answering this Court's stated purpose for holding this evidentiary hearing. Also, they go to determining whether the failure to disclose the existence of the pole camera was intentional or inadvertent. The more members

of the FBI who knew of its existence and of the storage of the videotape from the pole camera the more likely it is that the failure to disclose by the FBI was intentional.

Since the Government disputes disclosure, the defense requests the Court at a minimum conduct *in camera* review to determine whether the contested documents are material and discoverable. Certainly, had the U.S. Attorneys' Office known of these documents before trial, it would have turned them over and it should do so now.

RESPECTFULLY SUBMITTED this 27th day of September, 2019.

**MAYNARD CRONIN ERICKSON CURRAN & REITER, P.L.C.**

By /s/Daniel D. Maynard
Daniel D. Maynard
3200 North Central Ave., Suite 1800
Phoenix, Arizona 85012
Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on September 27, 2019, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to CM/ECF registrants: AUSA Joseph E. Koehler and AUSA Kristen Brook. A copy was served upon Mr. Abdul Kareem by first class letter, postage prepaid, at: Abdul Malik Abdul Kareem #44126-408, FCI Florence, Federal Correctional Institution, PO Box 6000, Florence, CO 81226.

/s/Stacey McClellan
Stacey McClellan