Daniel D. Maynard, No. 009211
**MAYNARD CRONIN ERICKSON CURRAN & REITER, P.L.C.**
3200 North Central Avenue, Suite 1800
Phoenix, Arizona 85012
(602) 279-8500
dmaynard@mmcec.com

Daniel R. Drake, No.003781
**DRAKE LAW, PLC**
4340 East Indian School Road, Suite 21-113
Phoenix, Arizona 85018
(602) 881-5341
drakelawplc@gmail.com

Attorneys for Defendant

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff/Respondent,<br><br>v.<br><br>Abdul Malik Abdul Kareem,<br><br>    Defendant/Movant. | 2:15-cr-00707-SRB<br><br>**ABDUL MALIK ABDUL KAREEM'S EX PARTE REQUEST FOR ISSUANCE OF SUBPOENA** |

Defendant, Abdul Malik Abdul Kareem ("Kareem"), moves this Court, pursuant to Fed. R. Crim. P. 17(b) to issue a subpoena calling for Assistant United States Attorney Joseph Koehler ("AUSA Koehler") to appear and give testimony at the evidentiary hearing in this case set for 9:00 am on October 15, 2019, in Courtroom 502, of the Sandra Day O'Connor U.S. Courthouse, 401 West Washington Street, Phoenix, AZ 85003.

1

Defendant is indigent, having been found so by the Court on June 11, 2015 and has remained so ever since. Docket Report, minute entry. He is unable to pay the witness fees necessary to procure the witness's attendance.

The witness's presence is necessary for an adequate defense. This Court set the evidentiary hearing to explore the circumstances surrounding his first learning of the existence of a pole camera placed outside the apartment of Elton Simpson and Nadir Soofi by the FBI in April or May of 2015 to surveil 13850 N. 19th Avenue, #219, Phoenix, Arizona, how he came to learn of it and why he was not aware of its existence prior to the trial of Kareem in the Spring of 2016. Here are excerpts from the Court's oral pronouncements at an August 9, 2019 telephonic conference:

> THE COURT: I scheduled this telephonic conference in order to set an evidentiary hearing. I have reviewed the pending motion and supplemental briefing on the new trial, and I believe that an evidentiary hearing is appropriate, limited to the circumstances surrounding the pole camera footage that was just disclosed fairly recently.
>
> \*    \*    \*
>
> I think that it's important for me to know the facts and circumstances around the authorization for the pole camera, the lack of disclosure of why -- of the pole camera's existence.
>
> \*    \*    \*

Obviously I'm concerned about the lack of disclosure of the pole camera footage, and I need to know and want to know more about that at an evidentiary hearing.

Counsel believes that AUSA Koehler was in charge of prosecuting the above-captioned case and was in charge or responsible for gathering all of the information that would be used in the prosecution of Kareem and for obtaining all of the information and material that would be turned over to Kareem's defense team. Based upon information disclosed by AUSA Koehler at a recent meeting with defense lawyers Dan Drake and Dan Maynard, it appears that the FBI uses a different method of assigning case agents in terrorism cases. For example, upon information and belief, an FBI "case" agent was assigned to Elton Simpson, a different agent to Kareem, a different agent to Saabir Nurse and a different agent to Mr. Wahid. It would seem that much of their work or investigation was involving many of the same people and evidence and there is a question as to whether this is done so FBI agents have plausible deniability about what other agents are doing. Even more importantly how do these agents communicate with the Assistant United States Attorneys regarding materials appropriate for disclosure and use at trial in the various trials and investigations of alleged terrorists. AUSA Koehler's testimony is necessary, relevant and material to understand who he communicated with at the FBI to obtain material for Kareem's trial and why he did not learn of certain material information until after Kareem's trial. For example, what did he ask Agent Whitson to obtain and

provide to him and when did he become aware that other FBI agents were handling independent investigations of various witnesses or potential witnesses in the Kareem case, and did he communicate with them as well. If the Government takes a position that Kareem's case agent ("Whitson") did not know about the pole camera because it was in the realm of the FBI case agent for Simpson, it is relevant to determine what steps, if any, AUSA Koehler took to gather information in this case and that can only come from AUSA Koehler or AUSA Brooks.

AUSA Koehler's testimony would establish the procedures and methods used by AUSAs in terrorism cases, how they access files and information and learn about potential witnesses. AUSA Koehler's testimony about the general procedures he utilized would help to explain why he did not know about the pole camera for over three years, why he was not aware that an FBI agent viewed the Garland shooting until over a year after the event, why he was not aware of the investigation by the FBI of Saabir Nurse or that an individual in Florida admitted to being involved in the Garland attack and the Government prepared a plea agreement using that individual's statement concerning his involvement in the Garland attack as a factual basis for his guilty plea. All of this is relevant and material to understanding how the existence of the pole camera and video files might have been overlooked or purposely suppressed by the Government.

Excludable delay under 18 U.S.C. § 3161 will not occur as a result of this motion or a ruling thereon.

4

RESPECTFULLY SUBMITTED this 27th day of September 2019.

| **MAYNARD CRONIN ERICKSON CURRAN & REITER, P.L.C.** | **DRAKE LAW, PLC** |
|---|---|
| /s/Daniel D. Maynard<br>DANIEL D. MAYNARD | /s/Daniel R. Drake<br>DANIEL R. DRAKE |

## CERTIFICATE OF SERVICE

I hereby certify that on September 27, 2019, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to CM/ECF registrants:

/s/Stacey McClellan
Stacey McClellan

5