Daniel D. Maynard, No. 009211
**MAYNARD CRONIN ERICKSON CURRAN & REITER, P.L.C.**
3200 North Central Avenue, Suite 1800
Phoenix, Arizona 85012
(602) 279-8500
dmaynard@mmcec.com

Daniel R. Drake, No.003781
**DRAKE LAW, PLC**
4340 East Indian School Road, Suite 21-113
Phoenix, Arizona 85018
(602) 881-5341
drakelawplc@gmail.com

Attorneys for Defendant

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　　Plaintiff/Respondent,<br><br>　　v.<br><br>Abdul Malik Abdul Kareem,<br><br>　　　　　　Defendant/Movant. | 2:15-cr-00707-SRB<br><br>**ABDUL MALIK ABDUL KAREEM'S EX PARTE REQUEST FOR ISSUANCE OF SUBPOENA** |

Defendant moves this Court, pursuant to Fed. R. Crim. P. 17(b) to issue a subpoena calling for FBI Supervisory Special Agent (SSA) Glen S. Milnor to appear and give testimony at the evidentiary hearing in this case set for 9:00 am on October 15, 2019, in Courtroom 502, of the Sandra Day O'Connor U.S. Courthouse, 401 West Washington Street, Phoenix, AZ 85003.

1

Defendant is indigent, having been found so by the Court on June 11, 2015. Docket Report, minute entry. He is unable to pay the witness fees necessary to procure the witnesses attendance.

The witness's presence is necessary for an adequate defense. This Court set the evidentiary hearing to explore the circumstances surrounding the authorization for the pole camera, the reason for the existence of the pole camera, and the lack of disclosure of the pole camera video. Here are excerpts from the Court's oral pronouncements at an August 9, 2019 telephonic conference:

> THE COURT: I scheduled this telephonic conference in order to set an evidentiary hearing. I have reviewed the pending motion and supplemental briefing on the new trial, and I believe that an evidentiary hearing is appropriate, limited to the circumstances surrounding the pole camera footage that was just disclosed fairly recently.
>
> \*   \*   \*
>
> I think that it's important for me to know the facts and circumstances around the authorization for the pole camera, the lack of disclosure of why -- of the pole camera's existence.
>
> \*   \*   \*
>
> Obviously I'm concerned about the lack of disclosure of the pole camera footage, and I need to know and want to know more about that at an evidentiary

hearing.

We understand that, during the summer of 2015, SSA Milnor was the supervisor for the squad to which SA Fryberger, the agent who applied for authorization to establish the pole camera, was assigned. SSA Milnor apparently approved that application. He could testify to any exhaustion requirement or other conditions precedent to use of a pole camera for surveillance.

SSA Milnor would also be asked to testify regarding his understanding of the FBI policies and procedures for accepting, storage, access, and retrieval of electronic files, and how he made sure the agents on his squad were aware of those procedures and complied with them. His testimony would establish the procedures other agents used to submit electronic files for storage, how they could access those files, and what records might exist that would show who searched for or accessed the pole camera video files.

He could also testify concerning the policies and procedures of applying for, authorizing, installing, monitoring, and storing pole camera surveillance, generally, and specifically, the April 9, 2015, application for and authorization of pole cameras to surveil 13850 N. 19th Avenue #219, during the investigation of Elton Simpson and/or Nadir Soofi.

Additionally, we believe SSA Milnor is competent to testify regarding the staffing of terrorism cases by the FBI and the procedures the FBI follows to ensure that pertinent information is shared with or accessible to agents investigating the activities of different

3

individuals.  We believe that may include systems known as "Sentinel," "Delta," and "the Case Agent Investigative Review."  We believe, based on materials on the FBI website, that Sentinel and Delta are information sharing systems that may include information in electronic files, such as the pole camera video.

The pole camera video was not disclosed by the government until March 15, 2019. The testimony of SSA Milnor will show how an agent could have found the existence of the video within the FBI file systems.

Excludable delay under 18 U.S.C. § 3161 will not occur as a result of this motion or a ruling thereon.

RESPECTFULLY SUBMITTED this 27 day of September 2019.

**MAYNARD CRONIN ERICKSON CURRAN & REITER, P.L.C.**

/s/Daniel D. Maynard
DANIEL D. MAYNARD

**DRAKE LAW, PLC**

/s/Daniel R. Drake
DANIEL R. DRAKE

### CERTIFICATE OF SERVICE

I hereby certify that on September 27, 2019, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to CM/ECF registrants:

/s/Stacey McClellan
Stacey McClellan