MICHAEL BAILEY
United States Attorney
District of Arizona

KRISTEN BROOK
Arizona State Bar No. 023121
Assistant U.S. Attorney
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: kristen.brook@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>  Plaintiff,<br><br>  v.<br><br>Abdul Malik Abdul Kareem,<br><br>  Defendant. | No. CR-15-00707-01-PHX-SRB<br><br>**MOTION TO QUASH SUBPOENA** |

The United States, through undersigned counsel, respectfully moves to quash the subpoena issued to Assistant United States Attorney Joseph Koehler.

**Introduction**

On Friday, September 27, Defendant filed what was captioned as an "Ex Parte Request For Issuance Of Subpoena." (CR 597.) Although the caption did not identify who the subpoena was for, the body of the motion sought to subpoena testimony from the co-lead opposing lawyer in this case, Assistant United States Attorney Joseph Koehler. Without awaiting response from the United States, the motion was granted on October 1, 2019.

The United States objects to Defendant issuing a subpoena to the co-lead opposing lawyer – especially attempting (albeit failing, inadvertently) to do so ex parte. The United States therefore moves pursuant to Rule 17(c) to quash this

subpoena as unreasonable and oppressive. The United States also respectfully requests an expedited ruling so that this matter is resolved prior to the hearing, as the AUSA cannot be both a witness and counsel in the same hearing and needs to know ahead of time in which capacity he will be expected to appear.

## **Discussion**

Defendant may not subpoena the opposing party's lawyer, in this case the co-lead prosecutor, merely by claiming to satisfy Rule 17(b). Although Defendant does not even meet that standard (he does not show "necessity"), he must do much more in order to subpoena the prosecutor to give testimony. "The law does not liberally permit a defendant to call a prosecutor as a witness. On the contrary, a defendant must demonstrate a <u>compelling and legitimate need</u> to do so." *United States v. Wallach*, 788 F. Supp. 739, 743 (S.D.N.Y.), aff'd, 979 F.2d 912 (2d Cir. 1992) (emphasis added).

"The standard for quashing a subpoena for a prosecutor's testimony is the same as that for recusal of the prosecutor," namely that the prosecutor may be called as a witness "only if the defendant demonstrates a compelling need for her testimony." *United States v. Wells*, No. CRIM. 94-0191-R, 1994 WL 421471, at *7 (S.D. Cal. July 5, 1994) (collecting cases); *see, e.g.*, *United States v. Stek*, 895 F.2d 1419 (9th Cir. 1990) (unpublished) (affirming district court's grant of government's motion to quash subpoena of the prosecuting attorney because the defendant failed to show "compelling need"); *United States v. Washington*, No. 216CR00279JADPAL, 2018 WL 894027, at *3 (D. Nev. Feb. 13, 2018) ("with respect to his request to subpoena Assistant United States Attorney Daniel Schiess, Washington must demonstrate a compelling need for his testimony").

This "compelling need" standard is exacting. "In order to determine whether there is such a compelling need, courts look to two factors: (1) whether the prosecutor possesses information vital to the defense, and (2) whether all other sources of possible testimony have been exhausted." *Wells*, 1994 WL 421471, at *7

(internal citations omitted).  On this latter point, the Ninth Circuit has been clear that "a United States Attorney who participates in prosecuting a case should not be called as a witness unless all other sources of possible testimony have been exhausted" or the AUSA "play[s] no other role" in the case, besides being a witness. *United States v. West*, 680 F.2d 652, 654 (9th Cir. 1982) (quotations omitted). *See also United States v. Tubbs*, No. CR05-5828FDB, 2007 WL 2712977, at *1 (W.D. Wash. Sept. 14, 2007) ("A defendant has an obligation to exhaust other available sources of evidence before a court should sustain a defendant's efforts to call a participating prosecutor as a witness.") (internal quotation omitted).

"Where witnesses other than the prosecutor can testify to the same matters in question, no compelling need exists." *United States v. Regan*, 897 F. Supp. 748, 758 (S.D.N.Y. 1995), *aff'd*, 103 F.3d 1072 (2d Cir. 1997); *see, e.g.*, *United States v. Dupuy*, 760 F.2d 1492, 1498 (9th Cir. 1985) (no compelling need to call prosecutor to impeach witness where notes, other witnesses, and other avenues of impeachment were available); *Wallach*, 788 F. Supp. at 744 (no compelling need to call prosecutor because agents could testify to statements made in prosecutor's presence).

Here, no compelling need, or any need, exists that would allow Defendant to effectively disqualify co-lead opposing counsel and render him unable to present the government's arguments and examine witnesses at the upcoming hearing. Everything asserted in the ex parte motion as supposedly within the knowledge of the AUSA would necessarily be known by law enforcement. In fact, the AUSA can only know matters about the discovery materials by virtue of having been provided that information by case agents. Everything that the AUSA learned from the FBI, the timeline of disclosures, and the organization of the investigation can all be testified to by the FBI case agent with whom the AUSA communicated. The government is filing a Hearing Memorandum that will describe that information in advance of the scheduled evidentiary hearing. There is no need, much less a compelling need, to render the opposing party's lawyer a witness.

Allowing Defendant to subpoena the other side's lawyer would substantially prejudice the United States. As may be Defendant's intention, it is not at all clear that the AUSA could continue in his role as counsel at the hearing in any capacity if he was also a witness. Certainly the AUSA would be unable to act as counsel during his own examination and to make arguments about his own testimony. For this very reason, allowing one side to make the other side's lawyer a witness is inconsistent with the Rules of Professional Conduct, which generally prohibit a lawyer from acting as both an advocate and a witness. Ariz. R. Prof'l Resp. 3.7. This "Advocate-Witness Rule" is longstanding and serves to avoid prejudice to both the tribunal and the parties. *See id.* cmt 1. This is yet another reason that courts impose such a high standard for permitting one side to subpoena the other side's lawyer, particularly the prosecutor, who has substantial knowledge of the case. *See McLain v. Calderon*, No. CV 89-3061 JGD, 1995 WL 769176, at *34 (C.D. Cal. Aug. 22, 1995), aff'd, 134 F.3d 1383 (9th Cir. 1998) ("Recognizing the possibility for abuse, the Ninth Circuit has erected a high threshold before criminal defendants will be permitted to force the disqualification of a participating prosecutor by designating them as witnesses.") (internal quotation omitted).

There is a particularly acute possibility for abuse in allowing one side's lawyer to be examined in the middle of active litigation, which is the case here. The case is on appeal and briefing continues in this Court. The United States has strong interests in maintaining work product and other privileges in the mental impressions of its counsel. *See generally Merritt v. Arizona*, No. CV-17-04540-PHX-DGC, 2018 WL 3729757, at *4 (D. Ariz. Aug. 6, 2018) ("As the Ninth Circuit explained in *Holmgren v. State Farm Mutual Automobile Insurance Co.*, 976 F.2d 573 (9th Cir. 1992), opinion work product, including the mental impressions, conclusions, opinions, or legal theories of an attorney, is entitled to nearly absolute protection."). Those interests would almost certainly be invaded if a lawyer was made a testifying witness in his own case.

To be clear, if the Court has questions for either prosecutor in this case, the AUSAs will certainly answer them. As an officer of the Court, "honest response of the government to direct judicial inquiry is a prosecutor's professional obligation," *United States v. Allen*, 434 F.3d 1166, 1175 (9th Cir. 2006), and that more than suffices to ensure that any questions the Court has for the AUSAs are answered. But permitting the defense to render the prosecutor a witness and thereby to interfere with the prosecutor's ability to represent the United States as counsel is far outside the norm and should not be countenanced, particularly where law enforcement agents are available to be examined on the discovery in this case.

## Conclusion

For the foregoing reasons, the subpoena seeking to make AUSA Koehler a testifying witness should be quashed.

Respectfully submitted this 3rd day of October, 2019.

> MICHAEL BAILEY
> United States Attorney
> District of Arizona
>
> *s/ Kristen Brook*
> KRISTEN BROOK
> Assistant U.S. Attorney

CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of October, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, and that true and accurate copies have been transmitted electronically to counsel for the defendant via the ECF system.

Daniel Drake & Daniel Maynard, Attorneys for Defendant


By:  */s Norma Hernandez*