Daniel D. Maynard, No. 009211
**MAYNARD CRONIN ERICKSON**
**CURRAN & REITER, P.L.C.**
3200 North Central Avenue, Suite 1800
Phoenix, Arizona 85012
(602) 279-8500
dmaynard@mmcec.com

Daniel R. Drake, No.003781
**DRAKE LAW, PLC**
4340 East Indian School Road, Suite 21-113
Phoenix, Arizona 85018
(602) 881-5341
drakelawplc@gmail.com

Attorneys for Defendant

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| United States of America, | 2:15-cr-00707-SRB |
| Plaintiff/Respondent, | **DEFENSE REPLY RE MOTION TO EXCEED PAGE LIMITATION RE POST-HEARING MEMORANDUM** |
| v. | |
| Abdul Malik Abdul Kareem, | |
| Defendant/Movant. | |

The Government opposes the motion to exceed page limitation because it asserts the issues have already been briefed, thus no need for the summary of the post-hearing memo. The Government's approach all along has been to separate out individual late disclosures and argue that each is insufficient to warrant a dismissal or new trial. That is not the appropriate standard or method of review. The items are considered collectively to determine if they establish "a 'reasonable probability' of prejudice when suppression

1

of the evidence 'undermines confidence in the outcome of the trial.'" *United States v. Kohring*, 637 F.3d 895, 903, (9th Cir. 2011) (*citing Kyles v. Whitley*, 514 U.S. 419, 434 (1995)).  The post-hearing memo is intended as a supplement to address items not addressed in the evidentiary hearing and put them in context.

Remember where we were with the Supplemental Motion for New Trial, Doc. 505, on June 11, 2018.  That motion was based on comments at the trial of Erick Jamal Hendrick tying Hendricks to the Garland attack and testimony of the undercover agent named Jane.  Since that motion we have discovered Jencks Act information on Jane that showed he was concerned about Simpson in relation to the Garland contest.  Then we learned that the Government actually had information from Saabir Nurse's cell phone and passport.  Then, at the trial of Wahid, we learned that the FBI would typically expend vast resources to investigate a money transfer to a suspected terrorist and would pay particular attention to the last persons to see an attack before a terrorist attack.  Then we learned that  Dallas FBI was concerned enough about Simpson to reach out to Phoenix FBI for pertinent information.  Then we learned of a pole camera recording video of comings and goings at Simpson's apartment.  Then we learned that the FBI has Simpson under surveillance for the three months preceding the attack, and even watched him round the clock in relation to the Pat Tillman Run because it considered him a sufficient threat that it warranted 16 agents devoted to that surveillance.  Then we learned that the FBI agent reviewing documents for production missed lots of documents.  On the last day of the evidentiary hearing we learned the Government had again failed to disclose required

statements of a testifying Government agent.

Because the evidentiary hearing was limited in scope there was no document that addressed the most recent items, like the information from the Goldberg case, demonstrating the collective impact of these untimely disclosures. As the Declaration of Mr. Maynard made clear, he was addressing only those matters disclosed since his first declaration. That is what the post-hearing memorandum sought to do, and it was hardly the defense's fault that it was a lengthy piece.

RESPECTFULLY SUBMITTED this 6th day of December 2019.

**MAYNARD CRONIN ERICKSON CURRAN & REITER, P.L.C.**

By /s/Daniel D. Maynard
    Daniel D. Maynard
    3200 North Central Avenue, Ste. 1800
    Phoenix, Arizona 85012
    Attorneys for Defendant/Appellant

**DRAKE LAW, PLC**

By /s/Daniel R. Drake
    Daniel R. Drake
    4340 East Indian School Road
    Suite 21-113
    Phoenix, Arizona 85018
    Attorney for Defendant/Appellant

**CERTIFICATE OF SERVICE**

I hereby certify that on December 6, 2019, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to CM/ECF registrants:

    AUSA Joseph E. Koehler and AUSA Kristen Brook

Additionally, a copy was served upon Mr. Abdul Kareem by first class letter, postage prepaid, at:

    Abdul Malik Abdul Kareem #44126-408
    FCI Florence
    Federal Correctional Institution
    PO Box 6000
    Florence, CO  81226

    /s/Daniel R Drake
    Daniel R Drake