IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-15-00707-001-PHX-SRB |
| Plaintiff, | **ORDER** |
| v. | |
| Abdul Malik Abdul Kareem, | |
| Defendant. | |

Defendant filed his first Motion for New Trial based on Prosecutorial Misconduct on March 31, 2016 (Doc. 303). He filed a Supplement to that Motion on November 9, 2016 (Doc. 432) and a later Reply in support of his Motion (Doc. 452). The Motion was denied on January 23, 2017. A Judgment of Conviction was entered on February 9, 2017 (Doc. 481). Defendant filed his Notice of Appeal on February 21, 2017 (Doc. 492).

Defendant filed his second Motion for New Trial based on Newly Discovered Evidence on June 11, 2018 (Doc. 505) and an Addendum to that Motion on April 26, 2019 (Doc. 541). He later filed a brief in Reply (Doc. 559). On August 8, 2019 Defendant filed a Motion to Dismiss the Indictment for Brady violations (Doc. 565). An evidentiary hearing was held on these motions on October 15 and 16, 2019 with arguments on October 17, 2019. The Court issued its Order indicating its intent to deny the Motion to Dismiss and to grant in part and deny in part the Motion for New Trial on December 23, 2019 (Doc. 640). Defendant's appeal has been stayed based on the pendency of the second Motion for New Trial.

Defendant has now filed his third Motion for New Trial (Doc. 647). It is based on arguments made in a stricken filing entitled Supplement to Motion to Dismiss and for a New Trial lodged on December 3, 2019 (Doc. 629). The Government has filed a Motion to Strike (Doc. 650) which is now fully briefed.

The Government argues that the third Motion for New Trial is an untimely motion to reconsider the Court's Order striking the Supplement to Motion to Dismiss and for a New Trial and to reconsider the Court's Order giving its indicative ruling and the Court's Orders before and during the evidentiary hearing. Defendant has responded in opposition and the Government has filed a Reply. The Court agrees with the Government and will grant the Motion to Strike and not consider the third Motion for New Trial.

Defendant's third Motion for New Trial is focused on FBI reports of spot surveillance of Elton Simpson on March 10 and 11, April 1,3,11, 26, and 27, 2015 and approximately 24 hours of continuous surveillance of Simpson on April 24 and 25, 2015 in connection with the Pat Tillman Run. Defendant also references some FBI internal communications about Simpson on April 30 and May 2, 2015. All of these items were the subject of testimony during the evidentiary hearing and the documents and photos related to the surveillance of Simpson were admitted in evidence at the October, 2019 evidentiary hearing. None of them individually or collectively would warrant a new trial as they have no significance for Defendant.[1]

Defendant's third Motion for New Trial is nothing more than a request that the Court reconsider earlier rulings. As a Motion for Reconsideration it is untimely. Even if it were timely, the motion does not provide any basis for the Court to find its earlier rulings manifestly erroneous or disclose new facts or legal authority not previously considered by the Court. *See*, LRCiv 7.2(g), incorporated by LRCrim 12.1.

Defendant was convicted and appealed more than three years ago. His appeal has

---

[1] If there is any arguable significance it would be to Count Two only and the Court has already indicated that it would grant a new trial on Count Two.

been stayed without briefing. This Court has made its indicative ruling on Defendant's second Motion for New Trial and Motion to Dismiss. In the Court's view, either the appeal should now proceed or the parties should seek a remand based on this Court's indicative ruling.

IT IS ORDERED granting the Government's Motion to Strike. (Doc. 650)

IT IS FURTHER ORDERED striking Defendant's Third Supplement to Motion for New Trial. (Doc. 647)

Dated this 4th day of March, 2020.

_____
Susan R. Bolton
United States District Judge