Daniel D. Maynard, No. 009211
**MAYNARD CRONIN ERICKSON & CURRAN, P.L.C.**
3200 North Central Avenue, Suite 1800
Phoenix, Arizona 85012
(602) 279-8500
dmaynard@mmcec.com

Daniel R. Drake, No.003781
**DRAKE LAW, PLC**
4340 East Indian School Road, Suite 21-113
Phoenix, Arizona 85018
(602) 881-5341
drakelawplc@gmail.com

Attorneys for Defendant

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff/Respondent,<br><br>v.<br><br>Abdul Malik Abdul Kareem,<br><br>    Defendant/Movant. | 2:15-cr-00707-SRB<br><br>**ABDUL MALIK ABDUL KAREEM'S MOTION FOR A NEW TRIAL, JUDGMENT OF ACQUITTAL, OR DISMISSAL AS TO COUNT 4 OF THE INDICTMENT**<br><br>**(Oral Argument)** |

  Defendant, Abdul Malik Abdul Kareem ("Kareem") moves this Court for a new trial or a judgment of acquittal as to Count 4 of the indictment, charging a violation of 18 U.S.C. § 922(g)(1) and 924 against him. The indictment failed to allege, the jury was not instructed that it had to find, and the government failed to prove that Kareem knew, as required by *Rehaif v. United States*, 139 S.Ct. 2191 (2019), that he belonged to the class

1

of individuals prohibited from possessing firearms.

This motion is supported and explained by the attached memorandum.

RESPECTFULLY SUBMITTED this 2nd day of April, 2021.

**MAYNARD CRONIN ERICKSON & CURRAN, P.L.C.**

**DRAKE LAW, PLC**

/s/Daniel D. Maynard
DANIEL D. MAYNARD

/s/Daniel R. Drake
DANIEL R. DRAKE

## MEMORANDUM

### 1. Legal Authority

In *Rehaif v. United States*, 139 S.Ct. 2191, 2194 (2019), the Supreme Court held that under 18 U.S.C. § 922(g)(1)[1] and 924, the statutes involved in Count 4, the word "knowingly" applied **both** to the defendant's **conduct** and to the defendant's **knowledge**

---

1  Section 922(g)(1) provides in pertinent part: It shall be unlawful for any person
   (1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year;

   to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.
18 U.S.C. § 922(g)(1).

Section 924 of Title 18 carries the penalty provision for a violation of § 922(g)(1). It provides in pertinent part:
   Whoever knowingly violates subsection … (g)… of section 922 shall be fined as provided in this title, imprisoned not more than 10 years, or both.
18 U.S.C. § 924(a)(2).

2

**of his status** as a prohibited possessor. That is, the government "must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Id*. 2000.

The Court noted that applying the "knowingly" requirement to the defendant's status helps separate wrongful from innocent acts.

> Without knowledge of that status, the defendant may well lack the intent needed to make his behavior wrongful. His behavior may instead be an innocent mistake to which criminal sanctions normally do not attach.

*Rehaif, 139 S.Ct.* at 2197.

*Rehaif* requires that the charging documents, jury instructions, and proof at trial demonstrate a defendant's knowledge both as to his conduct and his status. Here, there was a failure to allege, charge the jury, and prove that Kareem knew he fell within the category of persons prohibited from possessing firearms.

*Rehaif* applies here because Supreme Court decisions in criminal cases apply to all cases pending on direct appeal, cases which are not final. *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987).

### 2. The Indictment Was Fatally Deficient

In order to be valid, an indictment must allege a criminal mens rea and must cover all of the essential elements of the crime. Federal Rule of Criminal Procedure 7 requires that an indictment contain "a plain, concise and definite written statements of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). An indictment's failure

to detail each element of the charged offense generally constitutes a "fatal defect." *United States v. Keith*, 605 F.2d 462, 464 (9th Cir. 1979).

A claim of a defective indictment can be raised at any time, but "[c]hallenges [should] be made at the earliest possible moment.... [I]ndictments which are tardily challenged are liberally construed in favor of validity." *United States v. James*, 980 F.2d 1314, 1316 (9th Cir. 1992). This challenge is being raised in a timely fashion since *Rehaif* was decided in 2019, following Kareem's 2016 trial.

Missing from the indictment is the fourth element regarding his knowledge of his status as now required by *Rehaif*.

Count 4 of the Second Superseding Indictment reads:

> On or about June 10, 2015, in the District of Arizona, KAREEM, having been convicted of a crime punishable by imprisonment for a term exceeding one year, that is, Aggravated Driving Under the Influence in the State of Arizona, did knowingly possess in and affecting interstate commerce firearms, that is, a Taurus model 85 Ultralite .38 caliber revolver and a Tanfoglio model Witness 9mm pistol.
>
> All in violation of Title 18, United States Code, Section 922(g)(1).

Doc. 158, p.5.

The indictment says nothing about his knowledge that he was prohibited from possessing firearms. Thus, as the Court pointed out in *Rehaif*, it lacks a crucial element of the charge.

In *United States v. Omer*, 395 F.3d 1087, 1088 (9th Cir. 2005), the indictment's failure to recite an essential element of the offense, materiality in that case, when challenged by a pretrial motion required dismissal of the indictment.

### 3. The Jury Instructions Were Deficient

Unless a jury is properly instructed as to its duties, the elements of the offense, and any defenses, it will be unable to carry out its duty and render a proper verdict. *United States v. Murphy*, 824 F.3d 1197, 1204 (9th Cir. 2017 (*citing United States v. Gaudin*, 515 U.S. 506, 511 (1995) ("The Constitution gives a defendant the right to demand that a jury find him guilty of all the elements of the crime with which he is charged.")  Here, the jury instructions on Count 4 failed to include an essential element identified by *Rehaif*, and thus allowed the jury to render a fatally flawed verdict. The jury convicted Kareem on fewer than all the essential elements of the offense.

The jury instructions for Count 4 stated:

> The defendant is charged in Count 4 with Felon in Possession of Firearms. In order for the defendant to be found guilty of this charge, the government must prove each of the following elements beyond a reasonable doubt:
> First, on or about June 10, 2015, the defendant knowingly possessed a Taurus model 85 Ultralite .38 caliber revolver and/or a Tanfoglio model Witness 9mm pistol, with all of you agreeing on the particular firearm he possessed;
> Second, the Taurus model 85 Ultralite .38 caliber revolver and the Tanfoglio model Witness 9mm pistol had been shipped or transported from one state to another state; and,
> Third, at the time the defendant possessed the Taurus model 85 Ultralite .38 caliber revolver and/or the Tanfoglio model Witness 9mm pistol, the defendant had been convicted of Aggravated Driving While Under the Influence in the State of Arizona, a felony.

Dkt. 287, p. 24.

The current model jury instructions include the fourth element from *Rehaif*:

Fourth, at the time the defendant received the [specify firearm] [specify ammunition], the defendant knew [he] [she] was [specify applicable prohibited status from 18 U.S.C. § 922(g)(1)-(9)].

Manual of Model Criminal Jury Instructions, 8.63 Firearms – Unlawful Receipt, (last updated 12/2020)

The instruction was deficient.

4. **Remedy**

a) **Ninth Circuit**

Cases from this circuit and others have addressed what courts should do when presented with a *Rehaif* claim following trial. The Ninth Circuit applies a plain error analysis. *United States v. Johnson*, 963 F.3d 847, 849-50 (9th Cir. 2020). Failure of indictments and instructions to comply with *Rehaif* satisfies the first two prongs of the plain error test, an error that was obvious or plain. And, failure to require the government to prove Kareem knew his status precluded him from possessing a firearm, was an error and plain, as well.

The Ninth Circuit attempts to address the third and fourth prongs of the plain error test; did the error affect the defendant's substantial rights, and did that seriously affect the fairness, integrity, or public reputation of judicial proceedings. *United States v. Benamor*, 937 F. 3d 1182, 1188 (9th Cir. 2019). It looks to the trial record to evaluate the impact of the error. A stipulation that the defendant had a felony conviction at the time

6

of possession does not necessarily end the discussion, because stipulations prior to *Rehaif* did not establish a defendant's knowledge of his status as a prohibited possessor. *Id*.

However, the Ninth Circuit permits an excursion beyond the trial record to undisputed facts contained in the Presentence Report. Ordinarily, a plain error review of the sufficiency to support a conviction is confined to the record on appeal. *United States v. Johnson*, 963 F.3d 847, 851 (9th Cir. 2020) (*citing United States v. Flyer*, 633 F.3d 911, 917 (9th Cir. 2011). The Ninth Circuit reasoned that it could abandon the trial record where the government's evidence was sufficient to sustain a conviction at the time of trial but subsequently rendered insufficient due to an intervening change in the law. *Id*., (citing *United States v. Weems*, 49 F.3d 528 (9th 1995)). Because a retrial of the defendant would be required due to a change in the law, the court could without speculation look to undisputed facts in the entire appeal record, not just the trial record. *Id*. 937 F.3d at 852. Most of the cases upholding convictions after *Rehaif*, as explained below, rely upon circumstantial evidence that the defendant had multiple convictions and was sentenced to more than one year in prison more than once, was previously convicted as a felon in possession, or had a disqualifying conviction close in time to the possession. All of those Ninth Circuit cases are factually distinguishable from this case.

In *Johnson*, 963 F.3d at 853-54, the defendant was tried to the bench on stipulated facts. The stipulation included an acknowledgement of a felony conviction, but nothing on the *Rehaif* element. Turning to the presentence report, the Court of Appeals found

7

that Johnson had three separate felony convictions with sentences in excess of one year in prison: a 1998 conviction resulting in a 28 month sentence; a 2004 conviction and two years in prison; and a 2007 felony with another two year prison sentence. *Id*., 963 F.3d at 850. This was deemed sufficient to satisfy the requirement that Defendant knew he was a prohibited possessor.

In *Benamor*, 937 F.3d at 1188, the defendant had been charged in 2016 and stipulated at trial that, on the date when he was arrested for the possession of a shotgun, he had been convicted of a crime punishable by imprisonment for a term exceeding one year. *Id*., 937 F.3d at 1188. The Court noted that the defendant had been convicted of seven felonies, three of which involved sentences exceeding one year in prison. In fact, one case involved a conviction for <u>being a felon in possession of a firearm</u> and a <u>felon in possession of ammunition</u> and the defendant was sentenced to nearly six years of imprisonment. He spent more than nine years in prison on his various convictions. It concluded that there is no probability that, but for the error, the outcome of the proceeding would have been different. *Id*., 937 F.3d at 1189.

In *United States v. Martinez*, 811 Fed. Appx. 396 (9th Cir. 2020), the defendant was charged as a domestic violence misdemeanant in possession of a firearm and was tried during a stipulated-facts bench trial. *Id*., at 397. Martinez stipulated to the domestic violence conviction, which occurred less than five years before he was caught with the firearm. *Id*., at 399-400. The Court concluded the short period of time between his

conviction and possession of the firearm was strong circumstantial evidence of knowledge. Thus, according to the Ninth Circuit, he could not establish a probability that, but for the error, the outcome of the proceeding would have been different, the third prong, or that the failure affected substantial rights or the fairness, integrity, or public reputation of the trial the fourth prong. *Id*., (*citing Benamore*, 937 F.3d at 1189).

By comparison, the Ninth Circuit in *Murphy* found that the threat to the integrity and fairness of judicial proceedings is greater than that of an imperfect verdict. *Murphy*, 824 F.3d at 1205. It was not a *Rehaif* claim; Murphy was charged with presenting fictious financial instruments. The evidence was not strong, and Murphy gave the jury a reasonable explanation supporting innocence. *Id*. at 1204. Coupled with the erroneous instruction which omitted an essential element, the Court found serious concerns focused on the very heart of the charge. *Id*. at 1205.

As noted in *Johnson*, 963 F.3d at 852, the Supreme Court, in another case with a similar name, assumed that an error in failing to instruct on all required elements (there materiality) could affect the defendant's substantial rights yet fail to satisfy the fourth prong of plain error review because the evidence (of materiality) was overwhelming. *Johnson v. United States*, 520 U.S. 461, 469-70 (1997). Had the defendant there articulated a plausible argument for why the jury could have found in her favor, remand for a retrial would have been required for the jury to decide the issue after being properly

instructed. But in the absence of such argument, it was no miscarriage of justice to leave the error uncorrected. *Id.*

Similarly, in this case, Kareem gave a rationale jury a basis to find reasonable doubt.

The evidence at trial demonstrated that Kareem knew he had an old felony conviction, and that he understood felons could not possess firearms, but he thought that after a while the felony fell away, such that he was not worried about possessing firearms because he believed that provision no longer applied to him.

During direct examination Kareem discussed his felony convictions:

```
Q:   At some point did you get convicted of some felonies?
A:   Yes. I got convicted for – I think it was in 2004, I got convicted for a DUI.
Q:   So it was -- how did it – if you know, how did it become a felony DUI?
A:   At the time I think I didn't have my license and I was driving without – without my license.
Q:   Do you have more than one felony DUI?
A:   Yes.
Q:   How many do you have?
A:   Two.
Q:   And what are they for?
A:   DUIs
Q:   Okay. They're both DUI?
A:   Yes.
```
3/8/16 RT 2304-05.

On cross-examination, he was asked:

```
Q:   When they arrested you, you had a gun both in the truck and you had one at your house?
A:   Yes.
Q:   If you thought the FBI was following you, why didn't you get rid of your guns?
```

10

```
A:   I didn't think anything was of it.  I didn't think anything.
Q:   Did you know that a felon wasn't supposed to carry guns?
A:   Yes.  But I didn't think that I was a felon at that time because I thought that
after so many years that the felon would drop off.
```
3/8/16 RT 2389-90.

Thus, Kareem asserted that he did not believe that he belonged to the category of persons prohibited from possessing a firearm.  The flawed jury instruction allowed the jury to decide that issue without being given any instructions on that point, in essence, keeping his defense from the jury.  This prevented Kareem from presenting a complete defense as permitted under the Sixth Amendment.  *Holmes v. South Carolina*, 547 U.S. 319, 324 (2006).  Providing the jury with accurate law could have resulted in a different outcome, or undermined in the confidence in the outcome.  *Gary*, 954 F.3d at 2037.  A defendant does not have to show it is more likely than not that he would have been acquitted.  *United States v. Cook*, 970 F.3d 866, 881 (7th Cir. 2020).  He need only show a reasonable probability of a different outcome, which includes an acquittal or a mistrial because of a deadlocked jury.

Here, Kareem's presentence report shows that in 2001 he was sentenced to 4 years probation and four months in jail for Aggravated Driving Under the Influence (felon).  PSR ¶ 58.  In 2005 he was convicted for Aggravated Driving or Actual Physical Control while Under the Influence of Intoxicating Liquor (felony).  PSR ¶ 59.  It also appears from the PSR that the charge in ¶ 59 was dismissed.  It is unclear from the PSR what he was convicted of.  He was sentenced to 5 year probation concurrent with the preceding

case and four months in prison.

It is likely the government will raise several arguments to support the conviction should this Court chose to follow Ninth Circuit cases.

The Court in *Rehaif* responded to Government arguments that Congress generally does not require defendants to know their own status, by pointing out that the "defendant's status is the 'crucial element' separating innocent from wrongful conduct." *Id*. "Even a dog distinguishes between being stumbled over and being kicked." O. Holmes, The Common Law 3 (1881).

The Government next argued that the question of status is a question of law and "ignorance of the law" (or a "mistake of law") is no excuse, citing *Cheek v. United States*, 498 U.S. 192, 199 (1991). The *Rehaif* court found that argument unpersuasive, as that maxim does not normally apply where a defendant "has a mistaken impression concerning the legal effect of some collateral matter and that mistake results in his misunderstanding the full significance of his conduct." *Id*., at 2198 (*citing* 1 W. LaFave & A. Scott, Substantive Criminal Law § 5.1(a), p. 575 (1986)). It also cited the Model Penal Code for the proposition that "a mistake of law is a defense if the mistake negates the 'knowledge…required to establish a material element of the offense.'" *Rehaif*, 139 S.Ct. at 2198. Continuing, the Court noted that an individual's status is a "collateral" question of law. A defendant who does not know that he is not of the requisite status does not have the guilty state of mind that the language and purposes require. *Id*.

The Court in *Rehaif* ended by concluding that in a prosecution under 18 U.S.C. § 922(g)(1), and the penalty provision in § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm. 139 S.Ct, at 2200.

In *United States v. Phillips*, this Court noted that the Supreme Court held that restrictions on possession of firearms by felons were "presumptively legal." 827 F.3d 1171, 1174 (9th Cir. 2016). A presumption can be rebutted. However, it felt it constrained to follow *District of Columbia v. Heller*, 554 U.S. 570, (2008) and *United States v. Vongxay*, 594 F.3d 1111(9th Cir. 2010) and find that a predicate conviction for Misprison could sustain a charge of felon in possession. 827 F.3d at 1173-74.

It observed, however, that "there are good reasons to be skeptical of the constitutional correctness of categorical, lifetime bans on firearm possession by *all* "felons." *Id*. It would be next to absurd, the Court observed, for modern felonies like income tax evasion or antitrust violations to disqualify one from owning a firearm for life. *Id*., n. 2. Here, the "modern felony" of DUI holds no better basis for a lifetime ban on firearm possession.

Phillips argued that his predicate conviction, Misprison, a violation of 18 U.S.C. § 4, was a passive crime, not justifying a ban on possession of firearms. The Court disagreed, finding Misprison functionally identical to its predecessor adopted in 1790. It found itself hard pressed to conclude that a crime that has always been a federal felony

cannot serve as the basis of a ban on owning a firearm even though its actus reus may appear innocuous.

### b) **Seventh and Other Circuits in Alignment with the Ninth Circuit**

The Seventh Circuit has clarified that the government need not show that a defendant knew his status prohibiting him from possessing a firearm, but simply that he held the status, in that case as an unlawful user of marijuana. *United States v. Cook*, 970 F.3d 866, 880 (7th Cir. 2020) (*citing United States v. Maez*, 960 F.3d 949, 954-55 (7th Cir. 2020)).  The Seventh Circuit found discretion to review the record and rely on reliable facts outside the trial record; the defendant's prior offenses and time served in prison, as reflected in undisputed portions of the presentence report.  *Maez*, 960 F.3d at 963.

Other circuits join this approach" *United States v. Coleman*, 961 F.3d 1024 (8th Cir. 2020); *United States v Lavalais*, 960 F.3d 180 (5th Cir. 2020); *United States Trujillo*, 960 F.3d 1196 (10th Cir. 2020).

### c) **Fourth Circuit and Other Courts Breaking from the Ninth Circuit**

Pending before the United States Supreme Court is *United States v. Gary*, No. 20-444, arising from 954 F.3d 194 (4th Cir. 2020).  Gary pleaded guilty to being a felon in possession of a firearm.  He did so without a plea agreement.  Consistent with the then uniform precedent in federal courts, the district court advised Gary of three elements but not the fourth of knowledge.  While the case was on appeal, the Supreme Court issued its

opinion in *Rehaif*. Following supplemental briefing, the Fourth Circuit concluded a guilty plea taken in violation of *Rehaif* meets each of the three independent tests for structural error. 954 F.3d at 204-6. It emphasized that the judicial process is not only at stake but undermined in these circumstances. A defendant must be "fully informed" of the charge, "[e]ven where evidence in the record might tend to prove a defendant's guilt." 954 F.3d at 208.

Then in *United States v. Medley*, 972 F.3d 399 (4th Cir. 2020), the Fourth Circuit addressed how *Rehaif* errors applied to a jury trial. Medly had been incarcerated for 16 years but did not address his knowledge of his status. *Id.*, at 417. The court concluded that tolerating the *Rehaif* failure and then engaging extra-record in factfinding to affirm Medley's conviction would ignore the grand and petit functions. *Id.*, at 418. It noted that this case could give anyone pause about a scheme of criminal justice that too much relies on the State, and sometimes judges. *Id*. It would diminish the public faith in the integrity of our courts. *Id*. The court vacated Medley's conviction and remanded with instructions to dismiss the count without prejudice. *Id*.

    d)    **Third Circuit**

In *United States v. Nasir*, 982 F.3d 144, 162 (3rd Cir. 2020), the court concluded that even on plain-error review, basic constitutional principles require courts to consider only what the government offered, not evidence that it wishes it had offered. Finding an absence of proof, it remanded for a new trial on that charge. *Id*.

### 5. Conclusion

Based on this authority and its requirements, the proof in this case is insufficient to uphold the conviction. Kareem's rights were substantially prejudiced because he was not properly charged, the jury was not properly instructed, and he was not able to present a complete defense.

For all of these reasons, he should be granted a new trial on Count 4 or the Court should enter a judgment of acquittal.

RESPECTFULLY SUBMITTED this 2nd day of April, 2021.

> **MAYNARD CRONIN ERICKSON & CURRAN, P.L.C.**
>
> By  /s/Daniel D. Maynard
>     Daniel D. Maynard
>     3200 North Central Avenue, Ste. 1800
>     Phoenix, Arizona 85012
>     Attorneys for Defendant/Appellant
>
> **DRAKE LAW, PLC**
> By  /s/Daniel R. Drake
>     Daniel R. Drake
>     4340 East Indian School Road
>     Suite 21-113
>     Phoenix, Arizona 85018
>     Attorney for Defendant/Appellant

### CERTIFICATE OF SERVICE

I hereby certify that on April 2, 2021, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a

Notice of Electronic Filing to CM/ECF registrants:  AUSA Joseph E. Koehler and AUSA Kristen Brook.  Additionally, a copy was served upon Mr. Abdul Kareem by first class letter, postage prepaid, at:

> Abdul Malik Abdul Kareem #44126-408
> FCI Phoenix
> Federal Correctional Institution
> 37910 N 45th Ave
> Phoenix, AZ  85086

    /s/Stacey McClellan
    Stacey McClellan