PAUL ANTHONY MARTIN
Acting United States Attorney
District of Arizona

KRISTEN BROOK
Arizona State Bar No. 023121
JOSEPH E. KOEHLER
Arizona State Bar No. 013288
Assistant U.S. Attorneys
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone:  602-514-7500
Email: kristen.brook@usdoj.gov
Email: joe.koehler@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | No. CR-15-00707-01-PHX-SRB |
|---|---|
| Plaintiff, | |
| v. | **RESPONSE TO MOTION FOR A NEW TRIAL, JUDGMENT OF ACQUITTAL, OR DISMISSAL AS TO COUNT 4 OF THE INDICTMENT** |
| Abdul Malik Abdul Kareem, | |
| Defendant. | |

The United States, through undersigned counsel, respectfully urges the Court to deny Kareem's Motion for a New Trial, Judgment of Acquittal, or Dismissal as to Count 4 of the Indictment (CR 692).  Kareem's motion is untimely and procedurally improper at this stage of the case.  Moreover, Kareem's motion lacks substantive merit – *Rehaif* does not require dismissal, a new trial, or acquittal on Count 4.

I.      **Procedural History and Pertinent Factual Background**

A.      **Procedural History**

On June 10, 2015, the grand jury returned the original indictment against Kareem (CR 1.)  On December 22, 2015, the grand jury returned a second superseding indictment, in which it charged five counts against Kareem:  (I) conspiracy to transport firearms and

ammunition in interstate commerce with intent to commit a felony, in violation of 18 U.S.C. § 371; (II) aiding and abetting the transportation of firearms and ammunition in interstate commerce with the intent to commit a felony, in violation of 18 U.S.C. § 924(b) and 18 U.S.C. § 2; (III) making false statements to the FBI, in violation of 18 U.S.C. § 1001(a)(2); (IV) being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); and (V) conspiracy to provide material support or resources to a designated foreign terrorist organization, in violation of 18 U.S.C. § 2339B.  (CR 158.)

After a 19-day trial, the jury convicted Kareem on all counts.  (CR 285.)  After a lengthy period of post-trial litigation, the Court sentenced Kareem to a combined 360 months of imprisonment.  (CR 481.)  Kareem timely appealed his conviction and the government cross-appealed.  (CR 491, 495.)

While the appeal was pending, Kareem filed a new motion for new trial (CR 505), on which the Court issued an indicative ruling stating it would grant the motion in part by ordering a new trial on Count 2 and deny the remainder of the motion upon receiving a remand of jurisdiction from the Court of Appeals for the Ninth Circuit.  (CR 640.)  The Ninth Circuit dismissed the pending appeals in the case and remanded the case to this Court on April 20, 2020.  (CR 661.)  The Court entered its indicative ruling as an order following the remand.  (CR 664.)

The government filed a motion to dismiss Count 2 on June 15, 2020, and the Court granted the motion on June 16, 2020.  (CR 676, 677.)  Kareem presently is awaiting re-sentencing, and filed the instant motion on April 2, 2021.  (CR 692.)

**B.    Pertinent Facts**

The facts of the case are lengthy and set forth in detail in the government's Response to Kareem's Motion for New Trial and Motion for Judgment of Acquittal (CR 324), its Response to Kareem's Supplemental Brief in Support of Motion for New Trial (CR 441), and the Court's Order denying the motions (CR 469).  Thus, this response will briefly state the pertinent background facts.

Kareem had two felony DUI convictions prior to June 10, 2015.  On June 10, 2015, FBI agents arrested Kareem.  During the arrest, they recovered a loaded Taurus .38 special revolver.  (RT 2/24/2016 at 1014-1019.)  During the execution of a search warrant at Kareem's apartment the same day, agents recovered a loaded Tanfoglio 9mm pistol.  (RT 2/19/2016 at 610-620.)  Both guns had been transported in interstate commerce.  (RT 2/24/2016 at 1143-1148.)  Kareem admitted having purchased the .38 special firearm in December 2014.  (RT 3/8/2016 at 2338-2339.)

This matter proceeded to trial on February 16, 2016.  During the trial, the government admitted proof of Kareem's 2005 DUI conviction under his former name, Decarus Thomas.  (Tr. Exh. 139.)  The document stated on its face that the conviction was for a felony.  (*Id.*)  Kareem later testified on direct examination that he had two felony DUI convictions prior to his June 10, 2015, arrest in connection with this case:

> Q And let's get these felonies out of the way.  At some point did you get convicted of some felonies?
> A Yes. I got convicted for -- I think it was in 2004, I got convicted for a DUI.
> Q So it was -- how did it -- if you know, how did it become a felony DUI?
> A At the time I think I didn't have my license and I was driving without -- without my license.
> Q Do you have more than one felony DUI?
> A Yes.
> Q How many do you have?
> A Two.
> Q And what are they for?
> A DUIs.
> Q Okay. They're both DUI?
> A Yes.
> Q You've got two felonies and they're are both DUIs?
> A Yes.

(RT 3/8/16 at 2304-2305.)

Kareem later explained (also on direct examination) that he thought the felony convictions would "drop off."  Notably, he did not deny knowing he had the felony convictions.

> Q When they arrested you, you had a gun both in the truck and you had one at your house?
> A Yes.

1
2
3

       Q If you thought the FBI was following you, why didn't you get rid of your guns?
       A I didn't think anything was of it. I didn't think anything.
       Q Did you know that a felon wasn't supposed to carry guns?
       A Yes. But I didn't think that I was a felon at that time because I thought that after so many years that the felon would drop off.

4

(RT 3/8/16 at 2389-2390.)

5

6

7

Also during the trial, the government played clips from the recording of Kareem's post-arrest interview. In one of those clips, Kareem offered a starkly different explanation regarding his felony convictions:

8
9
10
11
12
13
14

       Jeffrey Nash:  Well that's, you're a felon in possession of a weapon
       Kareem:  I'm not a felon
       Nash:  Yes you are
       Kareem:  No I'm not
       Nash:  You didn't do time in DOC for DUI?
       Kareem:  That was under Decarus Thomas, my name is not Decarus Thomas
       Nash:  You're the same,
       Stewart Whitson:  So we're going to
       Nash:  Changing your name does not
       Kareem:  My name is not Decarus Thomas
       Nash:  Changing your name does not alleviate
       Kareem:  For a DUI?
       Whitson:  We're done in here.

15

16

17

Tr. Exh. 430.  In simple terms, Kareem at this point was claiming his known felony convictions under the name Decarus Thomas did not apply because that was no longer his name.

18

19

20

21

22

23

At trial, the government established that Decarus Thomas, the name under which Kareem was convicted as shown in Exhibit 139, was the same person as Kareem, refuting Kareem's claim in his post-arrest interview.  Exhs. 140 (Certified Birth Certificate for Decarus Thomas and Re-issued Version for Abdul Malik Abdul Kareem), 141 (Certified Name Change Record).  Kareem admitted as much near the beginning of his testimony. (RT 3/8/2016 at 2299.)

24

25

26

27

28

Perhaps sensing the inevitable with respect to Count 4, in closing argument defense counsel effectively conceded Kareem's guilt on that count.  Counsel acknowledged Kareem's post-arrest denial of being the same person was disingenuous, and his claim that he thought his felony convictions had dropped off did not matter because he had not petitioned to restore his right to bear arms:

- 4 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

> Now, let me get to the easy one, Count 4, Felon in Possession. My client had two guns. My client had two felony convictions. He didn't have a right to have the guns. He might have been a knucklehead because he thought that if he changed his name, he wasn't the same person. And he might have thought that after four years these are felony convictions but they're DUIs, that somehow or another they went away.
>
> I don't know that most people would know that a felony DUI is something that would prohibit you from getting a gun. One can certainly go and petition to try to get the right to bear an arm and to vote and do the many other things that one -- but he didn't do that. I think the evidence is pretty clear on that one, so I'm not going to spend a lot of time on Count 4.
>
> I'm going to focus on the other counts.

(RT 3/11/2016 at 2806-2807.)  Later, counsel added:

> Felon in Possession of a Weapon, it's not going to be too hard for you.
>
> The other four, he is not a co-conspirator. The evidence does not support the government's contention. The government has withheld -- they did withhold evidence from you that we brought to your attention.
>
> When you look at the evidence without passion or prejudice, you can only come to one conclusion. The government has not proved that he is guilty beyond a reasonable doubt.
>
> And I believe that you will take that instruction that you've gotten from the government, you'll look at all the evidence in this case, and you'll go in there and you'll find that he is not guilty beyond a reasonable doubt of those charges that involve him traveling across state lines to commit murder, conspiracy, aiding and abetting, aiding and abetting or conspiracy with a terrorist organization or of lying to the FBI.

(RT 3/11/2016 at 2861.)

Although this concession is not binding, it serves to underscore the fact that the trial evidence established beyond a reasonable doubt that Kareem knew he had been convicted of felonies.

## II.   Argument

### A.   Kareem's Motion is Untimely

As a motion to dismiss based on an alleged failure to state an offense, Kareem's motion falls within the scope of Federal Rule of Criminal Procedure 12(b)(3), which states, in pertinent part:

> (3) Motions That Must Be Made Before Trial. The following defenses, objections, and requests must be raised by pretrial motion if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits:
> (A) a motion alleging a defect in instituting the prosecution, including:
> * * * *
> (v) an error in the grand-jury proceeding or preliminary hearing;

1

(B) a defect in the indictment or information; including;

2

\* \* \* \*

(v) failure to state an offense;

3

Fed. R. Crim. P. 12(b)(3).

4

Thus, Kareem's motion, filed post-trial, is untimely under Rule 12(b)(3).

5

Without discussing Rule 12(b)(3), Kareem claims his motion is timely because

6

*Rehaif* issued in 2019.[1]   (CR 692 at 4.)   This claim cannot be squared with the plain

7

language of Rule 12(b)(3).  The fact that the Supreme Court decided *Rehaif* after the trial

8

in this case may constitute good cause under Rule 12(c) for Kareem's failure to raise it

9

before trial, but it does not render the motion timely.  *See United States v. Maez*, 960 F.3d

10

949, 956-57 (7th Cir. 2020).  The untimeliness of Kareem's challenge impacts the standard

11

under which the indictment is subject to review, as discussed below.

12

For similar reasons, Kareem's request for a new trial is untimely under Rule 33.

13

Under that rule, a court can grant a new trial on the ground of newly-discovered evidence

14

upon a motion made within three years of verdict, and on grounds other than newly-

15

discovered evidence only upon a motion made within 14 days of verdict.  Fed. R. Crim. P.

16

33(b)(1) & (2),  The ground raised in Kareem's motion, a change in the law, is not newly-

17

discovered evidence, and in any event, it comes more than three years after the verdict,

18

well beyond the time for bringing a motion for new trial based on newly-discovered

19

evidence.  *See United States v. Ross*, 372 F.3d 1097, 1105-07 (9th Cir. 2004) (discussing

20

district court's powers under Rule 33 and finding a court may consider dismissal remedy

21

within the context of a Rule 33 motion).  Rule 33 authorizes the filing of a motion for new

22

trial based on newly-discovered evidence, but only if the motion is filed within "3 years

23

after the verdict or finding of guilty."  The time limits in Rule 33 are mandatory claims-

24

processing rules that must be enforced when invoked.  *See Eberhart v. United States*, 546

25

26

27

28

---

[1] Kareem also cites *Unites States v. James*, 980 F.2d 1314, 1316 (9th Cir. 1992), for the proposition that a "claim of a defective indictment can be raised at any time." (CR 692 at 4.)  *James*, decided in 1992, predates the 2014 amendments to Rule 12.  In those amendments, subsection (b)(3) was amended "to remove language that allowed the court at any time while the case is pending to hear a claim that the 'indictment or information fails . . . to state an offense,'" in light of the Supreme Court's decision in *Cotton*, discussed below.  Fed. R. Crim. P. 12, Advisory Committee Notes to 2014 Amendments.

U.S. 12, 13, 18-19 (2005) (Rule 33 sets forth "rigid," "inflexible," "claim-processing rules" that require denial of untimely Rule 33 motion when the government raises timely objection).

The jury in this case returned its guilty verdict on March 17, 2016.  Kareem filed the instant motion on April 2, 2021, more than five years after the verdict. Therefore, the motion is untimely under Rule 33.

Similarly, Kareem's request for a judgment of acquittal under Rule 29 is untimely. Rule 29, like Rule 33(b)(2), imposes a 14-day deadline for filing a post-trial motion for judgment of acquittal.  Fed. R. Crim. P. 29(c)(1).

Because Kareem's motion to dismiss based on the defect in the indictment is untimely under Rule 12(b)(3), it is subject to review for plain error under a liberal construction of the indictment as discussed below.  And because his requests for a new trial and/or a judgment of acquittal are untimely under Rules 33 and 29, respectively, the Court should deny them on that basis alone.  Kareem's only potential remedy at this point is to seek relief on appeal after his resentencing.

## B.    *Rehaif* does not Require Dismissal, a New Trial, or Acquittal

The Supreme Court's decision in *Rehaif* admittedly transformed the landscape in § 922(g) prosecutions by overturning decades of circuit precent and holding that knowledge of one's status that triggers prohibition under § 922(g) is an element of the offense. *Rehaif v. United States*, 139 S. Ct. 2191 (2019).   Prior to *Rehaif*, the Ninth Circuit held the knowledge requirement in § 922(g) applied only to the possession element.  *See United States v. Nevils*, 598 F.3d 1158 (9th Cir. 2010) (en banc); *United States v. Miller*, 105 F.3d 552, 555 (9th Cir. 1997).

The Court in *Rehaif* added one element to the knowledge requirement: "the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. at 2200.  Notably, the Court commented that a defendant's knowledge of status "can be inferred from circumstantial evidence." *Id.* at 2198.

To the extent Kareem's requests in his motion are eligible for consideration on the merits at this stage of the litigation, he does not satisfy the appropriate legal standards for granting dismissal, a new trial, or acquittal on Count 4.

        1.     The allegations in Count 4 adequately provided notice of the charge

Because Kareem's challenge to Count 4 comes post-trial, review of that count will be for whether "the necessary facts appear in *any form* or *by fair construction* can be found within the terms of the indictment." *United States v. James*, 980 F.2d 1314, 1317 (9th Cir. 1992) (citation omitted), *cited with approval in United States v. Holden*, 806 F.3d 1227, 1233 (9th Cir. 2015) (when challenged for first time on appeal, "indictment must be 'liberally construed in favor of validity'").  In the context of a post-trial challenge to the sufficiency of an indictment, a reference to the statute within the indictment adequately informs the defendant of the charge against which the defendant must defend. *Id*. at 1317-18.  The caption of the indictment and Count 4 both included citations to 18 U.S.C. § 922(g)(1).  (CR 158.)  Therefore, the indictment adequately informed Kareem of the charge.

To the extent Kareem may argue the Court lacked jurisdiction over Count 4 based on the *Rehaif* defect, the Supreme Court has made clear that "defects in an indictment do not deprive a court of its power to adjudicate a case."  *United States v. Cotton*, 535 U.S. 625, 630 (2002); *United States v. Burleson*, 820 F. App'x 567, 569 (9th Cir. 2020) (rejecting *Rehaif* challenge to indictment and holding "The omission of an element in the indictment does not affect jurisdiction.").

        2.     The *Rehaif* instructional error does not warrant a new trial

Because the Court decided *Rehaif* while this case remained on direct review, the decision applies to this case. *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6, 328,  (1987). That said, Kareem did not raise the issue at any time prior to the instant motion, filed more than five years after the verdict in this case.  Thus, review of this issue on appeal will be for plain error. *United States v. Benamor*, 937 F.3d 1182, 1188 (9th Cir. 2019), *cert. denied*, 140 S. Ct. 818 (2020).  A pre-*Rehaif* instructional error regarding the new

1    knowledge element does not constitute structural error that would automatically trigger
2    reversal.  *See United States v. Johnson*, 979 F.3d 632, 639 & n.1 (9th Cir. 2020) (applying
3    plain error review in accordance with other circuits and noting Fourth Circuit's structural-
4    error approach).
5          Under *United States v. Olano*, 507 U.S. 725 (1993), a defendant seeking to
6    demonstrate plain error must show: (1) an error, (2) that was obvious, (3) that affected the
7    defendant's substantial rights, and (4) that seriously affected the fairness, integrity, or
8    public reputation of judicial proceedings.  *Id.* at 734, 736.
9          In this case, the absence of an instruction requiring the jury to find Kareem knew he
10   was a felon was plain error in the wake of *Rehaif*, thus satisfying the first two prongs of
11   *Olano*.  *See Henderson v. United States*, 568 U.S. 266, 273 (2013); *Johnson*, 979 F.3d at
12   636.  However, Kareem fails to show the error affected his substantial rights and that it
13   seriously affected the fairness, integrity, or public reputation of judicial proceedings.
14         Here, Kareem admitted in his testimony that he knew he had felony DUI
15   convictions.  In other words, he knew his convictions were for felonies.  He testified that
16   he thought those convictions might no longer prohibit him from possessing firearms
17   because he thought they might have dropped off.  He did not testify that he believed he was
18   convicted of crimes that did not qualify as felonies or that he believed they were
19   misdemeanors.
20         Q: Do you have more than one felony DUI?
         A Yes.
21         Q How many do you have?
         A Two.
22         * * * *
         Q You've got two felonies and they're are both DUIs?
23         A Yes.
24   (RT 3/8/16 at 2304-2305.)
25   This testimony contradicted his post-arrest statements, also admitted at trial, that he
26   believed he was not a felon because his felony DUI convictions occurred under his previous
27   name.  Further, Kareem's counsel acknowledged the strength of the government's proof in
28   closing argument.

The Court in *Rehaif* did not impose a burden to prove a defendant knew they were barred from possessing firearms.  *United States v. Singh*, 979 F.3d 697, 727-28 (9th Cir. 2020). Rather, *Rehaif* requires proof that a defendant in a § 922(g) prosecution "knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. at 2200; *see also Singh*, 959 F.3d at 728 & n.9 ("[T]he Government must prove only that [the defendant] knew, at the time he possessed the firearm, that he belonged to one of the prohibited status groups enumerated in § 922(g).").  In this case, therefore, the government only had to prove that Kareem knew he had a previous felony conviction; his belief that the conviction "drop[ped] off" in such a way that he could legally possess firearms is irrelevant under clear Ninth Circuit precedent.

Because the uncontroverted trial evidence on Count 4 showed Kareem knew he had two felony DUI convictions, regardless of his beliefs about the effect of those convictions after he changed his name or after the passage of time, the instructional error under *Rehaif* does not meet the third or fourth prongs of the plain error test.[2]  Kareem has not shown the jury would have reached a different result had it been instructed in accordance with *Rehaif*. *See Johnson*, 979 F.3d at 637 ("if the hypothetical retrial is certain to end in the same way as the first one, then refusing to correct an unpreserved error will, by definition, not result in a miscarriage of justice.")  In fact, under *Singh*, the jury also could properly have been instructed that Kareem's later-held beliefs were irrelevant to the elements of the crime under Rules 401 and 403. The absence of the new element did not affect Kareem's

---

[2] Kareem obliquely raises an additional argument, that his felony DUI convictions should not be a basis to prohibit him from possessing firearms under § 922(g)(1) – essentially an as-applied constitutional challenge to Count 4.  This challenge is foreclosed under clear Ninth Circuit law.  *United States v. Vongxay*, 594 F.3d 1111, 1114-15 (9th Cir. 2010) (Felons fall entirely outside of the class protected by the Second Amendment; thus barring their possession of weapons are "presumptively lawful.").  Further the Supreme Court made explicitly clear in *District of Columbia v. Heller* that the Second Amendment does not provide convicted felons of any type a right to bear arms. 554 U.S. 570, 626 (2008) ("[N]othing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons.").  And to the extent Kareem challenges a permanent bar to his possession of firearms, his challenge misses the mark – as his counsel acknowledged in closing argument, Kareem could have sought restoration of his rights under Arizona law, but failed to do so.  (RT 3/11/2016 at 2807.)

substantial rights, nor did it seriously affect the fairness, integrity, or public reputation of the judicial proceedings in this case. *See Benamor*, 937 F.3d at 1189 (analyzing evidence under plain error standard and finding *Rehaif* instructional error was harmless).

Therefore, the facts of this case do not justify a re-trial, even assuming this Court has the power to order a new trial in the current procedural posture of the case.

3.      The *Rehaif* error does not warrant a judgment of acquittal

Kareem does not proffer a substantive argument in support of his request that the Court enter a judgment of acquittal. Because he fails to provide factual and legal support for this portion of his motion, it is deficient and subject to summary denial. *See* L.R.Crim 47.1; L.R.Civ. 7.2(b) (requiring memorandum setting forth points and authorities in support of motion), (i) (non-compliance with rule "may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily"); *California Pac. Bank v. Fed. Deposit Ins. Corp.*, 885 F.3d 560, 570 (9th Cir. 2018) ("Inadequately briefed and perfunctory arguments are also waived."). The Court should deny his request on that basis alone.

Even if Kareem's arguments in support of his requests for dismissal and a new trial were applicable to his argument for entry of a judgment of acquittal, his request lacks merit under the governing legal standard. In deciding the sufficiency of the evidence, a reviewing court must view the evidence in the light most favorable to the prosecution. *United States v. Nevils*, 598 F.3d 1158, 1161 (9th Cir. 2010) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

Applying that standard here, the evidence of Kareem's post-arrest statement in which he attempted to claim he was "not a felon" because he changed his name, coupled with the judgment from his prior conviction that stated on its face it was for a felony, was more than sufficient to support a finding that he knew he had been convicted of a felony. Moreover, Kareem's trial testimony showed that he knew he had been convicted of felonies, but merely believed they no longer counted. Again, defense counsel acknowledged as much in closing argument.

Even if the evidence of Kareem's knowledge was insufficient, acquittal would not be an appropriate remedy in the procedural posture of this case. The Ninth Circuit faced essentially the identical issue in *Johnson*, 979 F.3d 632 (9th Cir. 2020). In that case, like this one, the defendant was convicted at trial prior to the decision in *Rehaif*, but his case remained on direct appeal when the Supreme Court decided *Rehaif*. Consequently, he claimed on appeal that the government failed to introduce evidence of his knowledge of his felon status, and his conviction should be reversed for insufficiency of the evidence. *Id*. at 635.

The court rejected that contention, noting "a sufficiency challenge must be assessed against the elements that the government was required to prove at the time of trial." *Id*. at 636 (citing *United States v. Kim*, 65 F.3d 123, 126–27 (9th Cir. 1995)). The court concluded the appropriate mechanism to address the defendant's challenge was review of whether the trial court "applied the wrong legal standard in assessing his guilt – specifically, by omitting the knowledge-of-status element now required under *Rehaif*." *Id*. The court went on to analyze whether remand for re-trial under the correct legal standard was appropriate, reviewing for plain error under *Olano* as set forth above. *Id*. at 636-39.

Therefore, to the extent the evidence would be considered insufficient, the appropriate remedy – whether to order a re-trial – would be subject to plain error analysis under the correct legal standard. The government's plain error argument opposing a new trial, set forth in part II(B)(2) above, applies with equal force here.

**III.  Conclusion**

Because Kareem's motion is untimely under Rules 12(b)(3) and 33, and because the *Rehaif* error in this case did not affect Kareem's substantial rights or seriously affect the fairness, integrity, and public reputation of the judicial proceedings, this Court should deny Kareem's Motion for a New Trial, Judgment of Acquittal, or Dismissal as to Count 4 of the Indictment (CR 692).

1

Respectfully submitted this 16th day of April, 2021.

2
3

PAUL ANTHONY MARTIN
Acting United States Attorney
District of Arizona

4
5
6

*s/ Kristen Brook*
*s/ Joseph E. Koehler*
KRISTEN BROOK
JOSEPH E. KOEHLER
Assistant U.S. Attorneys

7
8

CERTIFICATE OF SERVICE

9
10

I hereby certify that on the 16th day of April, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, and that true and accurate copies have been transmitted electronically to counsel for the defendant via the ECF system.

11

Daniel Drake & Daniel Maynard, Attorneys for Defendant

12

By: */s Joseph E. Koehler*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28