# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Abdul Malik Abdul Kareem,<br><br>Defendant. | No. CR-15-00707-001-PHX-SRB<br><br>**ORDER** |

Pending before the Court is Defendant Abdul Malik Abdul Kareem ("Defendant")'s Motion for a New Trial, Judgment of Acquittal, or Dismissal as to Count 4 of the Indictment ("Motion"). (Doc. 692, ("Mot.").)

**I.  BACKGROUND**

The factual background of this case is more fully summarized in the Court's January 23, 2017 and December 23, 2019 Orders. (*See* Doc. 469, 1/23/17 Order at 2 n.1; Doc. 640, 12/23/2019 Order at 1–2.) In short: on May 3, 2015, Elton Francis Simpson and Nadir Hamid Soofi opened fire at a Prophet Muhammad drawing contest in Garland, Texas, before being shot and killed at the scene. (12/23/2019 Order at 1.) Defendant's role in the attack included supplying Simpson and Soofi with money, firearms, and ammunition. (*Id.*)

Defendant was indicted on June 10, 2015. (Doc. 1, Indictment.) On September 1, 2015, the First Superseding Indictment was issued, charging Defendant with four counts.[1]

---

[1] The First Superseding Indictment charged Defendant with conspiracy, in violation of 18 U.S.C. § 371; interstate transportation of firearms with the intent to commit a felony, in violation of 18 U.S.C. §§ 924(b) and 18 U.S.C. § 2; making false statements to the FBI, in violation of 18 U.S.C. § 1001(a)(2); and being a felon in possession of a firearm, in

On September 28, 2015, Defendant filed a motion to dismiss the First Superseding Indictment or suppress evidence on the basis that the FBI violated Defendant's due process rights by failing to disclose exculpatory evidence. (Doc. 85, Mot. to Dismiss Indictment or Suppress Evid. ("MTD FSI").) The Court denied that motion on December 29, 2015. (Doc. 160, 12/29/2015 Order.)

On December 22, 2015, a Second Superseding Indictment was issued adding one count.[2] Relevant to Defendant's pending Motion is Count 4, which charged that

> On or about June 10, 2015, in the District of Arizona, KAREEM, having been convicted of a crime punishable by imprisonment for a term exceeding one year, that is, Aggravated Driving Under the Influence in the State of Arizona, did knowingly possess in and affecting interstate commerce firearms, that is, a Taurus model 85 Ultralite .38 caliber revolver and a Tanfoglio model Witness 9mm pistol.
>
> All in violation of Title 18, United States Code, Section 922(g)(1).

(SSI at 5.) Defendant did not challenge any aspect of the Second Superseding Indictment.

Trial by jury began on February 16, 2016 and lasted nineteen days. After three days of deliberating, the jury found Defendant guilty on all counts. (*See* Doc. 285, Verdict ("Verd.").) The Court sentenced Defendant to 30 years in prison.[3]

Defendant appealed his convictions and sentences and the United States cross-

---

violation of 18 U.S.C. § 922(g)(1). (Doc. 57, First Superseding Indictment ("FSI") at 1.)

[2] The Second Superseding Indictment charged Defendant with five counts: knowingly and intentionally conspiring to transport firearms and ammunition in interstate commerce with the intent to commit crimes punishable by imprisonment exceeding one year in violation of 18 U.S.C. § 924(b) with overt acts in furtherance thereof, in violation of 18 U.S.C. § 371 (Count One); knowingly and intentionally transporting firearms and ammunition in interstate commerce with the intent to commit crimes punishable by imprisonment exceeding one year, in violation of 18 U.S.C. § 924(b) and 18 U.S.C. § 2 (Count Two); knowingly and willfully making false, fraudulent, and fictitious material statements and representations to the Federal Bureau of Investigation, in violation of 18 U.S.C. § 1001(a)(2) (Count Three); having been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessing, in and affecting interstate commerce, firearms, in violation of 18 U.S.C. § 922(g)(1) (Count Four); and knowingly and intentionally conspiring to provide "material support or resources" to a foreign terrorist organization, in violation of 18 U.S.C. § 2339B(a)(1) (Count Five). (Doc. 158, Second Superseding Indictment ("SSI") at 1.)

[3] Defendant was sentenced to 5 years for Count One; 10 years for Count Two; 5 years for Count Three; 10 years for Count Four; and 20 years for Count Five. (Doc. 489, Am. J. at 1.) Counts One, Three, and Four were to run concurrently with Count Five; Count Two to run consecutively to Count Five. (*Id.* at 1.)

appealed the sentences. (Docs. 491, 495.) While the appeals were pending, Defendant filed a motion for a new trial arguing that the United States violated the *Brady* doctrine. (Doc. 505.) On December 23, 2019, the Court issued an indicative ruling stating its intention to grant Defendant's motion for a new trial for Count 2 only. (12/23/2019 Order at 32–33.) On April 30, 2020, after receiving a remand of jurisdiction from the Ninth Circuit Court of Appeals, the Court issued an Order granting that motion for Count 2 and denying it with respect to the remaining Counts. (Doc. 664, 04/30/2020 Order.) The United States filed a motion to dismiss Count 2 on June 15, 2020, which the Court granted on June 16, 2020. (Docs. 676, 677.)

Defendant, who is presently awaiting resentencing, filed the present Motion on April 2, 2021. (Mot.) Defendant argues that that the United States failed to indict, instruct, and prove Count 4 as now required by law and requests a new trial, judgment of acquittal, or dismissal of that Count. (*Id.* at 1.) On May 16, 2021, the United States filed its Response, urging the Court to deny the Motion on the basis that it is untimely and lacks merit. (Doc. 693, Resp. to Mot. ("Resp.").) On May 3, 2021, Defendant filed his Reply. (Doc. 696, Reply to Mot. ("Reply").)

## II. LEGAL STANDARD & ANALYSIS

Defendant argues that "[t]he [Second Superseding I]ndictment failed to allege, the jury was not instructed that it had to find, and the government failed to prove" an essential element of Count 4—the *mens rea* requirement. (Mot. at 1.) Prior to the Supreme Court's 2019 decision in *Rehaif v. United States*, courts did not understand this element to be essential. 139 S. Ct. 2191, 2199 (2019). Defendant argues that *Rehaif* constitutes a change in law meriting a new trial, a judgment of acquittal, or dismissal of Count 4. (Mot. at 1.) The Court first considers the timeliness of Defendant's Motion before turning to its merits.

### A. Timeliness

#### i. Defendant's Request for a New Trial under Rule 33

"Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). Such a motion must be

filed within 14 days of the verdict unless it is "grounded on newly discovered evidence," in which case it must be filed within 3 years of the verdict. *Id.* 33(b)(1)–(2). Defendant requests a new trial based on *Rehaif*, which he argues constitutes a change in law. (Mot. at 1–2.) But "the term 'newly discovered evidence' as used in Rule 33 . . . has not been extended to 'discovery' of a new issue of law." *United States v. Shelton*, 459 F.2d 1005, 1006–07 (9th Cir. 1972) (citing *United States v. Granza*, 427 F.2d 184, 186 (5th Cir. 1970)). The Court accordingly finds that Defendant's Motion is untimely to the extent it requests a new trial, and denies it to that extent. *See United States v. Lara-Hernandez*, 588 F.2d 272, 275 (9th Cir. 1978) ("[Rule 33's] time limit is jurisdictional.").

### ii. Defendant's Request for a Judgment of Acquittal under Rule 29

Federal Rule of Criminal Procedure 29(a) provides that

> [a]fter the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction. The court may on its own consider whether the evidence is insufficient to sustain a conviction.

Subsection (c) of Rule 29 provides that a motion for judgment of acquittal must be made within 14 days of the verdict. *Id.* 29(c). The Court "ha[s] no authority to grant [a] motion for judgment of acquittal filed . . . outside the time limit" set by Rule 29(c). *Carlisle v. United States*, 517 U.S. 416, 433 (1996). The Court finds that Defendant's Motion is untimely to the extent it requests a judgment of acquittal, and denies it to that extent.

### iii. Defendant's Request for Dismissal under Rule 12(b)(3)

The last form of relief requested by Defendant is dismissal of Count 4 based on a defect in the Second Superseding Indictment. An objection based on a defect in an indictment "must be raised by pretrial motion if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits[.]" Fed. R. Crim. P. 12(b)(3)(B). Failing to "raise defenses or objections or to make requests which must be made prior to trial . . . shall constitute waiver thereof." *Id.* 12(f). The failure to bring such a motion before trial is excused if the defendant shows good cause. *Id.* 12(c)(3). The Ninth

Circuit has previously held that a "recent Supreme Court case that directly affected [defendant's] claim" constitutes the requisite cause under Rule 12(c)(3). *United States v. Mulder*, 889 F.2d 239, 240 (9th Cir. 1989); *United States v. Anderson*, 663 F.2d 934, 939 n.4 (9th Cir. 1981) (government's failure to raise issue before trial court did not preclude raising that issue later, in response to intervening Supreme Court decision).

In *Rehaif*, the Supreme Court held that "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2)," the United States must allege and prove "both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. at 2200. *Rehaif* "directly affect[s]" Count 4, which charged Defendant with a violation of 18 U.S.C. § 922(g) and which Defendant was ultimately convicted of. (SSI at 1.) The United States does not dispute that *Rehaif* directly affects Count 4. (*See* Resp. at 7–8 (recognizing that *Rehaif* adds element to § 922(g) charge).) The Court finds that Defendant's Motion is timely to the extent it requests dismissal of Count 4 in the indictment and proceeds to the merits.

**B.     Merits**

Section 922(g) prohibits specified categories of people from possessing firearms and § 924(a)(2) prescribes penalties for violations of § 922(g). 18 U.S.C. §§ 922(g), 924(a)(2). Two categories of people barred from possessing firearms are aliens who are unlawfully or illegally present in the United States and persons who have "been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year[.]" 18 U.S.C. § 922(g). *Rehaif* involved the former and this case involves the latter. In the time since *Rehaif*, the Supreme Court has clarified *Rehaif*'s applicability to the latter category of defendants. *Greer v. United States*, 141 S. Ct. 2090 (2021).

In *Greer*, the Supreme Court provided instructions for courts considering *Rehaif*'s applicability to defendants convicted pre-*Rehaif* of being a felon in possession under § 922(g). *Id.* at 2096. *Greer* involved challenges by two defendants convicted under § 922(g): one following a jury trial and one following a guilty plea. *Id.* at 2095–96. The first defendant argued the district court failed to instruct the jury that to convict, it had to

find that the defendant knew he was a felon; the second argued that the district court failed to advise him that the government would have had to make such a showing at trial. *Id.* at 2096. Neither defendant had preserved his objection in the trial court.[4] *Id.* at 2096. The Supreme Court addressed both arguments by instructing that

> a *Rehaif* error is not a basis for plain-error relief unless the defendant first makes a sufficient argument or representation on appeal that he would have presented evidence at trial that he did not in fact know he was a felon.

*Id.* at 2100. When a defendant does make such an argument, the Supreme Court continued,

> the court must determine whether the defendant has carried the burden of showing a "reasonable probability" that the outcome of the district court proceeding would have been different.

*Id.* The Supreme Court held that neither defendant in *Greer* made this showing, emphasizing that the two defendants had been convicted of "multiple" felonies and noting that "[t]hose prior convictions are substantial evidence that they knew they were felons." *Id.* at 2097–98. Lacking any argument on appeal that the defendants would have presented evidence that they did not in fact know they were felons, the Court concluded that the defendants could not show a reasonable probability of a different outcome had the *Rehaif* error not occurred. *Id.* at 2098.

Defendant argues that a harmless-error standard of review instead of a plain-error standard of review should apply. (Reply at 7.) But like the defendants in *Greer*, Defendant failed to preserve his objection to the error by failing to file an objection to the Second Superseding Indictment. Even assuming that his objection to the First Superseding Indictment could preserve an objection to the Second Superseding Indictment, it does not here because Defendant did not object on the basis that he now alleges constitutes error. *Compare* MTD FSI (urging dismissal of First Superseding Indictment on basis that the

---

[4] A defendant can preserve a claim of error "by informing the court" of the claimed error at the time the relevant "court ruling or order is made or sought." Fed. R. Crim. P. 51(b). If the defendant has an "opportunity to object" but fails to do so, he forfeits the claim of error. *Id.* When a defendant fails to properly preserve an error under Rule 51(b), and later challenges a ruling, the court reviews for plain error. *Id.*; *Greer*, 141 S. Ct. at 2096.

United States' failure to disclose certain evidence violates due process) *with United States v. Qazi*, 975 F.3d 989, 992 (9th Cir. 2020) (granting post-*Rehaif* claim for relief following § 922(g) conviction on basis that defendant's challenge to indictment argued—quite prophetically—that the failure to state an essential element of the § 922(g) charge rendered the indictment defective). The Court therefore reviews for plain error.

A defendant in this scenario faces an "uphill climb" when trying to show plain error. *Greer*, 141 S. Ct. at 2097. To prevail, Defendant must demonstrate that he did not know he was a felon at the time of possession.[5] *Id.* at 2097–98. Demonstrating this will be difficult because "[f]elony status is simply not the kind of thing that one forgets." *Id.* at 2097 (quoting *United States v. Gary*, 963 F.3d 420, 423 (4th Cir. 2020) (Wilkinson, J., concurring in denial of reh'g en banc)). Defendant did not argue in his Motion that he was unaware of his status as a felon. (*See* Mot.) Indeed, he unequivocally conveyed on direct examination at trial[6] his knowledge that he was a felon:

> Q: At some point did you get convicted of some felonies?
>
> A: Yes. I got convicted for—I think it was in 2004, I got convicted for a DUI.

(Doc. 398, 3/8/16 R. Tr. at 2304.) Defendant then explained how he knew the DUI was a felony:

> Q: [H]ow did it—if you know—how did it become a felony DUI?
>
> A: At the time I think I didn't have my license and I was driving without—without my license.

---

[5] The Court rejects Defendant's attempt to construe *Rehaif*'s *mens rea* requirement as a requirement that the United States prove that Defendant knew that, as a consequence of his status as a felon, he was specifically prohibited from possessing a firearm. (Mot. at 10.) As made clear by *Greer*, the relevant inquiry is simply whether a defendant charged with being a felon in possession knew he was a felon, not whether he knew what rights and privileges he lost as a result of that status. *Greer*, 141 S. Ct. at 2097–98.

[6] The Court may examine the entire record, including the trial record, in determining whether a *Rehaif* error constituted plain error. *Greer*, 141 S. Ct. at 2098 (stating that when a reviewing court "conducts plain-error review of a *Rehaif* instructional error, the court can examine relevant and reliable information from the entire record").

(*Id.* at 2304–05.) Defendant also acknowledged receiving a *second* felony DUI:

> Q: Do you have more than one felony DUI?
>
> A: Yes.
>
> Q: How many do you have?
>
> A: Two.

(*Id.* at 2305.) Defendant's testimony about his "multiple" felonies unequivocally demonstrates that Defendant knew he was a felon. *See Greer*, 141 S. Ct. at 2095 ("[A]s common sense suggests, individuals who are convicted felons ordinarily know that they are convicted felons."). The Court finds that Defendant has not demonstrated a reasonable probability that the outcome of the grand jury proceeding or any other aspect of his case would have been different had the *mens rea* element been properly included in the Second Superseding Indictment.

In his Reply, Defendant notes that in a post-arrest interview with FBI agents, Defendant suggested that he believed that changing his name from Decarus Thomas to Abdul Malik Abdul Kareem somehow erased his past felonies. (Reply at 3.) But even were the Court to consider this argument, the Court would find this statement insufficient to counter Defendant's statements that he knew he was a convicted felon and the "common sense" recognition that convicted felons are usually aware of their felon status. *See Greer*, 141 S. Ct. at 2095. The Court rejects this argument.

## III. CONCLUSION

Defendant's Motion is untimely to the extent it requests a new trial or a judgment of acquittal on Count 4. To the extent the Motion requests dismissal of the Second Superseding Indictment, the Court finds that it is timely, but fails on the merits. Accordingly,

…

…

…

**IT IS ORDERED** denying Defendant's Motion for A New Trial, Judgment of Acquittal, or Dismissal as to Count 4 of the Indictment (Doc. 692).

Dated this 20th day of July, 2021.

_____
Susan R. Bolton
United States District Judge