Daniel D. Maynard, No. 009211
**MAYNARD CRONIN ERICKSON & CURRAN, P.L.C.**
3200 North Central Avenue, Suite 1800
Phoenix, Arizona 85012
(602) 279-8500
dmaynard@mmcec.com

Daniel R. Drake, No.003781
**DRAKE LAW, PLC**
4340 East Indian School Road, Suite 21-113
Phoenix, Arizona 85018
(602) 881-5341
drakelawplc@gmail.com

Attorneys for Defendant

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | 2:15-cr-00707-SRB |
| Plaintiff/Respondent, | **MOTION TO COMPEL DISCLOSURE RE RE-SENTENCING** |
| v. | |
| Abdul Malik Abdul Kareem, | |
| Defendant/Movant. | |

Defendant Abdul Malik Abdul Kareem ("Mr. Kareem") moves the Court to compel production by the government of items requested by the defense by letter of April 1, 2021, as that information is relevant and material to the defense of re-sentencing Mr. Kareem. The motion is supported and explained by the attached memorandum.

Excludable delay under 18 U.S.C. § 3161(h) will not occur as a result of this notice or an order based thereon.

Respectfully Submitted this 10th day of September 2021.

**MAYNARD CRONIN ERICKSON & CURRAN, P.L.C.**

By /s/Daniel D. Maynard
    Daniel D. Maynard
    3200 North Central Avenue, Ste. 1800
    Phoenix, Arizona 85012
    Attorneys for Defendant

**DRAKE LAW, PLC**

By /s/Daniel R. Drake
    Daniel R. Drake
    4340 East Indian School Road
    Suite 21-113
    Phoenix, Arizona 85018
    Attorney for Defendant

## **MEMORANDUM**

**1. Overview**

On June, 15, 2020, the government produced 28 pages of information regarding allegations that Mr. Kareem wanted to kill the prosecutors and defense attorneys on his case. An additional 35 pages were disclosed on July 22, 2020. Recently the government stated it plans to call as witnesses at sentencing three individuals who apparently were prisoners with Mr. Kareen, who provided the information concerning the alleged scheme, but the government refuses to identify those potential witnesses or produce information that could be used to impeach its witnesses.

On April 1, 2021, Mr. Kareem requested information regarding the government's proposed witnesses, as set forth in the attached letter. He sought information about the proposed witnesses so that he might prepare to cross-examine and impeach the government's proposed witnesses, whoever they are. To date the government has refused to disclose the identities of the proposed witnesses nor has it produced anything in response to the defense request.

The prosecution and defense have discussed the government's concern about concealing the identity of its proposed witnesses. They have discussed a protective order. However, those discussions have been fruitless. The government insists it must conceal the identity of its proposed witnesses until the last possible moment. This position puts the defense in an untenable position and may likely upset the Court's efforts to conclude the re-sentencing on October 19-20, 2021.

Under the Fifth Amendment a defendant in a criminal case is entitled to due process of law.[1] A fundamental aspect of due process is the right to fair notice of the charges and evidence to be used against him. Limitation on those rights are scrupulously protected.

---

[1] No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger; nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation.

Under the Sixth Amendment, the defendant is entitled confronted the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defense.[2] We are a little more than thirty (30) days from the re-sentencing hearing and the government has produced nothing in the last 14 months. The defense still has not been told who the government witnesses are or any details that would allow the defense to challenge their testimony or defend Mr. Kareem effectively. This situation deprives Mr. Kareem of the assistance of counsel. Instead, his defense counsel are limited by the government in terms of what it chooses to produce, with little time for the defense to investigate what the government chooses to produce and the witnesses it chooses to call at the re-sentencing.

**2. The Nature of the Request and the Pattern of Government Conduct Warrants Compelling the Requested Disclosures**

There is a history of belated disclosures in this case, which includes the government's failure to disclose that an FBI agent witnessed the incident at Garland, Texas and had been in communication with Mr. Simpson before the attack occurred. Additionally, the government failed to timely disclose that Mr. Simpson had been under surveillance for weeks before the Garland attack and was never seen with Mr. Kareem. That the government had a pole camera filming on the entrance to Mr. Simpson's apartment

---

[2] In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defense.

complex that showed Mr. Simpson and Mr. Soofi carrying baggage out of their apartment on the Friday before the attack. The government claims that the FBI agent in charge of the investigation into Mr. Kareem was not aware of the surveillance that was done in the weeks prior to the attack by FBI agents who sat in the same office, on the same floor as he occupied, and that they never disclosed the surveillance of Simpson nor the pole camera to him. All of this coupled with the trial experience of late disclosures, discloses a troubling pattern that warrants court intervention to compel the requested disclosures.

No defense attorney wants to prepare a defense for a planned proceeding, only to find once the proceeding begins that he is confronted with recently disclosed evidence that he did not have time to prepare to challenge. The requested information is material and relevant to the preparation of the defense. It should have been produced already.

**3. Legal Analysis**

Cases make clear that documents or other objects within the possession of the government are discoverable prior to trial under Fed. R. Crim. P. 16(a)(1)(E).[3] *See United States v. Trevino*, 556 F.2d 1265, 1272 (5th Cir. 1977) (finding prosecutor's duty to disclose under Rule 16 extends to material within custody or possession of

---

[3] Fed. R. Crim. P. (a)(1)(E) *Documents and Objects*. Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:
    (i) the item is material to preparing the defense;
    (ii) the government intends to use the item in its case-in-chief at trial; or
    (iii) the item was obtained from or belongs to the defendant.

"investigative agency" when government has ready access to materials requested); *United States v. Santiago*, 46 F.3d 885, 894 (9th Cir. 1995) (finding United States Attorney's Office had knowledge of, and access to, inmate files held by the Bureau of Prisons); *United States v. Wood*, 57 F.3d 733, 735 (9th Cir. 1995) (finding a *Brady* violation when the prosecution failed to turn over certain reports of the FDA bearing on the safety of the drugs the defendant unlawfully dispensed because, "for *Brady* purposes, the FDA and the prosecutor were one"); *United States v. Bryan*, 868 F.2d 1032, 1036 (9th Cir. 1989) (holding Rule 16 includes out-of-district documents in the possession, custody, or control of any federal agency participating in the investigation of the defendant which prosecutor had knowledge of and to which prosecutor had access). In *United States v. Clegg*, 846 F.2d 1221, 1224 (9th Cir. 1988), the court allowed discovery of classified documents because they were relevant to a mistake of law defense.

While a specific or detailed request is helpful, a defendant cannot make such a request where he has little or no information regarding the precise nature or existence of documents or tangible objects. *See* Fed. R. Crim. P. 16 advisory committee's note (1974 amendments) ("It may be difficult for a defendant to make this showing [of materiality] if he does not know what the evidence is.")

When there is room for doubt regarding whether evidence in the government's possession is exculpatory, the defendant may argue that it is improper for the prosecutor to decide what constitutes exculpatory evidence. *See*, e.g., *Dennis v. United States*, 384

U.S. 855, 875 (1966) (holding determination of what may be useful to the defense can properly and effectively be made only by an advocate).

Due process requires that, when a court relies on documents other than the PSR for sentencing, the documents be shown to the defense counsel with sufficient time to afford a meaningful opportunity to respond. *US v. Nappis*, 243 F.3d 758, 772 (3rd Cir. 2001) and *US v. Davis*, 636 F.3d 1281, 1295 (10th Cir. 2011). This rational should apply to witnesses that the government intends to call at sentencing.

At sentencing, if the government calls witnesses, the defendant must be permitted to test the witnesses' credibility. *US v. Nickle*, 816 F.3d, 1230, 1235-37 (9th Cir. 2016). Also, a criminal defendant has the right to be present during all aspects of the criminal proceedings and this stems from both the Due Process Clause of the Fifth Amendment and Confrontation Clause of the Sixth Amendment. The Confrontation Clause guarantees a defendant the right to be present at any stage that would contribute to the opportunity of effective cross-examination. *Ky v. Stincer*, 482 US 730, 740, 745 n 17 (1987). The cumulative effect of these two guarantees entitles the defendant to be present at all critical states of the proceedings. *Id.* at 745; Fed. R. Crim. P. 83.[4]

There is a separate and independent basis for disclosure. Disclosure of information is also required under the Fifth Amendment. *Brady v.Maryland*, 373 U.S. 83, 87 (1963). The prosecutor in a criminal case must disclose to the defendant all exculpatory material, that is, all evidence that is favorable to the accused. *Id*. The

---

[4] Unless this rule, Rule 5 or Rule 10 provides otherwise, the defendant must be present at …. (3) sentencing.

7

evidence must be "material" for *Brady* purposes. In *United States v. Bagley*, 473 U.S.667 (1985) the Supreme Court explained that evidence is material:

> "only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome."

*Bagley*, 473 U.S. at 682.

In *Kyles v. Whitley*, 514 U.S. 419 (1995), the Supreme Court clarified that:

> "*Bagley's* touchstone of materiality is a 'reasonable probability' of a different result, and the adjective is important. The question is not whether the defendant would more likely than not have received a different verdict with the [suppressed] evidence, but whether in its absence he received a fair trial, understood as a trial resulting in a verdict worthy of confidence."

*Kyles*, 514 U.S. at 434.

A review of the items requested in Exhibit 1 demonstrates they are specific and seek disclosure of information that would be useful in preparing a defense or could lead to disclosure of such information.

**4. Conclusion**

The information requested is material to the defense and should be disclosed. Late disclosures hamper Mr. Kareem's ability to confront the witnesses the government plans to use against him and his lawyers' ability to effectively cross-examine these witnesses.

RESPECTFULLY SUBMITTED this 10th day of September, 2021.

**MAYNARD CRONIN ERICKSON & CURRAN, P.L.C.**

By /s/Daniel D. Maynard
    Daniel D. Maynard
    3200 North Central Avenue, Ste. 1800
    Phoenix, Arizona 85012
    Attorneys for Defendant/Appellant

**DRAKE LAW, PLC**

By /s/Daniel R. Drake
    Daniel R. Drake
    4340 East Indian School Road
    Suite 21-113
    Phoenix, Arizona 85018
    Attorney for Defendant/Appellant

## CERTIFICATE OF SERVICE

I hereby certify that on September 10, 2021, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to CM/ECF registrants: AUSA Joseph E. Koehler and AUSA Kristen Brook. Additionally, a copy was served upon Mr. Abdul Kareem by first class letter, postage prepaid, at:

    Abdul Malik Abdul Kareem #44126-408
    FCI Phoenix
    Federal Correctional Institution
    37910 N 45th Ave
    Phoenix, AZ  85086

            /s/Rosalie Mobley
            Rosalie Mobley