Daniel D. Maynard, No. 009211
**MAYNARD CRONIN ERICKSON &
CURRAN, P.L.C.**
3200 North Central Avenue, Suite 1800
Phoenix, Arizona 85012
(602) 279-8500
dmaynard@mmcec.com

Daniel R. Drake, No.003781
**DRAKE LAW, PLC**
4340 East Indian School Road, Suite 21-113
Phoenix, Arizona 85018
(602) 881-5341
drakelawplc@gmail.com

Attorneys for Defendant

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>                Plaintiff/Respondent,<br><br>v.<br><br>Abdul Malik Abdul Kareem,<br><br>                Defendant/Movant. | 2:15-cr-00707-SRB<br><br>**MOTION TO EXCLUDE POSSIBLE SURREPTITIOUS RECORDINGS AND INTRUSION INTO ATTORNEY-CLIENT RELATIONSHIP** |

      Abdul Malik Abdul Kareem ("Abdul Kareem") moves the Court to determine whether the government surreptitiously recorded conversations of Abdul Kareem while he was represented by counsel, and intruded into the attorney-client relationship by listening to conversations and reading emails between Abdul Kareem and his attorneys. If the government did those things in violation of the Fourth, Fifth, and Sixth Amendments, Abdul Kareem moves the Court to exclude that information from

1

presentation at his re-sentencing, and dismiss the proceedings against him. This motion is supported by the attached memorandum and information filed under seal in support of Doc. 710.

No excludable delay under 18 U.S.C. § 3161(h) will occur as a result of this motion or an order thereon.

RESPECTFULLY SUBMITTED this ____ day of October, 2021.

| **MAYNARD CRONIN ERICKSON & CURRAN, P.L.C.** | **DRAKE LAW, PLC** |
|---|---|
| By /s/Daniel D. Maynard<br>Daniel D. Maynard<br>3200 North Central Avenue, Ste. 1800<br>Phoenix, Arizona 85012<br>Attorneys for Defendant/Appellant | By /s/Daniel R. Drake<br>Daniel R. Drake<br>4340 E Indian School Road<br>Suite 21-113<br>Phoenix, Arizona 85078<br>Attorneys for Defendant/Appellant |

**MEMORANDUM**

According to materials produced by the government, CS 1, one of the witnesses it proposes to call at re-sentencing suggested that CS 2 wear a recording device and engage Abdul Kareem in conversations. The ostensible purpose was to obtain confirmation of allegations made by the government's witness.

Also according to materials produced by the government, two ATF special agents, one task force officer, and one FBI agent listened to recorded phone calls made by Abdul Kareem and read emails he sent and received. (See (Exhibit 1) Disclosure pp. 021-028, 031-037, 041-045, and 052-060 lodged under seal as Doc. 709 in support of Doc. 710). ATF Special Agent McKone indicated that he did not listen or read the communications

between Abdul Kareem and his attorneys. (Disclosure 031-032). The other investigators made no such notations. In fact, ATF Special Agent Bazin noted that four attorney-client calls were not pertinent thus implying he listened to them.

The defense does not know whether any of the government's potential witnesses wore a recording device as the government has been guarding the information about its investigation into the allegations. And, because of past issues regarding lack of fulsome and timely disclosures, the defense is uncertain whether future disclosures will reveal whether a recording device was employed. Nor is it certain that any of the government investigators listened to conversations between Abdul Kareem and his attorneys. The disclosures raise questions but do not provide answers.

Under the exclusionary rule, evidence obtained in violation of the Fourth, Fifth, and Sixth Amendments generally may not be used by the government. *Elkins v. United States*, 364 U.S. 206, 233 (1960) (Fourth Amendment); *Bram v. United States*, 168 U.S. 532, 548 (1897) (Fifth Amendment); *Massiah v. United States*, 377 U.S.201, 206-07 (1964) (Sixth Amendment).

In *Massiah* a co-defendant engaged Massiah in incriminating conversations after they had been indicted and in the absence of Massiah's counsel. Massiah was unaware the co-defendant, Colson, had decided to cooperate with the government. Colson allowed the government to conceal a transmitter and recording device in his car to capture the incriminating comments. The conversation was also monitored by law enforcement who listened in. The government used the incriminating statements at trial. The Supreme

Court held that Massiah was denied his basic protection of the Sixth Amendment's right to the assistance of counsel, and reversed Massiah's conviction.

Here, CS 1 and CS 2 were eager to volunteer to wear a recording device, but thought CS 2 had a better relationship with Abdul Kareem so he might capture more damaging statements. Both revealed to federal agents not only information about an alleged plot but alleged incriminating statements about Abdul Kareem's criminal case which was then on appeal, and in which he was then represented by counsel.

In *Arizona v. Fulminate*, 499 U.S. 279 (1991), the Supreme Court found that the jailhouse informant coerced Fulminate to make incriminating statements that were then used at Fulminate's trial. 499 U.S. at 287. There, like here, the State sought to use two confessions: one of statements made to a jailhouse informant and a second of statements made to the informant's wife. The key there was the jury believing both confessions. The Arizona Supreme Court remanded the case to the Superior Court for trial without the use of the confessions. Arizona appealed to the Supreme Court, which affirmed the Arizona Supreme Court's decision. 499 U.S.at 288, 302.

The burden is on the prosecution to demonstrate that the information it proposes to offer does not violate Abdul Kareem's Constitutional rights.

In sum, Abdul Kareem moves the Court to suppress any statements that were captured by the jailhouse informants in violation of his Fourth, Fifth, and Sixth Amendments and to investigate whether the government listened to phone calls between Abdul Kareem and his lawyers. If it did then sanctions are appropriate.

RESPECTFULLY SUBMITTED this 8th day of October, 2021.

**MAYNARD CRONIN ERICKSON & CURRAN, P.L.C.**

By /s/Daniel D. Maynard
    Daniel D. Maynard
    3200 North Central Avenue, Ste. 1800
    Phoenix, Arizona 85012
    Attorneys for Defendant/Appellant

**DRAKE LAW, PLC**

By /s/Daniel R. Drake
    Daniel R. Drake
    4340 East Indian School Road
    Suite 21-113
    Phoenix, Arizona 85018
    Attorney for Defendant/Appellant

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 8, 2021, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to CM/ECF registrants: AUSA Joseph E. Koehler and AUSA Kristen Brook. Additionally, a copy was served upon Mr. Abdul Kareem by first class letter, postage prepaid, at:

    Abdul Malik Abdul Kareem #44126-408
    Central Arizona Florence Correctional Complex
    P.O. Box 6300
    Florence, AZ 85132

                /s/Rosalie Mobley
                Rosalie Mobley